UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff. | ) |
| v. | ) CAUSE NO: 2:20-CV-78 |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case.

The Plaintiff, Taryn N. Duis ("Plaintiff"), brings this action against her former employer, Franciscan Alliance Inc., a/k/a Franciscan Health Crown Point("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, the Pregnancy Discrimination Act ("PDA") 42 U.S.C. § 2000(e)(k) as set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*, and for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. In addition, Plaintiff also asserts a claim for retaliatory discharge under Indiana common law.

### II. Parties.

1.  Plaintiff, at all times relevant to this action, resided within the geographical boundaries of the Northern District of Indiana, Hammond Division.

2.  Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana, Hammond Division.

### III. Jurisdiction

3. Federal question subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117. Supplemental jurisdiction over the state-law claim is conferred on the Court by 28 U.S.C. § 1367(a).

4. Plaintiff held an employment relationship with Defendant.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 2611(4).

6. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies and having timely filed charge (Charge No. 470-2019-04229) pro se with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights, brings this original action within ninety (90) days of her receipt thereof.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, Hammond Division; thus, venue is proper in this Court.

### IV. Factual Allegations

9. Plaintiff, a female registered nurse, was hired by Defendant in July of 2015 and started working with Defendant in August of 2015.

10. Throughout her employment, Plaintiff met and/or exceeded Defendant's legitimate performance expectations. Indeed, in November of 2018, Defendant promoted Plaintiff into the position of Charge Nurse.

11. In February of 2019, Plaintiff informed Defendant that she was pregnant.

2

12. Thereafter, Plaintiff informed Defendant (including her supervisors) that she planned on taking a maternity / FMLA leave in October of 2019.

13. After informing Defendant of her pregnancy and anticipated leave, Plaintiff was subjected to less favorable terms and conditions of employment compared to similarly situated non-pregnant employees.

14. In April of 2019, Plaintiff began reporting to Linda Steinhiber (Critical Care Manager).

15. On or about April 12, 2019, Ms. Steinhiber ordered Plaintiff to inform Defendant's management / human resources personnel that a fellow nurse, Dawn Smith, had harassed Plaintiff, causing Plaintiff to suffer an anxiety attack.

16. Ms. Steinhiber informed Plaintiff that human resources was waiting for her call and to tell them that Ms. Smith had caused Plaintiff's panic attack by yelling at Plaintiff and starting a fight with Plaintiff.

17. On April 19, 2019, Plaintiff informed Ms. Steinhiber that she was not going to lie about having a fight with Smith or lie about things that never happened, including Ms. Smith causing Plaintiff to suffer an anxiety attack.

18. In response, Ms. Steinhiber mocked Plaintiff and stated to her, among other things in reference to Plaintiff, "oh, I have to call a doctor to the floor for myself, I can't handle my job, I'm pregnant and I can't do my job."

19. Subsequently, co-workers informed Plaintiff that Ms. Steinhiber "has it in for you" and Ms. Steinhiber was actively soliciting false statements from co-workers about Plaintiff.

20. On or about May 9, 2019. Ms. Steinhiber called Plaintiff and told her that she

was suspended. Ms. Steinhiber refused to provide a reason for the suspension.

21. On or about May 10, 2019, Plaintiff held a meeting with Dawn Scott (Vice President of Nursing). Plaintiff informed Ms. Scott that she would like to formally complain about Ms. Steinhiber, including that Ms. Steinhiber had ordered her to lie (defame) about a co-worker, had made discriminatory remarks to her regarding her pregnancy, and had singled Plaintiff out. In response, Ms. Scott said she would look into Plaintiff's concerns.

22. Plaintiff then went to human resources in an attempt to discuss the situation with them. However, human resources refused to meet with Plaintiff. Later that day, Ms. Steinhiber called Plaintiff. Ms. Steinhiber told Plaintiff that someone from human resources was on the call. During the course of this conversation, Ms. Steinhiber told Plaintiff that she had heard from co-workers that Plaintiff was telling people she was excited for her maternity leave in October. Ms. Steinhiber informed Plaintiff that such remarks were extremely rude and unprofessional, that there was an issue with Plaintiff being excited for her maternity leave, and that Plaintiff could not do her job because she was pregnant.

23. Ms. Steinhiber also told Plaintiff that she believed that Plaintiff would not return from maternity leave and that Plaintiff cared more about having a baby than her job. During the course of this call, Plaintiff once again complained about Ms. Steinhiber's remarks regarding Plaintiff's pregnancy and that Ms. Steinhiber was singling Plaintiff out due to her pregnancy.

24. On May 14, 2019, Ms. Steinhiber, Travis Cutis (Critical Care Director), and Jessica (last name unknown) from Human Resources called Plaintiff. Ms. Steinhiber informed Plaintiff that she was terminated. Plaintiff asked why she was being terminated, Ms. Steinhiber informed her that it was not because of her pregnancy, but that it was offensive that Plaintiff was excited about her maternity leave and that it showed that Plaintiff did not value her

job.

25.     Since her termination, Defendant has provided different reasons as to why Plaintiff was terminated.  These reason(s) are pretextual.

