UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, )<br>)<br>   Plaintiff. )<br>)<br>)    CAUSE NO: 2:20-CV-78-TLS-APR<br>)<br>FRANCISCAN ALLIANCE INC., a/k/a )<br>FRANCISCAN HEALTH CROWN )<br>POINT, )<br>   Defendant. )<br>)<br>) | |

### REPORT OF PARTIES' PLANNING MEETING

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on May 11, 2020. Ryan C. Fox participated for the plaintiff, and Elizabeth M. Roberson participated for the defendant.

2. Jurisdiction.
   The court has jurisdiction under 29 U.S.C. § 2617(a)(2) (Family and Medical Leave Act), 42 U.S.C. § 12117 (Title VII of the Civil Rights Act of 1964 and Pregnancy Discrimination Act), and 28 U.S.C. § 1367(a) (Supplemental Jurisdiction). The parties agree the court has jurisdiction over this matter.

3. Pre-Discovery Disclosures.

   The parties will exchange, *but may not file*, Rule 26(a)(1) information by **June 25, 2020**.

4. Discovery Plan.
   The parties propose the following discovery plan.

   Discovery will be needed on the following subjects: plaintiff's claims, defendant's defenses, damages, and the subject matter of the case.

   Disclosure or discovery of electronically stored information should be handled as follows:

   The parties have discussed preservation and disclosure of electronically stored discovery information ("ESI"). Neither party believes that it will seek the production of a substantial volume of ESI. The parties have conferred and agreed that disclosure or production of ESI will initially be limited to data that is reasonably available or accessible to the parties in the ordinary course of business under the circumstances of this case and the effect of the litigation hold. In circumstances where a party is asserting that relevant information is not

reasonably accessible, that party shall provide in writing to the other party an explanation as to why the information in question is not reasonably accessible and of the undue burden or cost associated with retrieving the information. If the party requesting the information still insists on its production, the parties shall engage in cost-shifting discussions prior to bringing a motion to compel with the Court. The parties agree to produce ESI in the form in which it is ordinarily maintained or in a reasonably useable form or forms. The parties further agree to cooperate in good faith concerning the form in which ESI is to be produced when requested in a different format before bringing a motion to compel. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection. Any extraordinary costs for duplication shall be allocated to the requesting party.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The last date to complete all discovery is **April 26, 2021.**

Maximum of **25** interrogatories by each party to any other party.

Maximum of **25** requests for admission by each party to any other party.

Maximum of **7** depositions by plaintiff and **7** by defendant.

Each deposition is limited to a maximum of **7** hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

> **January 25, 2021** for plaintiff;
>
> **February 24, 2021** for defendant; and
>
> **June 25, 2021** for Rule 26(e) supplements.

2

5. Other Items.

   The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is **June 25, 2020**.

   The last date the defendant may seek permission to join additional parties and to amend the pleadings is **July 27, 2020**.

   The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

   The case should be ready for jury trial by **six (6) months after the court rules on any dispositive motions** and at this time is expected to take approximately 3 to 4 days.

   Other matter: The time to file a dispositive motion under Fed. R. Civ. P. 56 is **June 25, 2021**.

6. Alternative Dispute Resolution.

   The case's settlement prospects may be enhanced via the following ADR procedure:

   Other: Settlement conference with the Court. If a settlement conference is not available with the Court the parties will confer and agree on a mediator.


Date: May 11, 2020


| | |
|---|---|
| */s/ Ryan C. Fox*   (with permission) | */s/ Elizabeth M. Roberson* |
| Ryan C. Fox, Atty. No. 21631-49 | Elizabeth M. Roberson, Atty. No. 34097-64 |
| Ryan P. Sink, Atty. No. 27350-29 | Amy J. Adolay, Atty. No. 23147-49 |
| FOX WILLIAMS & SINK, LLC | KRIEG DEVAULT LLP |
| 6117 North College Avenue | 12800 N. Meridian Street, Suite 300 |
| Indianapolis, IN 46220 | Carmel, IN 46032 |
| Telephone: (317) 254-8500 | Telephone: (317) 238-6342 |
| Facsimile: (317) 226-9311 |                  (317) 238-6330 |
| Email: rfox@fwslegal.com | Facsimile:  (317) 636-1507 |
| | Email: eroberson@kdlegal.com |
| |              aadolay@kdlegal.com |
| Counsel for Plaintiff Taryn N. Duis | Counsel for Defendant Franciscan Alliance, Inc. |

KD_10774134_3.docx

3