UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-CV-78-PPS |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN POINT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AFFIDAVIT OF JESSICA SMOSNA

I, Jessica Smosna, under the penalties of perjury, hereby state as follows:

1. I am over eighteen (18) years of age.

2. The facts set forth in this Affidavit are known to me to be true based upon my personal knowledge of such facts and, if called upon to testify as a witness, I am competent to testify to these facts.

3. I am employed by Franciscan Alliance, Inc., d/b/a Franciscan Health Crown Point ("Franciscan") as a Manager of Human Resources.

4. In my role as a Manager of Human Resources, I am familiar with Franciscan's human resources department, employees, personnel records, employment policies and procedures, investigations, disciplinary records, terminations, job descriptions of employees, requests for and approval of FMLA leave, and other employment practices.

5. I have regularly reviewed the records and other documents routinely prepared and/or maintained by or for the benefit of Franciscan as it relates to my testimony in this Affidavit. Franciscan's records are made or obtained in the ordinary course of business by persons who have

**EXHIBIT 2**

a business duty to Franciscan to make or provide these records. This Affidavit is based upon my review of such records and other documents, as well as my personal knowledge.

6. I am submitting this Affidavit in support of Franciscan's Motion for Summary Judgment on the Complaint filed by Plaintiff Taryn N. Duis ("Duis").

7. Duis was first hired by Franciscan in 2015 as a Registered Nurse ("RN") in the Intensive Medical Care Unit ("IMCU") at the Crown Point, Indiana hospital.

8. IMCU is also called the Progressive Care Unit ("PCU").

9. Duis's direct supervisor from March 2019 through May 14, 2019 was Linda Steinhilber ("Steinhilber").

10. On May 9, 2019, I learned of a complaint regarding Duis's inappropriate response to a patient's call-light for pain medication during her May 8, 2019 night shift. I instructed Steinhilber to obtain employee statements and conduct an investigation regarding the incident.

11. Later that day, Steinhilber and I called Duis to inform her that she was suspended pending the investigation. During this call, Steinhilber read each statement she had received from employees regarding the May 8, 2019 call-light incident.

12. On or about May 10, 2019, Dawn Scott ("Scott"), the Chief Nursing Officer, reported to the Human Resources ("HR") department that Duis and her mother had spoken with Scott regarding Duis's suspension. Scott relayed that Duis claimed that Steinhilber was targeting her.

13. At no point in time did Duis contact HR to discuss this allegation of targeting due to her pregnancy, future maternity leave, FMLA leave, or to make any complaint about Steinhilber.

14. I was involved in a meeting on May 14, 2019 to discuss Steinhilber's investigation into Duis's conduct on May 8, 2019 involving a patient call-light. Those present in that meeting

included: Nita Wirkus ("Wirkus"), Scott, Steinhilber, and myself. This meeting will be referred to hereinafter as "the termination meeting".

15. During the termination meeting, all present discussed the investigation that Steinhilber conducted, including all of the statements she gathered from various employees. Another topic of discussion was Duis's conduct during Scott's meeting with Duis and her mother that occurred on May 10, 2019.

16. Everyone present at the termination meeting agreed that Duis's behavior on May 8, 2019 involving the patient call-light was directly contrary to Franciscan's values and mission and warranted termination.

17. There was no mention of pregnancy, maternity leave, or FMLA during the termination meeting. There was also no discussion of any incident that occurred between Duis and Dawn Smith on April 11, 2019. Duis's termination was based solely on the call-light incident on May 8, 2019 and her behavior in response to this incident.

18. I did not consider Duis's pregnancy or any future maternity leave or FMLA leave in my decision to support the termination of her employment.

19. As a result of the termination meeting, Duis's employment was terminated on May 14, 2019. Duis was informed of this decision via a phone call involving Steinhilber and myself. During this phone call, Duis asked if she was being terminated because of her pregnancy, and I confirmed she was not being terminated because of her pregnancy, maternity leave, or FMLA leave.

20. At no point during the May 14 call to inform Duis of her termination did I state that she was being terminated because she was going to take maternity leave or FMLA leave.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Date:_____    _____
Jessica Smosna, Manager of Human Resources
Franciscan Alliance, Inc, a/k/a Franciscan Health Crown Point

KD_13485753_2.docx

Signature: *Jessica Smosna*
Jessica Smosna (Sep 13, 2021 11:37 CDT)

Email: jessica.smosna@franciscanalliance.org

4