USDC IN/ND case 2:20-cv-00078-TLS-APR document 12 filed 04/20/20 page 1 of 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**EXHIBIT B**

| | |
|---|---|
| TARYN N. DUIS, ) | |
| ) | |
|    **Plaintiff.** ) | |
| ) | CAUSE NO: 2:20-CV-78-TLS-APR |
| ) | |
| FRANCISCAN ALLIANCE INC., a/k/a ) | |
| FRANCISCAN HEALTH CROWN ) | |
| POINT, ) | |
|    **Defendant.** ) | |
| ) | |
| ) | |

### ANSWER TO COMPLAINT

Defendant Franciscan Alliance, Inc, a/k/a Franciscan Health Crown Point, more properly known as Defendant Franciscan Alliance, Inc., d/b/a Franciscan Health Crown Point ("Defendant") by counsel, for its Answer and response to Plaintiff Taryn Duis's *Complaint and Demand for Jury Trial* [ECF No. 1], states the following:

### I.   Nature of the Case.

The Plaintiff, Taryn N. Duis ("Plaintiff"), brings this action against her former employer, Franciscan Alliance Inc., a/k/a Franciscan Health Crown Point ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, the Pregnancy Discrimination Act ("PDA") 42 U.S.C. § 2000(e)(k) as set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*, and for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* In addition, Plaintiff also asserts a claim for retaliatory discharge under Indiana common law.

**ANSWER:** No answer is required to this introductory paragraph, but to the extent one is, Defendant admits that the action is brought pursuant to Title VII, the PDA, the FMLA, and

Indiana common law, and denies the remainder of the allegations in the above "Nature of the Case".

## II. Parties.

1. Plaintiff, at all times relevant to this action, resided within the geographical boundaries of the Northern District of Indiana, Hammond Division.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies all allegations.

2. Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana, Hammond Division.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of the Complaint.

## III. Jurisdiction.

3. Federal question subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117. Supplemental jurisdiction over the state-law claim is conferred on the Court by 28 U.S.C. § 1367(a).

**ANSWER:** Defendant admits that the listed statutes confer subject matter jurisdiction, but denies that Plaintiff is entitled to any relief thereunder.

4. Plaintiff held an employment relationship with Defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 2611(4).

**ANSWER:** Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

**ANSWER:** Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Plaintiff satisfied her obligation to exhaust her administrative remedies and having timely filed charge (Charge No. 470-2019-04229) pro se with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights, brings this original action within ninety (90) days of her receipt thereof.

**ANSWER:** Defendant admits the allegations in Paragraph 7 of the Complaint.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, Hammond Division; thus, venue is proper in this Court.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint and, therefore, denies all allegations..

## IV. Factual Allegations

9. Plaintiff, a female registered nurse, was hired by Defendant in July of 2015 and started working with Defendant in August of 2015.

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Throughout her employment, Plaintiff met and/or exceeded Defendant's legitimate performance expectations. Indeed, in November of 2018, Defendant promoted Plaintiff into the position of Charge Nurse.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Complaint.

11. In February of 2019, Plaintiff informed Defendant that she was pregnant.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and, therefore, denies all allegations.

12. Thereafter, Plaintiff informed Defendant (including her supervisors) that she

planned on taking a maternity / FMLA leave in October of 2019.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Complaint.

13. After informing Defendant of her pregnancy and anticipated leave, Plaintiff was subjected to less favorable terms and conditions of employment compared to similarly situated non-pregnant employees.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of the Complaint.

14. In April of 2019, Plaintiff began reporting to Linda Steinhiber (Critical Care Manager).

**ANSWER:** Defendant denies the allegations in Paragraph 14 of the Complaint.

15. On or about April 12, 2019, Ms. Steinhiber ordered Plaintiff to inform Defendant's management / human resources personnel that a fellow nurse, Dawn Smith, had harassed Plaintiff, causing Plaintiff to suffer an anxiety attack.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Ms. Steinhiber informed Plaintiff that human resources was waiting for her call and to tell them that Ms. Smith had caused Plaintiff's panic attack by yelling at Plaintiff and starting a fight with Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. On April 19, 2019, Plaintiff informed Ms. Steinhiber that she was not going to lie about having a fight with Smith or lie about things that never happened, including Ms. Smith causing Plaintiff to suffer an anxiety attack.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. In response, Ms. Steinhiber mocked Plaintiff and stated to her, among other things in reference to Plaintiff, "oh, I have to call a doctor to the floor for myself, I can't handle my job,

4

I'm pregnant and I can't do my job."

