UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TARYN N. DUIS, | ) | |
| | ) | |
|     Plaintiff. | ) | |
| | ) | |
|     v. | ) | CAUSE NO: 2:20-CV-78-PPS |
| | ) | |
| FRANCISCAN ALLIANCE INC., a/k/a FRANCISCAN HEALTH CROWN POINT, | ) ) ) | |
| | ) | |
|     Defendant. | ) ) | |

## MOTION TO STRIKE STATEMENT OF ADDITIONAL FACTS AND UNAUTHENTICATED EXHIBIT

Defendant Franciscan Alliance, Inc. ("Franciscan") by counsel, and pursuant to Fed. R. Civ. P. 56 and N.D. Ind. L.R. 7-1 and 56-1 respectfully moves the Court to strike Plaintiff's Statement of Additional Facts contained in Plaintiff's Appendix in Support of Plaintiff's Opposition to Summary Judgment ("Appendix), as well as Exhibit 26 of Exhibit E of Plaintiff's Appendix.  In support of this Motion, Franciscan shows the Court as follows:

1. On September 13, 2021, Franciscan filed its Motion for Summary Judgment, Designation of Evidence, and Memorandum of Law in support thereof.

2. On November 1, 2021, Plaintiff Taryn Duis ("Duis") filed a 25-page Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Response") as well as the Appendix.

3. Plaintiff's Appendix contains several exhibits, A through G, with Exhibit A being a 28-page Statement of Genuine Disputes and Statement of Additional Facts in opposition to Defendant's Motion for Summary Judgment.

4. Under the current Local Rules for the Northern District of Indiana, and in particular N.D. Ind. L.R. 56-1(b)(1), the party opposing a motion for summary judgment, "must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute". Further, Under N.D. L.R. 56-1(b)(2), "The response brief or its appendix must include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." Finally, N.D. L.R. 7-1(e)(1) provides that response briefs cannot exceed 25 pages.

5. While a statement of genuine disputes can be placed in an appendix to a summary judgment response brief, the Northern District of Indiana has previously disallowed a party from placing a statement of additional facts in an exhibit to a response brief to a motion for summary judgment, noting the 25-page limit for response briefs, and held that such facts were stricken and not considered by the court due to the violation of the Local Rule's page limits. *See Hill v. Myszak,* 2016 WL 1267757, at *5 (N.D. Ind. 2016).

6. Defendant further notes that whereas the current Local Rule 56-1(b) does not contemplate the ability to include a statement of additional facts in an appendix to a response brief, the Northern District of Indiana has released for comment proposed revisions to its Local Rules, including L.R. 56-1(b)(2) that would, if enacted, permit a plaintiff to file a separate document setting forth a statement of additional facts. However, this proposed Local Rule is not yet in effect.

7. Accordingly, Defendant respectfully submits that Plaintiff's 14-page Statement of Additional Facts contained in Plaintiff's Appendix as Exhibit A, rather than in its response brief (which would have then resulted in Plaintiff exceeding the applicable page limit), should be stricken and not considered by the Court in ruling on Defendant's Motion for Summary Judgment.

8.	Plaintiff's Appendix also contains Exhibit E, which contains deposition excerpts of the deposition of Linda Steinhilber ("Steinhilber") as well as six exhibits to the deposition, including Exhibit 26. Exhibit 26, which on its face appears to be an unsigned Corrective Action Form for a coworker named Nancy Georgakis ("Georgakis").  However, Plaintiff did not authenticate such exhibit during Steinhilber's deposition.  To the contrary, Steinhilber stated that she did not recognize the document and it was not her document with respect to Georgakis.  Despite Steinhilber's lack of familiarity with the document, Plaintiff attempts to include the document in support of her claim that other coworkers supervised by Steinhilber were treated more favorably.

9.	"A court deciding a summary judgment motion should not rely on unauthenticated documents filed as addenda to the motion." *Akzo Coatings, Inc. v. Aigner Corp.*, 881 F. Supp. 1202, 1211 (N.D. Ind. 1994).  "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence." *Vukadinovich v. Board of School Trustees*, 776 F. Supp. 1325, 1327 (N.D. Ind. 1991).

10.	Given that Exhibit 26 from Steinhilber's deposition, attached to Exhibit E of Plaintiff's Appendix, was not authenticated by Steinhilber in her deposition, nor does Plaintiff offer any other means of authenticating the document, it should be stricken and not considered by the Court in ruling on Defendant's Motion for Summary Judgment.

WHEREFORE, Franciscan Alliance, Inc., pursuant to Fed. R. Civ. P. 56 and N.D. Ind. L.R. 7-1 and 56-1, respectfully moves the Court for an order striking Plaintiff's Statement of Additional Material Facts and Exhibit 26 to Exhibit E of the Appendix and for all other just and proper relief in the premises.

Respectfully Submitted,

By: Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
         (317) 238-6330
Facsimile: (317) 636-1507
Email: aadolay@kdlegal.com
       eroberson@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_13599982_2.docx