UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
|        Plaintiff. | ) |
| v. | ) CAUSE NO: 2:20-CV-00078-PPS-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN POINT | ) |
|        Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE STATEMENT OF ADDITIONAL FACTS AND UNAUTHENTICATED EXHIBIT**

Plaintiff, Taryn N. Duis ("Plaintiff"), by counsel, files her Opposition to Defendant's Motion to Strike. Defendant's Motion is an attempt to avoid the real issues in this case and for the foregoing reasons Defendant's Motion should be denied.

    **A.**    **Plaintiff's Exhibit A Statement of Genuine Disputes / Statement of Additional Facts**

Per N.D. Ind. L.R. 56-1 "the response brief *or its appendix* must include a section labeled 'Statement of Genuine Disputes' that identified the material facts that the party contends are genuinely disputed so as to make a trial necessary." *See* N.D. L.R. 56-1(b)(2)(emphasis added). Additionally, N.D. Ind. L.R. 7-1(e)(1) clarifies that page limits to a response brief do not include "appendices." In light of the plain language of the current existing rules, Plaintiff's filings are in compliance and Defendant's motion should be denied.

Plaintiff placed her Statement of Genuine Disputes in the Appendix, as is expressly permitted under the Local Rules. [See Docket No. 32-2]. However, Defendant claims that Plaintiff's Statement of Additional Facts, submitted within the Statement of Genuine Disputes,

should be stricken as they should have been included within Plaintiff's response brief resulting in Plaintiff exceeding the applicable 25 page limit as outlined in N.D.L.R. 7-1(e)(1).  In support of its Motion, Defendant cites *Hill v. Myszak,* 2016 WL 1267757 (N.D. Ind. March 30, 2016).

In *Hill*, the plaintiff's Statement of Genuine Disputes, although properly placed into the appendix, failed to contain citations to the record, so it was struck.  Per the Court in *Hill*, "plaintiff's filing contains not even a single citation to the record or any piece of evidence . . . . *Id*. at * 5.  Further, in *Hill* the plaintiff included a separate fifty-eight (58) page statement of facts as another Exhibit, but not in the Brief and not in the Statement of Genuine Disputes.

Here, the instant matter is easily distinguishable from *Hill* in several respects.  Unlike *Hill*, Duis properly cited to the record in her Statement of Genuine Disputes.  Unlike *Hill*, Plaintiff placed her Statement of Additional Facts within her Statement of Genuine Disputes.  This was done to support and highlight the disputed issues of fact between the Parties, as is the purpose of the local rule.  Indeed, many of the disputed facts in the Statement of Genuine Disputes cross- reference the Statement of Additional Facts, including citations to the record.  In essence, this is a labeling issue, not a substantive issue. Unlike *Hill*, Duis did not file a separate exhibit containing a separate statement of facts.  The purpose of this local rule is to "identif[y] the material facts that the party contends are genuinely disputed so as to make a trial necessary."  N.D. Ind. L.R. 56-1(b)(2).  Plaintiff's Statement of Genuine Disputes utilizes Plaintiff's Statement of Additional Facts to identify those facts that are in dispute.  Accordingly, Defendant's motion should be denied on this issue.

Furthermore, in *Hill* the Court noted that "to the extent that plaintiff's response brief contains citations to admissible evidence, the court will consider that evidence in determining whether a general issue of material fact exists in this case." *Id*  at *5.  Here, Plaintiff has

included those facts to which she believes most strongly present her view of the case within her Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.  Notably, her responsive brief also includes factual citations to admissible evidence supporting Plaintiff's claims.

### B.  Exhibit 26 Nancy Georgakis Corrective Action Form:

Defendant also claims that the Corrective Action Form of Nancy Georgakis attached within Appendix Exhibit E (Exhibit 26) should be stricken on the grounds that it was not authenticated during the deposition of Linda Steinhilber and that Plaintiff has no other means of authenticating the document.  [See Defendant's Motion to Strike p. 3].  Defendant's assertion is without merit.  Here, Exhibit 26 is authenticated because the document was produced by Defendant in discovery.  *See  Michiana Dairy Processors, LLC v. All Star Beverage, Inc.,* 744 F. Supp. 2d 790, 795 (N.D. Ind. 2010) ("These documents were produced by Michiana in response to discovery requests.  Therefore, the objection as to authentication is overruled."). Moreover, Exhibit 26 was bate stamped by Defendant when produced.  For example, the "very act of production [during discovery] is implicit authentication." *Medline Indus., Inc. v. Cymbion, LLC*, No. 09 C 581, 2010 WL 4736315, at *10 (N.D. Ill. Nov. 16, 2010). Here, based upon Defendant's bates-labels and the nature of the documentation, Plaintiff's grievances appear to be produced by Defendant. *See Hackel v. Nat'l Feeds, Inc.*, 986 F.Supp.2d 963, 968 (W.D. Wis. 2013); *Birdo v. Dave Gomez*, 214 F. Supp. 3d 709, 715 fn. 2(N.D. Ill. 2016).

In addition, a Court can consider unauthenticated documents on motions for summary judgment if it appears they are capable of authentication at trial.  *See Boyce v. Wexford Health Sources, Inc.*, No. 15 C 7580, 2017 WL 1436963, at *3 (N.D. Ill. Apr. 24, 2017)("federal courts routinely consider unauthenticated documents on motions for summary judgment, for example,

when it is apparent [] that such documents are capable of reduction to admissible, authenticated form."(quoting *Talley v. Triton Health Sys., LLC,* No. 14-cv-02325-RDP, 2016 WL 4615627, at *8 (N.D. Ala. Sept. 6. 2016)).  Thus, given that Defendant produced Exhibit 26 and such documents may be admissible at trial, Defendant's Motion to Strike said exhibit should be denied.

    **C.**    **Conclusion:**

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Strike in all respects.


    Respectfully Submitted,

    */s/ Ryan C. Fox*
    Ryan C. Fox
    Ryan P. Sink
    Attorneys for Plaintiff

    Fox & Sink, LLC
    6177 North College Avenue
    Indianapolis, Indiana 46220
    rfox@foxsinklaw.com
    rsink@foxsinklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 22nd day of November, 2021, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com

*/s/ Ryan C. Fox*
Ryan C. Fox