## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-0078-PPS |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Taryn N. Duis, by counsel, hereby submits the following proposed jury instructions:

**NATURE OF CLAIMS AND DEFENSES**

Plaintiff brought this lawsuit under a federal law called the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, often referred to as Title VII.  Under the PDA and Title VII, it is illegal for an employer to discriminate against a person because of their pregnancy, childbirth, or related medical conditions.  Plaintiff also asserts claims of interference and retaliation under the Family Medical Leave Act, referred to as the FMLA.  The FMLA entitles an eligible employee to take up to 12 weeks of unpaid leave during any 12-month period because of the birth of a child.  The FMLA gives the employee the right following FMLA leave either to return to the position she held when the leave began or to an equivalent position.

In this case, Plaintiff claims that Defendant discriminated against her because of her pregnancy and childbirth, and interfered with her rights for leave under the FMLA.  Plaintiff claims Defendant retaliated against her due to her protected activity under both Title VII and the FMLA.  Defendant denies that it discriminated and retaliated against Plaintiff.  Defendant contends it based its employment decisions on non-discriminatory and non-retaliatory reasons.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

*SOURCE*: Seventh Circuit Model Instructions 4.10, 10.1 (modified).

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*SOURCE*: Seventh Circuit Model Instruction 1.01.

**WHAT IS NOT EVIDENCE**

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted, stipulated, or judicially noticed.  Any evidence to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, are not evidence and must be entirely disregarded.

*SOURCE***:** Seventh Circuit Model Instructions 1.06, 1.08 (modified); *Koch v. Convenience Industry Associates, LLC,* 1:05-cv-1753-LJM-WTL (modified Final Jury Instruction No. 2)

**TESTIMONY OF WITNESSES**

You are the judges of the credibility – that is, the believability – of the witnesses who testify at this trial.  Especially where the testimony of witnesses conflicts you must determine whom you will believe and whom you will not believe and what is the truth. In determining the credibility of the witnesses, you may consider many factors, including: interest or lack of interest in the result of this suit; their manner and bearing on the witness stand; their means or lack of means of knowing the facts about which they have testified; whether their testimony is either supported or contradicted by other evidence; their power of memory or the lack of memory; and any inconsistent statements made by them. From considering all the evidence you will give to each witness the credit to which you determine he or she is entitled.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon experience.  On the other hand, inconsistencies or discrepancies may be intentional falsehoods.  In weighing the effect of any discrepancy, you may consider whether it involves an important fact or an unimportant detail, and whether you believe the discrepancy results from innocent error or intentional falsehood.

***SOURCE*:** Seventh Circuit Model Instructions 1.13 (modified); *Malone v. Ind. -Ky Electric Corp.*, 4:04-cv-191-DFH-WGH [modified Final Jury Instruction No., 6.]

## IMPEACHMENT OF WITNESSES

The testimony of a witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something that is inconsistent with the witnesses present testimony in court.  If you believe any witness has been impeached, and thus discredited, it is up to you to give the testimony of that witness the weight, if any, that you think it deserves.  If you believe a witness has knowingly testified falsely about any important matter or knowingly faked a lack of memory, you have the right to distrust that witness on other matters and you may reject all the testimony of that witness or give it such weight as you think it deserves.

**SOURCE:** *Malone v. Ind. -Ky Electric Corp.*, 4:04-cv-191-DFH-WGH [modified Final Jury Instruction No., 7.]

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

*SOURCE***:** Seventh Circuit Model Instruction 1.17.

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden of proving her claim by a preponderance of the evidence. This means evidence which, when considered and compared with that evidence opposed to it, has more convincing force and produces in your mind a belief that the facts are more likely true than not true. In other words, if you find the balance of the evidence weighs in favor of the Plaintiff, you must find in her favor by indicating on the verdict form that she has proven her claim. If the balance of the evidence weighs for the Defendant or if the evidence weighs equally for each side, you must find for the Defendant by indicating that Plaintiff has not proven her case. Plaintiff need not prove any more than a preponderance. So long as you find that the scales tip, however slightly, in her favor with this burden of proof – that what she claims is more likely true than not true – then her claim will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

*SOURCE*: Seventh Circuit Model Instruction 1.27 (modified); *Malone v. Ind. -Ky Electric Corp.*, 4:04-cv-191-DFH-WGH [modified Final Jury Instruction No., 10]; *Crabtree v. National Steel Corp.*, 261 F.3d 715, 722 (7th Cir. 2001) .

## PREGNANCY DISCRIMINATION CLAIM

Plaintiff claims that she was terminated from employment with Defendant because of her pregnancy and childbirth.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that her termination of employment was because of[1] her pregnancy and/or childbirth.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

*SOURCE*: Seventh Circuit Model Instruction 3.01 (modified).

---

[1] In light of *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731 (2020), Plaintiff proposes a separate jury instruction dealing with causation.

**TITLE VII RETALIATION CLAIM**

Plaintiff also claims that she was terminated from employment with Defendant because of her protected activity. Protected activity under Title VII and the PDA means opposing any practice made unlawful by Title VII/PDA. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that her termination of employment was because of[2] her protected activity.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

*SOURCE*: Seventh Circuit Model Instruction 3.02 (modified); 42 U.S.C. § 2000e-3(a).

