UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-0078-PPS |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE***

**I. Introduction**

Plaintiff, Taryn N. Duis ("Duis" and/or "Plaintiff"), alleges pregnancy discrimination and retaliation in violation of Title VII, along with interference and retaliation under the FMLA. During trial Defendant may attempt to introduce certain evidence which is inadmissible because it is not relevant to material facts in dispute, because it is unfairly prejudicial, confusing or misleading to the jury, and/or because it is inadmissible hearsay. Accordingly, Duis has filed a *Motion in Limine* seeking an Order in advance of trial to prevent Defendant from introducing or mentioning several categories of evidence in the presence of the jury. Duis respectfully submits this Brief in support of her Motion.

**II. Legal Standard.**

District court judges have broad discretion when ruling on evidentiary questions presented before trial with motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Federal Rule of Evidence 103(c) directs the Courts to shield the jury from any mention of evidence deemed inadmissible. Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 prohibits the admissibility of evidence which is not relevant, and Fed. R. Evid. 403 gives the Courts the authority to exclude relevant evidence if the probative value of that evidence is "substantially outweighed" by the danger that it will cause unfair prejudice, confusion of the issues, or will mislead the jury.

### III. Argument

**A.   Post-Employment and Mitigation Income:**

Back pay is considered an equitable remedy in the hands of the Court, not jury. *Pals v. Schepel Buick & GMC Truck, Inc.,* 220 F.3d 495, 500-01 (7th Cir. 2000). Compensatory relief, on the other hand, is a legal remedy in the hands of the jury, not the Court. *Cortes v. Board of Governors*, 766 F.Supp. 623, 626 (N.D. Ill. 1991). Although back pay is not a mandatory remedy, there is a strong presumption in favor of awarding back pay where liability has been established. *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 415-25 (1975); *David v. Caterpillar, Inc*., 324 F.3d 851, 865 (7th Cir. 2003). The Seventh Circuit has explained that entitlement to and the amount of front and back pay are equitable issues to be decided by the court rather than the jury. *See Price v. Marshall Erdman & Assoc.,* 966 F.2d 320, 324 (7th Cir. 1992). Thus, for the sake of ease during trial and to reduce the amount of necessary sidebars outside the presence of the jury, evidence of front pay and back pay should not be heard by the jury.

Accordingly, because the Court considers back pay, the jury should not be presented with evidence of post-employment by Duis, including mitigation income and mitigation efforts by Duis. Such evidence is irrelevant, prejudicial, confusing to the jury, and not necessary because the Court, not the jury, determines back pay.

### B.      Notice of Right to Sue - Dismissal without Cause by EEOC:

Prior to the filing of this lawsuit, the Equal Employment Opportunity Commission ("EEOC") issued a no-cause finding and Notice of Dismissal and Right to Sue.  Defendant may attempt to introduce this determination at trial, and/or make reference to the fact that the EEOC did not find probable cause to support Duis' claim of discrimination or retaliation.  The fact that the EEOC was not able to conclude that discrimination occurred does not "tend to make the existence of any fact that is of consequence to the determination of [this] action more probable or less probable than it would be without [this] evidence."  Fed. R. Evid. 401.  Accordingly, this evidence is not relevant, and should be excluded. Fed. R. Evid. 401 and 402.

Even if the EEOC's determination were relevant, it would still be inadmissible because its minimal probative value is substantially outweighed by the danger that it will unfairly prejudice Duis' case or confuse or mislead the jury.  Fed. R. Evid. 403; *see Lewis v. City of Chicago*, 563 F. Supp. 2d 905, 919-920 (7th Cir. 2008)(conclusory statement as to determination had "little probative value, since the jury would hear all admissible evidence relating to Plaintiff's allegations of gender discrimination and retaliation and would decide for itself whether Plaintiff's claims were meritorious."); *see also Tulloss v. Near North Montessori Sch., Inc.,* 776 F.2d 150, 153-154 (7th Cir. 1985)(upholding exclusion of EEOC investigative report where conclusion essentially duplicated issue for determination at trial). Evidence is unfairly prejudicial "if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented."  *United States v. Curry*, 79 F.3d at 1489, 1496 (7th Cir.1996).  It is highly likely that knowledge of the EEOC's inability to conclude that Defendant engaged in discrimination and retaliation, in and of itself, will cause the jury to conclude that Duis' evidence is not sufficient to show that such discrimination or retaliation

occurred. Such a conclusion would invade the province of the jury, and usurp the jury's power to reach its determination based on the evidence presented at trial. Such a conclusion is contrary to law. *Id*.

