UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | CAUSE NO: 2:20-CV-78-APR |
| ) | |
| FRANCISCAN ALLIANCE INC., a/k/a ) | |
| FRANCISCAN HEALTH CROWN ) | |
| POINT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S MOTIONS IN LIMINE

Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel, and pursuant to the Court's Pretrial Order, files the following Motions in Limine:

1. Any opinions regarding Taryn N. Duis's medical conditions, causation, treatments, prognosis, or interpretation of any medical records offered by Duis or any of her lay witnesses without an adequate foundation.

2. Settlement discussions and negotiations between the parties.

3. That Franciscan is insured or may have insurance regarding liability in this case.

4. Any "Golden Rule" argument made by counsel.

5. Any evidence or reference to individuals who have not been identified as comparators during the discovery phase of this case and presenting witnesses not identified on Duis's Witness List.

6. Comments by Duis's witnesses or counsel regarding opinions or statements of health care providers either not listed as witnesses, or not subpoenaed, for whom no showing of unavailability has been made.

7. Testimony that another witness has testified truthfully.

8. References to the size, number of attorneys, or location of Franciscan's counsel's law firm.

9. References to the net worth, revenues, or assets of Franciscan or or Duis by comparison.

10. This motion, or any ruling thereon.

## I. MOTION IN LIMINE STANDARD

A motion in limine is a request for guidance by the court regarding an evidentiary question. *Duncan v. Fleetwood Motor Homes of Indiana, Inc*., 2008 WL 2413170 at *1 (N.D. Ind. June 12, 2008), citing *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Federal district courts have the power to exclude evidence by a motion in limine pursuant to their authority to manage trials. *Duncan*, 2008 WL 2413170 at *1, citing *Dartey v. Ford Motor Co*., 104 F.Supp.2d 1017, 1020 (N.D. Ind. 2000). A court should exclude evidence by a motion in limine if the evidence is not admissible. *Ahuluwalia v. Hamilton Crossing Animal Hospital, PC*, 2011 WL 1838672 at *1 (S.D. Ind. May 13, 2011). But the court should exclude evidence on a motion in limine only if the evidence is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *Allmon v. United States*, 2020 WL 4430584 at *1 (S.D. Ind. July 31, 2020).

## II. ARGUMENT

1. <u>Any Opinions Regarding Taryn N. Duis's Medical Conditions, Causation, Treatments, Prognosis, or Interpretation of Any Medical Records Offered by Duis or Any of Her Lay Witnesses Without an Adequate Foundation.</u>

Neither Duis nor any other lay witness may testify concerning what he/she believes to be the diagnoses or cause of any of Duis's medical problems (including conditions or problems before, during, or after the termination of her employment) because such testimony is clearly outside the skill and knowledge of a lay witness. *See Macon v. Cty. of Ft. Wayne*, 2012 WL 374375 at *7 (N.D. Ind. Aug. 28, 2012) (explaining that matters of causation require expert testimony); *Frazier v. Ind. Dep't of Labor*, No. IP 01–198–C–T/K, 2003 WL 21254567, at *3 (S.D. Ind. Mar.

2

24, 2003) ("[G]enerally, a lay opinion, whether from the Plaintiff himself or from his other non-expert witnesses about the cause of emotional distress or mental anguish . . . will not be admissible"). As the deadline had passed in *Macon*, so too has the expert witness disclosure deadline in this case. *Id.* Specifically, the expert disclosure deadline for Duis was January 25, 2021. *See Macon*, 2012 WL 374375 at *7 (noting that no experts had been disclosed including any treating physicians and thus no witness was able to opine about causation). Further, Duis cannot have any doctor testify as to the cause of her conditions or ailments because courts "do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 n. 14 (7th Cir. 1994).

