**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **TARYN N. DUIS,** | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 2:20-CV-78-APR** |
| | ) | |
| **FRANCISCAN ALLIANCE INC., a/k/a** | ) | |
| **FRANCISCAN HEALTH CROWN** | ) | |
| **POINT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel, and pursuant to the

Court's Pretrial Order, files the following Proposed Jury Instructions:

## INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Source: Seventh Circuit Model Instruction 1.01**

## INSTRUCTION NO. 2

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Source: Seventh Circuit Model Instruction 1.02**

**INSTRUCTION NO. 3**

In this case the defendant is a corporation.

All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**Source: Seventh Circuit Model Instruction 1.03**

## INSTRUCTION NO. 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Source: Seventh Circuit Model Instruction 1.04**

## INSTRUCTION NO. 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Source: Seventh Circuit Model Instruction 1.06**

## INSTRUCTION NO. 6

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Source: Seventh Circuit Model Instruction 1.07**

## INSTRUCTION NO. 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Source: Seventh Circuit Model Instruction 1.08**

## INSTRUCTION NO. 8

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Source: Seventh Circuit Model Instruction 1.11**

## INSTRUCTION NO. 9

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Source: Seventh Circuit Model Instruction 1.12**

# INSTRUCTION NO. 10

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Source: Seventh Circuit Model Instruction 1.1**

11

## INSTRUCTION NO. 11

You may consider statements given by parties or by witnesses under oath before trial as evidence of the truth of what she they in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with their testimony here in court, you may consider the earlier statement or conduct only in deciding whether their testimony here in court was true and what weight to give to their testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Source: Seventh Circuit Model Instruction 1.14**

## INSTRUCTION NO. 12

It is proper for a lawyer to meet with any witness in preparation for trial.

**Source: Seventh Circuit Model Instruction 1.16**

## INSTRUCTION NO. 13

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Source: Seventh Circuit Model Instruction 1.17**

## INSTRUCTION NO. 14

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Source: Seventh Circuit Model Instruction 1.18**

# INSTRUCTION NO. 15

The parties have stipulated, or agreed, that certain facts are true. You must now treat these facts as having been proved for the purpose of this case:

1.      Nurse Duis began her employment with Franciscan in 2015 as a Registered Nurse ("RN") providing direct bedside care to patients.

2.      Nurse Duis provided care for patients in the Intermediate Care Unit ("IMCU"), which is also sometimes called the Progressive Care Unit ("PCU").

3.      As an RN, Nurse Duis was responsible for providing total comprehensive bedside nursing to patients and their families through the development of a plan of care, including implementing, reassessing, evaluating and revising the plan of care.

4.      Franciscan expected Nurse Duis to provide compassionate bedside care to her patients and implement each patient's plan of care, including pain management.

5.      Franciscan's employee handbook contains an Equal Employment Opportunity Policy that prohibits discrimination on the basis of sex, including pregnancy.

6.      Nurse Duis also served as the charge nurse on duty at times during her shift.

7.      Whomever is assigned as charge nurse on a particular shift serves in a leadership role for the other nurses during that shift.

8.      In March of 2019, Linda Steinhilber ("Steinhilber") became the Nursing Manager of the Intensive Care Unit ("ICU") and the IMCU.

9.      By April 19, 2019, although Steinhilber was Nurse Duis's supervisor, Nurse Duis did not know Steinhilber and had only seen Steinhilber about four or five times during her employment.

16

10.     The lack of significant interaction between Nurse Duis and Steinhilber was due to Nurse Duis caring for patients on the night shift and Steinhilber working the day shift.

11.     When Steinhilber became Nurse Duis's direct supervisor, Nurse Duis was pregnant.

12.     Franciscan has a policy governing leave under the Family and Medical Leave Act ("FMLA") entitled "Employee Leaves of Absence Policy."

13.     According to Nurse Duis, the majority of nurses that she knew at Franciscan had taken maternity leave due to the fact that they were women in their 30s.

14.     On April 11, 2019, Nurse Duis was caring for patients on a night shift that she described as "very chaotic."

15.     Nurse Duis was serving as the charge nurse for her night shift on April 11, 2019.

16.     At one point during the shift, Nurse Duis was evaluated by one of the hospitalist physicians at the hospital because Nurse Duis was experiencing a panic attack. Hospitalist physicians are hospital-based physicians trained in critical care.

17.     Ultimately, as a precaution the hospitalist recommended Nurse Duis go home for the night, which she did.

18.     On April 19, 2019, Nurse Duis, Nursing Manager Steinhilber, and Travis Thatcher-Curtis ("Thatcher-Curtis"), the Director of Nursing Operations, met with Nurse Duis.

19.     On May 9, 2019, Franciscan suspended Nurse Duis.

17

20. On May 10, 2019, Nurse Duis and her mother, Renee Salmi, who was also employed by Franciscan at the time, went to Franciscan and met with Dawn Scott, the Director of Nursing.