26.     Plaintiff was terminated due to her pregnancy and/or in retaliation for her complaints of discrimination, and in violation of her rights as protected under the FMLA. Furthermore, Defendant's termination of Plaintiff violated Plaintiff's rights under Indiana Common Law.

27.     Similarly situated non-pregnant and/or those who have not engaged in statutorily protected conduct have been treated more favorably with regard to the terms and conditions of their employment as compared with Plaintiff.

28.     Defendant's actions have violated Plaintiff's rights and such actions violate the FMLA, Title VII, the PDA, and Indiana Common Law.

29.     Defendant's actions have been intentional, willful, and taken in reckless disregard for Plaintiff's rights.

30.     Plaintiff has been economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

## V.  Legal Causes of Action

### COUNT I.  PREGNANCY DISCRIMINATION

31.     Plaintiff hereby incorporates paragraphs one (1) through thirty (30) of her Complaint herein.

32.     Defendant terminated Plaintiff because of her pregnancy.

33.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights.

34. While employed by Defendant, Plaintiff was subjected to disparate treatment in the terms, conditions, and privileges of her employment on the basis of her sex / pregnancy.

35. Defendant's unlawful actions were deliberate, intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII and the PDA, as amended.

## COUNT II - RETALIATION UNDER TITLE VII AND PDA

36. Plaintiff hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint herein.

37. Defendant terminated Plaintiff in retaliation for her engagement in statutorily protected conduct including her complaints of pregnancy discrimination,

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under Title VII and the PDA.

39. Plaintiff has been injured by Defendant's unlawful conduct.

## COUNT III.  FMLA INTERFERENCE – 29 U.S.C. § 2615(a)(1)

40. Plaintiff hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint herein.

41. Prior to her termination Plaintiff notified Defendant of her anticipation of taking FMLA leave in October of 2019.

42. Defendant interfered with Plaintiff's substantive legal rights under the FMLA to use medical leave for the birth of her daughter.

43. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

44. Defendant's denial of Plaintiff's substantive rights under the FMLA caused Plaintiff's termination of employment.

45. Defendant's actions interfered with Plaintiff's rights under the FMLA and were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the FMLA.

## .COUNT IV.  FMLA RETALIAION – 29 U.S.C. § 2615(a)(2)

46. Plaintiff hereby incorporates paragraphs one (1) through forty-five (45) of her Complaint herein.

47. Prior to her termination Plaintiff notified Defendant of her anticipation of taking FMLA leave in October of 2019 and of Ms. Steinhiber's discriminatory remarks regarding said leave.

48. Plaintiff engaged in protected activity under the FMLA.

49. Defendant terminated Plaintiff in retaliation for having engaged in protective activity under the FMLA.

50. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

51. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the anti-retaliation provisions of the FMLA.

## COUNT V.  RETALIATORY DISCHARGE - *McCLANAHAN*

52. Plaintiff hereby incorporates paragraphs one (1) through fifty-one (51) of her Complaint herein.

53. Defendant ordered Plaintiff to make defamatory statements regarding her co-worker.

54. Said defamatory statements included ordering Plaintiff to inform Defendant that Ms. Smith had engaged in misconduct regarding her profession and occupation which had not occurred.

55. Said defamatory statements also included that Ms. Smith had caused Plaintiff's panic attack by yelling at Plaintiff and starting a fight with Plaintiff.

56. Defendant's order would have required Plaintiff to breach a statutorily imposed duty and/or common law duties, thereby exposing Plaintiff to personal liability if she followed the order.

57. Defendant's order could have also subjected Plaintiff to civil liability and/or breach of statutory duty pursuant to Ind. Code 25-1-9-4(b).

58. Defendant's order could have subjected Plaintiff for breaching a statutory duty including but not limited to 848 IAC § 2-2-2 (nursing responsibility), 848 IAC § 2-2-3 (unprofessional nursing conduct), and Ind.Code § 25-23-1–*et seq*.

59. Plaintiff refused Defendant's Order.

60. Defendant terminated Plaintiff for refusing the Order.

61. Defendant acted maliciously or with reckless disregard to Plaintiff's rights as protected by Indiana common law.

## VI.  Requested Relief

WHEREFORE, Plaintiff, Taryn N. Duis, by counsel, requests that this Court find for Plaintiff and order Defendants to:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendants' unlawful employment action(s), or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff liquidated damages;

4. Pay to Plaintiff compensatory damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre - and post-judgment interest on all sums recoverable;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

8. Provide any further equitable relief this Court sees fit to grant.


Respectfully submitted,


 s/ Ryan C. Fox
Ryan C. Fox


Ryan C. Fox

FOX WILLIAMS & SINK, LLC
6177 North College Avenue
Indianapolis, Indiana 46220

rfox@fwslegal.com

Phone: 317-254-8500
Facsimile:  317-226-9311
Attorney for Plaintiff, Taryn N. Duis


**DEMAND FOR JURY TRIAL**

The Plaintiff, Taryn N. Duis, by counsel, respectfully requests a jury trial as to all issues deemed so triable.


 s/ Ryan C. Fox
Ryan C. Fox

9