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Subsequently, co-workers informed Plaintiff that Ms. Steinhiber "has it in for you" and Ms. Steinhiber was actively soliciting false statements from co-workers about Plaintiff.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint and, therefore, denies all allegations.

20. On or about May 9, 2019. Ms. Steinhiber called Plaintiff and told her that she was suspended. Ms. Steinhiber refused to provide a reason for the suspension.

**ANSWER:** Defendant admits the Ms. Steinhiber along with Ms. Smosna called Plaintiff on May 9, 2019 to inform her that she was suspended pending an investigation, but denies the remainder of the allegations in Paragraph 20 of the Complaint.

21. On or about May 10, 2019, Plaintiff held a meeting with Dawn Scott (Vice President of Nursing). Plaintiff informed Ms. Scott that she would like to formally complain about Ms. Steinhiber, including that Ms. Steinhiber had ordered her to lie (defame) about a co-worker, had made discriminatory remarks to her regarding her pregnancy, and had singled Plaintiff out. In response, Ms. Scott said she would look into Plaintiff's concerns.

**ANSWER:** Defendant admits that on May 1, 2019 Plaintiff and her mother met with Dawn Scott and Plaintiff expressed that she would like to formally complain about Ms. Steinhiber, but denies the remainder of the allegations in Paragraph 21 of the Complaint.

22. Plaintiff then went to human resources in an attempt to discuss the situation with them. However, human resources refused to meet with Plaintiff. Later that day, Ms. Steinhiber called Plaintiff. Ms. Steinhiber told Plaintiff that someone from human resources was on the call. During the course of this conversation, Ms. Steinhiber told Plaintiff that she had heard from

5

co-workers that Plaintiff was telling people she was excited for her maternity leave in October. Ms. Steinhiber informed Plaintiff that such remarks were extremely rude and unprofessional, that there was an issue with Plaintiff being excited for her maternity leave, and that Plaintiff could not do her job because she was pregnant.

**ANSWER:** Defendant admits that on May 9, 2019, Ms. Steinhiber and a representative from Human Resources called Plaintiff to discuss the concerns that had been raised about Plaintiff's performance, but denies the remainder of the allegations in Paragraph 22.

23. Ms. Steinhiber also told Plaintiff that she believed that Plaintiff would not return from maternity leave and that Plaintiff cared more about having a baby than her job. During the course of this call, Plaintiff once again complained about Ms. Steinhiber's remarks regarding Plaintiff's pregnancy and that Ms. Steinhiber was singling Plaintiff out due to her pregnancy.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24. On May 14, 2019, Ms. Steinhiber, Travis Cutis (sic) (Critical Care Director), and Jessica (last name unknown) from Human Resources called Plaintiff. Ms. Steinhiber informed Plaintiff that she was terminated. Plaintiff asked why she was being terminated, Ms. Steinhiber informed her that it was not because of her pregnancy, but that it was offensive that Plaintiff was excited about her maternity leave and that it showed that Plaintiff did not value her job.

**ANSWER:** Defendant admits that on or about May 14, 2019, Ms. Steinhiber, Travis Curtis, and Jessica Smosna called Plaintiff to inform her of the decision to terminate her employment, but denies the remainder of the allegations in Paragraph 24.

25. Since her termination, Defendant has provided different reasons as to why Plaintiff was terminated. These reason(s) are pretextual.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

6

26. Plaintiff was terminated due to her pregnancy and/or in retaliation for her complaints of discrimination, and in violation of her rights as protected under the FMLA. Furthermore, Defendant's termination of Plaintiff violated Plaintiff's rights under Indiana Common Law.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Similarly situated non-pregnant and/or those who have not engaged in statutorily protected conduct have been treated more favorably with regard to the terms and conditions of their employment as compared with Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant's actions have violated Plaintiff's rights and such actions violate the FMLA, Title VII, the PDA, and Indiana Common Law.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant's actions have been intentional, willful, and taken in reckless disregard for Plaintiff's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Plaintiff has been economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Complaint.

### V. Legal Causes of Action

### COUNT I. PREGNANCY DISCRIMINATION

31. Plaintiff hereby incorporates paragraphs one (1) through thirty (30) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 30 of the

Complaint, as if fully restated in their entirety.

32. Defendant terminated Plaintiff because of her pregnancy.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

34. While employed by Defendant, Plaintiff was subjected to disparate treatment in the terms, conditions, and privileges of her employment on the basis of her sex / pregnancy.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant's unlawful actions were deliberate, intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII and the PDA, as amended.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

## COUNT II - RETALIATION UNDER TITLE VII AND PDA

36. Plaintiff hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 35 of the Complaint, as if fully restated in their entirety.