---

[2] As stated above, In light of *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731 (2020), Plaintiff proposes a separate jury instruction dealing with causation.

## CAUSATION – TITLE VII AND PDA CLAIMS

Plaintiff must prove that she was terminated because of her pregnancy/childbirth and/or protected activity. "Because of" does not mean the sole or only factor, it means that her pregnancy and/or protected activity was a motivating factor, even though other reasons may be present. Often, single events have multiple "because of" causes. Defendant cannot avoid liability just by citing some other factor that contributed to the termination of Plaintiff's employment, so long as Plaintiff's pregnancy/childbirth and/or protected activity was at least one cause of that decision.

*SOURCE:* Seventh Circuit Model Instruction 3.01 (modified); *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731 (2020).

## FMLA INTERFERENCE

To succeed on this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

First, Plaintiff was eligible for FMLA protection.

Second, Defendant was covered by the FMLA.

Third, Plaintiff was entitled to FMLA leave.

Fourth, Plaintiff provided sufficient notice of her intent to take leave.

Fifth, Defendant interfered with Plaintiff's exercise or attempt to exercise FMLA rights.  Interference may occur by terminating an employee to prevent FMLA leave, by using the taking or attempted taking of FMLA leave as a negative factor in employment actions, and/or by discouraging an employee from using such leave.

***SOURCE***:  Seventh Circuit Model Instruction 10.2 (modified); *Ziccarelli v. Dart, et al*, 35 F.4th 1079 (7th Cir. 2022); *Duis v. Franciscan All., Inc*., 2022 WL 3017321, * 8-9 (N.D. Ind. July 29, 2022), *citing Baer v. Wabash Ctr., Inc*., 2016 WL 1610590, * 2 (N.D. Ind. April 21, 2016), *Preddie v. Bartholomew Consol. Sch. Corp*., 799 F.3d 806, 818 (7th Cir. 2015).

**FMLA RETALIATION**

To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that her protected activity under the FMLA was a motivating factor in Defendant's decision to terminate her.  The term "motivating factor" means a reason why Defendant took the action that it did.  It does not have to be the only reason.

Protected activity under the FMLA means Plaintiff provided Defendant with enough information to put Defendant on notice that an FMLA qualifying leave is needed. Plaintiff did not need to mention the FMLA or use any specific words so long as she gave Defendant enough information that Defendant knew, or should have known, that Plaintiff needed FMLA leave.

If you find that Plaintiff's protected activity motivated Defendant to terminate her, you must find for Plaintiff – unless you decide that Defendant has proved by a preponderance of the evidence that it would have terminated her even if Plaintiff had not engaged in protected activity.

If you find that Defendant has proved that, then you must find for Defendant.  If you find that Defendant has not proved that, then you must find for Plaintiff.


***SOURCE***:  Seventh Circuit Model Instructions 10.4, 10.8 (modified); *Duis v. Franciscan All., Inc*., 2022 WL 3017321, * 8-9 (N.D. Ind. July 29, 2022), *citing Sample v. Rend Lake College,* 2005 WL 2465905, * 9 (S.D. Ill. Oct. 5, 2005), *Stoops v. One Call Comm., Inc.,* 141 F.3d 309, * 312 (7th Cir. 1998).

**DAMAGES**

If you find that Plaintiff has proven any of her claims, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence. If you find that Plaintiff has failed to prove any of her claims, then you will not consider the question of damages.

*SOURCE*: Seventh Circuit Model Jury Instruction 3.09.

## COMPENSATORY DAMAGES

You may award compensatory damages only for violations of Title VII/PDA and for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award of compensatory damages must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits.  The court will calculate and determine any damages for past or future lost wages and benefits.  You should consider the following types of compensatory damages, and no others:

1. The physical, mental, and emotional pain and suffering endured by Plaintiff.  No evidence of the dollar value of physical, mental, and emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

*SOURCE*: Seventh Circuit Model Jury Instruction 3.10 (modified).

**PUNITIVE DAMAGES**

If you find for Plaintiff under Title VII/PDA, you may, but are not required to, assess punitive damages against Defendant.  The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant.  You may assess punitive damages only if you find that the conduct of Defendant's managerial employee(s) was in reckless disregard of Plaintiff's rights.  An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party.  In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition; and
- The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*SOURCE*: Seventh Circuit Model Jury Instruction 3.13 (modified).

## WEIGHING THE EVIDENCE -  COMMON SENSE

In determining your verdict, you may consider your experiences as persons in many walks of life, and you may consider the evidence as you have heard and seen it in light of your own observations in life. In other words, you will go to the jury room armed not only with the evidence, but also with your common sense.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the direct or circumstantial evidence presented at trial.

*SOURCE:* Seventh Circuit Civil Jury Instruction No. 1.11 (modified)

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*SOURCE:* Seventh Circuit Model Jury Instruction No. 1.18.

Respectfully Submitted,

*/s/ Ryan C. Fox*
Ryan C. Fox
Ryan P. Sink
Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, IN 46220

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 3rd day of February, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

*/s/ Ryan C. Fox*
Ryan C. Fox