Furthermore, Duis will present evidence at trial that the EEOC did not consider in reaching its conclusion. Accordingly, the EEOC's determination would likely mislead the jury and therefore it is not admissible. Fed. R. Evid. 403. *See Latham v. Department of Children and Youth Services*, 172 F.3d 786, 791-792 (11thCir. 1999).

In *Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 927 (7th Cir. 2000), the Seventh circuit noted that "[d]oubtless there [is] a risk that the jury [will] overestimate the significance of the eeoc's ruling; this is why such conclusions generally are not admitted (on behalf of either side) in jury trials." *Id*. (alterations added; parentheses in original). Admittedly, the Court in *Lang* determined that the EEOC notice was admissible in that case. That decision, however, was very fact specific, since the Plaintiff argued that it was the pressure of a lawsuit that led to a change in the company's position in a labor relations matter. *Id*., at 925-26. The Court of Appeals noted that "[b]y opening the door to disclosure, . . . plaintiffs took [the] risk; they could not argue as they did and then defang the best response." *Id*., at 927 (alterations added).

Duis is not opening the door in this case. The *Latham* case provides guidance in this area and was not only cited by the Seventh Circuit in *Lang*, but has also been cited favorably by the First, Third, Sixth and Ninth Circuits. In *Latham*, the Court of Appeals makes it quite clear that "[a]lthough trial courts admit EEOC determinations in bench trials, this liberal admissibility rule does not apply to jury trials." *Id*., at 791 (alteration added).

In this case, admission of the EEOC's determination would, in effect, suggest to the jury in a not-so-subtle fashion, that the federal government has already reviewed the case and

4

determined that there is no basis for it. There is a significant risk that the jury would fail to understand the legal significance of the actual wording of the Notice – that while the EEOC did not determine that there was a violation, it did not determine that the Defendant was in compliance with the law. *See Lewis*, 563 F. Supp. 2d at 919-920 (exclusion warranted where the EEOC determination could "create undue risk of confusion, because the jury might presume that the matter of discrimination had already been decided by another entity"); *see also Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F.Supp. 686, 692 (N.D. Ill. 1994)("[P]resenting the administrative findings with respect to plaintiff's charge of discrimination is tantamount to saying 'this has already been decided and here is the decision.'"). While the EEOC did not determine that there was a violation, it did not determine Defendant was in compliance with the law. In other words, the Notice is, in effect, a draw, but there is a significant danger of prejudice to Duis' case if the jury fails to recognize that fact. For these reasons, Duis requests that the Court issue an Order *in Limine* precluding the introduction of, reference to, or questions concerning the EEOC Notice of Dismissal and Right to Sue.

    **C.**     **Documents Related to Workforce Development:**

To the extent that Defendant offers any documents related to Duis' unemployment proceedings, these documents provided to or from either party should be excluded at trial. Indiana Code 22-4-17-12 states as follows:

> (h) Any finding of fact, judgment, conclusion, or final order made by a person with the authority to make findings of fact or law in an action or proceeding under this article is not conclusive or binding and shall not be used as evidence in a separate or subsequent action or proceeding between an individual and the individual's present or prior employer in an action or proceeding brought before an arbitrator, a court, or a judge of this state or the United States regardless of whether the prior action was between the same or related parties or involved the same facts.

5

Thus, according to the statute the use of unemployment proceedings in subsequent civil suits is precluded and should be denied. *See Tony v. Elkhart Cnty.,* 918 N.E.2d 363, 369 (Ind.Ct.App.2009).