> Under Federal Rule of Evidence 701, a lay witness may offer testimony that is:
>
>> (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. While a lay person may describe how someone appears or particular information she has witnessed, to offer testimony regarding medical diagnoses or medical causation is not a permissible lay opinion. Such testimony by lay witnesses would be improper and highly prejudicial. Further, a plaintiff is competent to testify as to the injury only when an injury is objective in nature. Here, Duis is not a medical professional and should be prohibited from testifying as to the causation of any ailments she has.

Testimony regarding medical diagnoses or medical causation is not permissible lay opinion. *See Macon*, 2012 WL 374375 at *7 – *8; *Scott v. Menard, Inc.*, No. 2:10-cv-443-APR, 2015 WL 4603218 at *1 (N.D. Ind. June 30, 2015). To the extent that Duis or any of her lay witnesses attempt to testify about the cause of any medical condition Duis may have had or

3

continues to have, the effects of any such medical condition, or that any such medical condition or its effects were caused by the actions of Franciscan, Duis and her lay witnesses are without the requisite knowledge, training, and experience to provide such testimony. Such testimony by Duis or any lay witnesses would be improper and highly prejudicial. The unfair prejudice from such comments or arguments would substantially outweigh any purported relevance; such arguments and testimony therefore should not be permitted. *See Macon*, 2012 WL 374375 at *7 – *8. Franciscan, therefore, requests that the Court enter an order that precludes Duis or Duis's lay witnesses from testifying regarding what they believe to be the diagnosis or cause of any medical condition that Duis may have had or continues to have, the effects of any such medical condition, or that any such medical condition or its effects were caused by Franciscan.

2. <u>Settlement Discussions and Negotiations Between the Parties.</u>

Franciscan requests that the Court instruct Duis, counsel for Duis, and Duis's witnesses not to mention, discuss, make reference to, or attempt to admit into evidence, any statements, oral or written, made by or on behalf of the parties regarding offers of settlement, settlement negotiations, or lack of settlement negotiations, which may or may not have taken place prior to and since the time of the filing of the Complaint.

Evidence of settlement offers, demands, and/or settlement negotiations, if any, is immaterial and irrelevant to the issues of this cause and would be extremely prejudicial to Franciscan if it is discussed or referenced in front of the jury. Federal Rule of Evid. 408 provides that such evidence is not admissible to prove liability for the claim or a damages amount. This Court has previously recognized this rule and granted a motion in limine regarding evidence of settlement negotiations. *Allmon v. U.S.*, Case No. 1-17-cv-01906-TWP-CML, 2020 WL 4430584 at * 3 (S.D. Ind. July 31, 2020); *Scott v. Menard, Inc.*, No. 2:10-cv-443-APR, 2015 WL 4603218

4

at *1 (N.D. Ind. June 30, 2015). Franciscan respectfully requests that the Court instruct the Duis, counsel for Duis, and Duis's witnesses not to mention the amount of any offers, or whether or not any offers of settlement were made, which Franciscan may have conveyed to Duis or Duis's attorney, that such offers may have been made, or anything else regarding attempts at settlement of this matter.

      3.      <u>That Franciscan is insured or may have insurance regarding liability in this case.</u>

Franciscan respectfully requests that the Court instruct Duis, counsel for Duis, and Duis's witnesses not to make any reference to the fact that at the time of Duis's termination, Franciscan was or was or may have been insured under a policy of insurance covering any of the damages arising out of this matter. Such insurance is not material to any issue being tried herein, and evidence regarding insurance would prejudice the jury against Franciscan and prevent it from receiving a fair trial.  Pursuant to Federal Rule of Evid. 411, evidence that "a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."  Courts have long recognized this rule, holding that evidence of a defendant's insurance coverage pertaining to the matter being litigated is inadmissible.  *See, e.g., Miller v. Alvey*, 207 N.E.2d 633 (Ind. 1965). Accordingly, Franciscan requests that the Court instruct Duis, counsel for Duis, and Duis's witnesses not to mention the words "insurance" or "adjuster" or make any other reference, veiled or otherwise, to the fact that Franciscan had, or may have had, in place liability insurance to cover the losses claimed here.