21. On May 14, 2019, Franciscan terminated Nurse Duis and notified her of the same by telephone.

22. Steinhilber did not speak to Nurse Duis following her suspension meeting until Nurse Duis was terminated.

**Source: Seventh Circuit Model Instruction 2.05**

## INSTRUCTION NO. 16

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I cautioned or warned during the trial.

**Source: Seventh Circuit Model Instruction 2.14**

## INSTRUCTION NO. 17

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Source: Seventh Circuit Model Instruction 1.27**

## INSTRUCTION NO. 18

Plaintiff claims that she was terminated by Defendant because of her pregnancy. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was terminated by Defendant because of her pregnancy. To determine that Plaintiff was terminated because of her pregnancy, you must decide that Defendant would not have terminated Plaintiff had she not been pregnant but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

**Source: Seventh Circuit Model Instruction 3.01**

## INSTRUCTION NO. 19

Plaintiff claims that her employment was terminated by Defendant because of her complaints of pregnancy discrimination. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated her employment because of her complaints of pregnancy discrimination. To determine that Plaintiff was terminated because of her complaints of pregnancy discrimination, you must decide that Defendant would not have terminated Plaintiff's employment if she had not complained of pregnancy discrimination but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

**Source: Seventh Circuit Model Instruction 3.02**

22

## INSTRUCTION NO. 20

In order for Plaintiff to prove her claim under the Family Medical Leave Act ("FMLA") that Defendant interfered with her right to take FMLA leave in violation of the FMLA, she must prove by a preponderance of the evidence that:

1. She was entitled to FMLA leave;

2. The termination of Plaintiff's employment by the Defendant interfered with her right to take FMLA leave; and

3. The Defendant's action was related to Plaintiff's exercise or attempted exercise of her FMLA rights.

If you find that Plaintiff has failed to prove one or more of these propositions by a preponderance of the evidence, then you must find against her on her interference claim and in favor of Defendant.

If, on the other hand, you find that Plaintiff has proved all these elements by a preponderance of the evidence, then you must find in favor of the Plaintiff.

**Source: Seventh Circuit Model Instruction 10.2; 29 U.S.C. § 2615(a)(1); Faculty of Federal Advocates Model Employment Law Jury Instructions at 87**

## INSTRUCTION NO. 21

If you find that Defendant interfered with Plaintiff's right to take FMLA leave, then you must find in the Plaintiff's favor unless you also find that Defendant proved that the termination of Plaintiff's employment would have occurred regardless of whether Plaintiff may have requested to take FMLA leave in the future.

**Source: 29 C.F.R. § 825.216(a)(1); Faculty of Federal Advocates Model Employment Law Jury Instructions at 90**

## INSTRUCTION NO. 22

Plaintiff claims that her employment was terminated by Defendant because Plaintiff may have requested to take FMLA leave in the future. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated her employment because Plaintiff may have requested to take FMLA leave in the future. To determine that Plaintiff was terminated because Plaintiff may have requested to take FMLA leave in the future, you must decide that Defendant would not have terminated Plaintiff's employment if Plaintiff may have requested to take FMLA leave in the future but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

**Source: Seventh Circuit Model Instructions 3.01, 3.02, 10.4 and 10.8; 29 U.S.C. § 2615(a)(2); Faculty of Federal Advocates Model Employment Law Jury Instructions at 91**

## INSTRUCTION NO. 23

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant terminated her because of her pregnancy, and/or in retaliation for her complaints of pregnancy discrimination or because she may have requested to take FMLA leave in the future.

**Source: Seventh Circuit Model Instructions 3.07**

## INSTRUCTION NO. 24

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

**Source: Seventh Circuit Model Instructions 1.31**

## INSTRUCTION NO. 25

If you find that Plaintiff has proved her claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

**Source: Seventh Circuit Model Instructions 3.09**

**INSTRUCTION NO. 26**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2. The reasonable value of medical care that Plaintiff reasonably needed and actually received.

**Source: Seventh Circuit Model Instructions 3.10**

**INSTRUCTION NO. 27**

Defendant argues that Plaintiff's claim for lost wages and benefits should be reduced.


If you find that

1. Plaintiff did not take reasonable actions to reduce her damages, and

2. that Plaintiff reasonably might have found comparable employment if she had taken such action, you should reduce any amount you might award Plaintiff for lost wages and benefits by the amount Plaintiff reasonably would have earned during the period for which you are awarding lost wages and benefits.


Defendant must prove both that the reduction should be made and its amount.


**Source: Seventh Circuit Model Instructions 3.12**

## INSTRUCTION NO. 28

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Source: Seventh Circuit Model Instructions 1.32**

## INSTRUCTION NO. 29

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Source: Seventh Circuit Model Instructions 1.33**

## INSTRUCTION NO. 30

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Source: Seventh Circuit Model Instructions 1.34**

KD_14310879_4.docx

33