37. Defendant terminated Plaintiff in retaliation for her engagement in statutorily protected conduct including her complaints of pregnancy discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under Title VII and the PDA.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of the Complaint.

8

39. Plaintiff has been injured by Defendant's unlawful conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

## COUNT III. FMLA INTERFERENCE – 29 U.S.C. § 2615(a)(1)

40. Plaintiff hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 39 of the Complaint, as if fully restated in their entirety.

41. Prior to her termination Plaintiff notified Defendant of her anticipation of taking FMLA leave in October of 2019.

**ANSWER:** Defendant admits the allegations in Paragraph 41 of the Complaint, but denies that it was in any way connected to her termination.

42. Defendant interfered with Plaintiff's substantive legal rights under the FMLA to use medical leave for the birth of her daughter.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant's denial of Plaintiff's substantive rights under the FMLA caused Plaintiff's termination of employment.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant's actions interfered with Plaintiff's rights under the FMLA and were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

## COUNT IV. FMLA RETALIAION – 29 U.S.C. § 2615(a)(2)

46. Plaintiff hereby incorporates paragraphs one (1) through forty-five (45) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 45 of the Complaint, as if fully restated in their entirety.

47. Prior to her termination Plaintiff notified Defendant of her anticipation of taking FMLA leave in October of 2019 and of Ms. Steinhiber's discriminatory remarks regarding said leave.

**ANSWER:** Defendant admits that Plaintiff notified Defendant of her anticipation of taking FMLA leave in October of 2019, but denies the remainder of Paragraph 47.

48. Plaintiff engaged in protected activity under the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant terminated Plaintiff in retaliation for having engaged in protective activity under the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the anti-retaliation provisions of the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of the Complaint.

## COUNT V. RETALIATORY DISCHARGE - *McCLANAHAN*

52. Plaintiff hereby incorporates paragraphs one (1) through fifty-one (51) of her

Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 51 of the Complaint, as if fully restated in their entirety.

53. Defendant ordered Plaintiff to make defamatory statements regarding her co-worker.

**ANSWER:** Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Said defamatory statements included ordering Plaintiff to inform Defendant that Ms. Smith had engaged in misconduct regarding her profession and occupation which had not occurred.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Said defamatory statements also included that Ms. Smith had caused Plaintiff's panic attack by yelling at Plaintiff and starting a fight with Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant's order would have required Plaintiff to breach a statutorily imposed duty and/or common law duties, thereby exposing Plaintiff to personal liability if she followed the order.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant's order could have also subjected Plaintiff to civil liability and/or breach of statutory duty pursuant to Ind. Code 25-1-9-4(b).

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant's order could have subjected Plaintiff for breaching a statutory duty including but not limited to 848 IAC § 2-2-2 (nursing responsibility), 848 IAC § 2-2-3 (unprofessional nursing conduct), and Ind.Code § 25-23-1–*et seq.*

11

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Plaintiff refused Defendant's Order.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 59 of the Complaint and, therefore, denies all allegations.

60. Defendant terminated Plaintiff for refusing the Order.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant acted maliciously or with reckless disregard to Plaintiff's rights as protected by Indiana common law.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff is barred from recovery to the extent the claims alleged in the Complaint are broader than the allegations of the Charge of discrimination that Plaintiff filed with the EEOC, and thus to the extent Plaintiff has failed to exhaust her administrative remedies.

3. Plaintiff is barred from recovery because any instances complained of by Plaintiff in her Complaint were not the result of discrimination or in retaliation for engaging in a protected activity. Defendant's actions towards Plaintiff were made without regard to Plaintiff's sex, pregnancy, or need for FMLA leave, and were not in retaliation for engaging in a protected activity.

4. Defendant has legitimate non-discriminatory reasons for all actions it took with respect to Plaintiff's employment.

5. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding the

Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

6. Plaintiff's claims are barred to the extent that they are not ripe.

7. Plaintiff's claims are barred under the doctrine of estoppel and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9. Plaintiff has failed to reasonably mitigate her damages, thus barring or reducing her recovery.

10. Defendant denies all allegations of the Complaint to which no response was given.

11. Defendant gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

**WHEREFORE**, Defendant Franciscan Alliance, Inc. prays that Plaintiff takes nothing by way of her Complaint, that judgment be entered in favor of Defendant and against Plaintiff, for its costs, and for all other relief proper in the premises.

Dated: April 20, 2020    By:    Elizabeth M. Roberson, Atty. No. 34097-64
Amy J. Adolay, Atty. No. 23147-49
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
          (317) 238-6330
Facsimile: (317) 636-1507
Email: eroberson@kdlegal.com
       aadolay@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_10717763_1.docx