Additionally, due to the informality and limited purpose of unemployment proceedings, their use in subsequent actions should not be allowed. The nature of the proceeding to determine eligibility for unemployment compensation is fundamentally different than a Title VII action, and the conclusions of that state agency are in no way binding on the district court. *See McClendon v. Indiana Sugars, Inc.,* 108 F.3d 789, 798 n.11 (7th Cir.1997) (noting also that IND.CODE § 22–4–17–12(h) prohibits admitting evidence of unemployment compensation awards for purposes other than those of the administrative agency). Moreover, as outlined in *Fulmore v. Home Depot, U.S.A., Inc.*, No. 1:03 CV 0797 DFH VSS, 2006 WL 839460, at *8 (S.D. Ind. Mar. 30, 2006), considering evidence of such unemployment findings, in contravention of the state statutes governing the proceedings, would have the undesired effect of raising the stakes in those administrative proceedings that are intended to proceed quickly. Accordingly, the court should disregard all documents provided by the parties regarding workforce development's determination regarding Duis' termination, including claims, statements, vouchers, decisions, findings, testimony, and evidence presented at the unemployment hearing.

**D. Co-worker Statement of Facts Forms:**

Here, Defendant has produced in discovery and during the deposition of Duis certain alleged statements made by fellow co-workers regarding Duis. [Bates labeled FRANCISCAN000031-Franciscan00036]. To the extent that Defendant does not call these witnesses/declarants to trial, then said statements would be considered hearsay and should not be

admitted. Hearsay is defined as a statement made by the declarant outside the current trial or hearing that is offered "to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c). Thus, if these witnesses do not testify at trial, any such alleged statements offered into trial by Defendant should be considered hearsay and denied admissibility.

### E. Use of Entire Deposition Transcripts at Trial:

In this action, three depositions were taken by the parties. Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. Who may use a deposition and for what purpose will vary depending on the circumstances. Rule 32(a)(1) provides: At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

(A) The party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) It is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) The use is allowed by Rule 32(a)(2) through (8).

The use of the deposition must be permitted by both Rule 32 and the Rules of Evidence. Thus, any attempt to offer into evidence entire Deposition transcripts, outside of the aforementioned conditions, should be denied.

### F. Any Evidence Relating to the Disposition of Plaintiff's Indiana Common Law Claim Dismissed at Summary Judgment:

In her original Complaint, Duis brought an additional claim for retaliatory discharge under Indiana Common Law (McClanahan). Duis anticipates that Defendant may attempt to use the fact that this claim was dismissed on summary judgment in an attempt to persuade the jury that Duis' remaining claims lack merit. The disposition of Duis' McClanahan claim is irrelevant

to Duis' remaining claims under Title VII, the PDA, and FMLA. Thus, such evidence of the dismissal should be excluded. *Fed.R.Evid. 401 and 402*.

Thus, any evidence and testimony regarding Plaintiff's previous claims should be barred as irrelevant as to Trial. (*See Spreckelmeyer v. Indiana State Police Dep't* No. 115CV009121TWPDML, 2017 WL 111596, at *3 (S.D. Ind. Jan. 11, 2017) (Introduction of evidence of the dismissed claim would be unfairly prejudicial and would confuse the issues before the jury). Allowing the jury to infer that since Duis had a claim dismissed could infer that her additional claims lack merit. "Evidence is unfairly prejudicial if it will induce the jury to decide the case on an improper basis rather than in the evidence presented." *United States v. Boswell*, 772 F.3d. 469, 476 (7th Cir. 2014) citing *United States v. Klebig*, 600 F.3d 700, 713 (7th Cir. 2009); *United States v. Rogers,* 587 F.3d 816, 822 (7th Cir. 2009). Here, Defendant should be precluded from telling or implying to the jury that this claim was dismissed by the Court. The disposition of that claim is irrelevant at trial. *See Camm v. Clemons,* No. 4-14-cv-00123-TWP-DML., 2021 WL 5235097, at * 4 (S.D. Ind. Nov. 9, 221). Thus, the fact that Duis' McClanahan claim that the Court entered summary judgment on should be deemed inadmissible.

### III. CONCLUSION.

For the reasons set forth above, Defendant, its attorneys, and its witnesses should be instructed not to offer, attempt to offer, mention, or reference in the presence of the jury those matters addressed in Plaintiff's *Motion in Limine*. Plaintiff further requests that the admissibility of co-worker statements and deposition transcripts only be allowed based on the parameters mentioned above.

                Respectfully Submitted,

                */s/ Ryan C. Fox*
                Ryan C. Fox
                Ryan P. Sink
                Attorneys for Plaintiff

                Fox & Sink, LLC
                6177 North College Avenue
                Indianapolis, Indiana 46220
                rfox@foxsinklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 3rd day of February, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

                                      */s/ Ryan C. Fox*
                                      Ryan C. Fox