      4.      <u>Any "Golden Rule" Argument Made by Counsel.</u>

The "Golden Rule" argument, which invites the jury to place itself in a plaintiff's shoes, is impermissible "because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Spray-Rite Service Corp. v.* 15

*Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982); *Joan W. v. City of Chicago*, 771 F.2d 1020, 1022 (7th Cir. 1985); *Scott v. Menard, Inc.*, No. 2:10-cv-443-APR, 2015 WL 4603218 at *3 (N.D. Ind. June 30, 2015). Remarks based upon the "Golden Rule" are designed to appeal to the jury's prejudice and passion and drives an "us versus them" wedge between jurors and defendants. It has been universally condemned by the courts. *Id.*; *see also Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3rd Cir. 1988); *Waite v. Neal*, 918 F. Supp. 133, 134 (E.D. Pa.1996). All such remarks based upon the "Golden Rule" should be excluded here.

     5.    <u>Any Evidence or Reference to Individuals Who Have Not Been Identified as Comparators During the Discovery Phase of this Case and Presenting Witnesses Not Identified on Duis's Witness List.</u>

The only individuals Duis has identified as being comparators are Dawn Smith, Melissa Roberts, Nancy Georgakis, Danielle Mendoza, and Celeste Reed. Of those individuals, only one of them, Dawn Smith, is on Duis's witness list. Duis and Duis's counsel may attempt to identify other comparators during trial and should be prohibited from doing so and such efforts would unduly prejudice Franciscan as the time to seek discovery into additional comparators is long past. Fed. R. Evid. 403. This tactic would essentially result in trial by ambush and thus Duis and Duis's counsel should be prohibited from pointing to additional comparators at trial.

Additionally, pursuant to Federal Rules of Evidence 104(a) and Federal Rules of Civil Procedure 26 and 37, Duis and Duis's counsel should be prohibited from presenting witnesses not on their final witness list. This also would cause unfair prejudice and surprise to Franciscan and should be prohibited.

     6.    <u>Comments by Duis's Witnesses or Counsel Regarding Opinions or Statements of Health Care Providers Either Not Listed as Witnesses, or Not Subpoenaed, for Whom No Showing of Unavailability Has Been Made.</u>

Duis, Duis's counsel, or Duis's witnesses may attempt to remark upon statements or opinions supposedly made by health care providers who have either not been listed as witnesses for trial, or who have not been subpoenaed to testify at trial. Although such remarks are objectionable as hearsay, it is unlikely that an admonition or curative instructive could remove the unfair prejudice resulting to Franciscan.

With the exception of statements of health care providers contained within the providers' records, the statements and opinions of health care providers must be offered by the health care provider in court, unless they have been shown to be unavailable pursuant to Federal Rule of Civil Procedure 32(a)(4). Otherwise, Franciscan is denied a fair opportunity to test the strength and truthfulness of these statements and opinions by cross-examination. Duis's counsel should therefore be prohibited from referring to the statements and opinions of health care providers except as noted above, or from soliciting such testimony from them, unless unavailability has first been demonstrated to the court. Likewise, Duis and Duis's witnesses should be admonished against making hearsay statements about the remarks and opinions of any health care provider as such statements do not fall within an exception under Federal Rule of Evidence 803. *Scott v. Menard, Inc.*, No. 2:10-cv-443-APR, 2015 WL 4603218 at *2 (N.D. Ind. June 30, 2015) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir.1996) ("Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient.")).

7. <u>Testimony that Another Witness Has Testified Truthfully.</u>

Witnesses may not testify as to opinions concerning whether a witness has testified truthfully. *United States v. Nunez*, 532 F.3d 645, 652 (7th Cir. 2008). This is both consistent with prior Seventh Circuit and Indiana case law against "vouching for" another witness's testimony.

7

*Id.*; *Edgin v. State*, 657 N.E.2d 445, 447 (Ind. Ct. App. 1995). The credibility of a witness's testimony is the job of the jury and asking any other witness to comment on the truthfulness of another witness is improper. *Nunez*, 532 F.3d at 652.

    8.    <u>References to the Size, Number of Attorneys, or Location of Franciscan's Counsel's Law Firm.</u>

All references, argument, and evidence pertaining to the size, number of attorneys, or location of Franciscan's counsel's law firm should be precluded at trial. Such information is not material to any issue being tried herein, and evidence or references respecting the same would simply be used to attempt to prejudice the jury against Franciscan and prevent it from receiving a fair trial.

Pursuant to Rule 402 of the Federal Rules of Evidence, irrelevant evidence is not admissible. Rule of Evidence 401 explains that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The issues in this case revolve around claims pregnancy discrimination and retaliation and FMLA interference and retaliation. Simply put, the characteristics of Franciscan's law firm and its attorneys have no probative value in this case and are irrelevant. *Id.* Any reference to the size or number of attorneys of Franciscan's law firm amounts to an attempt to prejudice the jury, by suggesting to jurors and potential jurors that Franciscan has substantial financial resources. See Rule of Evid. 403. Accordingly, Franciscan requests that the Court bar any and all statements concerning size, number of attorneys, and location of its counsel's law firm.

    9.    <u>References to Net Worth, Revenues, or Assets of Franciscan or of Duis By Comparison.</u>

All witnesses including Duis should be prohibited from referencing or mentioning the financial status of either herself or of Franciscan. References to a plaintiff's lack of wealth or comparatively less financial status are considered unfairly prejudicial pursuant to Federal Rule of Evid. 403. *See also Adams Labs., Inc. v. Jacobs Eng'g Co., Inc*., 761 F.2d 1218, 1226 (7th Cir.1985), *Scott v. Menard, Inc.*, No. 2:10-cv-443-APR, 2015 WL 4603218 at *2 (N.D. Ind. June 30, 2015). They should be excluded at trial in this matter in their entirety.

Franciscan's economic wealth is not relevant to any material issue and any attempt to introduce evidence of same could only have the effect of seeking to prejudice Franciscan in the eyes of the jury. Any references to Franciscan's economic wealth would be tantamount to asking the jury to "compare the wealth" of the parties and could only seek to persuade the jury to reach a verdict based upon emotion rather than fact. *Honda Motor Co. v. Oberg*, 114 S. Ct. 2331 (U.S. 1994) (presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses).

Conversely, any references to Duis's financial resources or wealth or by comparison would likewise only seek to persuade the jury to reach a verdict based upon similar emotions. Accordingly, any and all evidence, references, and questioning regarding Franciscan's economic wealth, including with regard to Franciscan's total net worth, gross income, gross assets, gross receipts, gross sales or other irrelevant financial matters, and Duis's financial condition by comparison, should be excluded.

10.    The Motion, or Any Ruling Thereon.

Duis, Duis's counsel, and Duis's witnesses should be prohibited from any mention of this motion, or any of the Court's rulings in response to this motion, suggesting or implying to the jury that Franciscan has moved to prohibit proof or that the Court has excluded proof of any particular

9

matter. *Burdick v. York Oil Co.*, 364 S.W.2d 766 (1963). Any testimony or reference to the filing of this motion or the Court's ruling on this motion is irrelevant and inadmissible and should be excluded pursuant to Federal Rules of Evidence 401 and 403. Any such testimony would only confuse or mislead the jury and could unduly prejudice Franciscan.

WHEREFORE, Franciscan respectfully requests an Order in Limine as to all the matters referenced herein and for all other just and proper relief.

Respectfully Submitted,

By:   Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
          (317) 238-6330
Facsimile: (317) 636-1507
Email: aadolay@kdlegal.com
       eroberson@kdlegal.com

Robert A. Anderson, Atty. No. 15359-71
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Telephone: (219) 227-6100
Facsimile: (219) 227-6101
Email: randerson@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14097889_3.docx