UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION OF MOTION *IN LIMINE***

Plaintiff, Taryn N. Duis, by counsel hereby respectfully submits the following Response to Defendant's Motion *in Limine*.

**1.  Any opinion regarding Taryn N. Duis's medical conditions, causation, treatments, prognosis, or interpretation of any medical records offered by Duis or any of her lay witnesses without an adequate foundation.**

Defendant's Motion *In Limine* seeks to preclude "Duis or any of her lay witnesses attempt to testify about the cause of any medical condition Duis may have had or continues to have, the effects of any such medical condition, or that any such medical condition or its effects were caused by the actions of Franciscan." [See Defendant's Motion *In Limine* pp. 3-4]. Such a broad limitation on testimony here is without merit. Notably, one of Duis' primary claims here revolves around her belief that Defendant terminated due to her pregnancy, her complaints of discrimination, and the need for leave under the Family Medical Leave Act due to her pregnancy. Here, Duis and other witnesses should be allowed to testify based on their personal knowledge as to their knowledge of Duis' pregnancy and how Defendant's actions may have impacted Duis on an emotional level.  Under the Federal Rules of Evidence, "[a] witness may

testify to a matter... if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  At trial, Ms. Duis and others are expected to testify regarding personal knowledge of her pregnancy and how Defendant's actions against her impacted Duis.  Moreover, documents maintained by Defendant regarding Duis' pregnancy and/or FMLA are admissible at trial through documents under the "business records" exception found in Rule 803(6), Fed.R.Evid.803(6)

Plaintiffs may testify to the existence and cause of her own psychological injuries and non-economic damages. "[E]xpert medical evidence is not required to prove emotional distress in section 1983 cases." *Bolden v. Se. Pennsylvania Transp. Auth.,* 21 F.3d 29, 36 (3d Cir. 1994); *McKenna v. City of Philadelphia,* 363 F. Supp. 2d 446, 463 (E.D. Pa. 2009) ("because of the remedial purpose of civil rights laws, courts have applied a relaxed causation standard in Title VII cases and have not required expert testimony to prove a defendant's actions caused a plaintiff emotional distress.") (citing *Bolden,* 21 F.3d at 35-36); S*ee also Crosby v. State Corr. Inst. at Greensburg,* No. CIV.A. 08-1506, 2011WL284098, at *5 (W.D. Pa. Jan. 25, 2011) ("It is well-settled that expert medical testimony is not required to support recovery for emotional distress" in Title VII cases.).

There is absolutely no requirement that injured parties prove compensatory damages with medical records or expert testimony, and the plaintiff's testimony is alone sufficient. *Deloughery v. City of Chicago*, 422 F.3d 611, 619-620 (7th Cir. 2005); *Tullis v. Townley Engineering & Man. Co., Inc*., 243 F.3d 1058, 1068 (7th Cir. 2001); *Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 580 (7th Cir. 1996).  Thus, to the extent that Defendant asks this Court to completely preclude Duis or others from testifying to the presence

2

and cause of Duis' own psychological injuries and non-economic damages, Defendant's *Motion in Limine* should be denied.

**2.      Settlement discussions and negotiations between the parties**

No Objection.

**3.      That Franciscan is insured or may have insurance regarding liability in this case.**

No Objection.

**4.      Any "Golden Rule" argument made by counsel**

No Objection.

**5.      Any evidence or reference to individuals who have not been identified as comparators during the discovery phase of this case and presenting witnesses not identified on Duis' Witness List.**

Defendant's *Motion in Limine* seeks to preclude Duis from identifying other comparators during trial as this would be unduly prejudice Franciscan.  Moreover, Defendant seeks to preclude Duis from presenting witnesses not on their final witness list.  Defendant's requests should be denied.  As an initial matter Plaintiff cannot predict the exact testimony of either Plaintiff's or Defendant's witnesses that will occur at the trial of this matter and thus granting such *a Motion in Limine* is premature.  Moreover, both parties should have the right to call witnesses, that may be new, for purposes of rebuttal, impeachment, or authentication.  Issues relating to the presentation of witnesses should be handled on a witness-by-witness basis.  Finally, evidence may be submitted at trial through documents under the "business records" exception found in Rule 803(6), Fed.R.Evid.803(6).  Thus, a complete ban on evidence or reference to individuals as comparators outside of the five (5) individuals listed by Defendant on their *Motion In Limine* would seemingly preclude reference to any individuals who may have

information relevant to this case even through documents already produced in this case.  For these reasons Defendant's request should be denied.

**6.     Comments by Duis's witnesses or counsel regarding opinions or statements of health care providers either not listed as witnesses, or not subpoenaed, for whom no showing of unavailability has been made**

Defendant requests a blanket prohibition regarding Duis, Duis's counsel, or Duis's' witnesses remarking upon statements or opinions supposedly made by health care providers who have either not been listed as witnesses for trial, or who have not been subpoenaed to testify at trial.  As noted above in Section 1, such a prohibition is overly broad in light of the fact that Duis' claims involve both a medical condition (pregnancy) and the need for family medical leave upon the birth of Duis' child.  Evidence regarding both of these issues should not be precluded in any way.

**7.     Testimony that another witness has testified truthfully**

Defendant seeks to limit testimony that another witness has testified truthfully.  Plaintiff objects to this broad limitation.  While a witness cannot comment on the veracity of the *testimony* of another witness, *United States v. Nunez,* 532 F.3d 645, 652 (7th Cir. 2008), a party may introduce "testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character," Fed. R. Evid. 608(a). *See also United States v. Holt,* 486 F.3d 997, 1001 (7th Cir. 2007) ("Thus, in this case, Holt could have put forth witnesses who would testify either that in their personal opinions Officers Connolly and Corcoran are not truthful people, or that the officers have a reputation for untruthfulness.").   Thus, a broad limitation regarding witnesses, under all circumstances, on the character of truthfulness of other witnesses should not be allowed.

Moreover, according to Fed.R.Evid. 608(a):

4

>**(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.  Fed.R.Evid. 608(a)

Accordingly, Defendant's request in that it seeks to broadly limit the ability to attack a witness's credibility or truthfulness should be denied.

**8.     Reference to the size, number of attorneys, or location of Franciscan's counsel's law firm.**

Plaintiff objects to this issue only as it pertains to potentially disallowing such information during Void Dire.  Questioning potential jurors who may know or be familiar with particular attorneys for Defendant's law firm should be allowed during Voir Dire.

**9.     Reference to the net worth, revenues, or assets of Franciscan or by Duis by comparison.**

Defendant requests that the Court exclude evidence related to Franciscan's economic wealth.  Plaintiff objects to this request.  "A defendant's financial condition is relevant to the pursuit of punitive damages." *Platcher v. Health Professionals, Ltd.,* No. 04-1442, 2007 WL 2772855, at *2 (C.D. Ill. Sept. 18, 2007) (finding that the individual defendants' financial condition is discoverable in relation to a punitive damages claim against them); *see also El-Bakly v. Autozone, Inc.,* No. 04 C 2767, 2008 WL 1774962, at *5 (N.D. Ill. April 16, 2008) (finding evidence of financial status relevant to the award of punitive damages); *Southern California Housing Rights Ctr. v. Krug,* No. CV06-1420SJOJCX, 2006 WL 4122148, at *2 (C.D. Cal. Sept. 5, 2006) (finding that the individual defendants' net worth and financial condition, in a case alleging violations of the Fair Housing Act, were relevant to establish the appropriate amount of punitive damages).

5

Evidence regarding Defendant's net worth and relative net worth is relevant to the issue of punitive damages, as the jury must be able to determine what an adequate amount would be to punish and deter future conduct relevant to the size of the organization.  *See E.E. O.C. v Staffing Network,* No. 02 C 1591, 2002 WL 31473840 * 4 (N.D.Ill. Nov. 4 2002) (stating that a majority of courts addressing the issue have found evidence of corporate defendants' financial information is relative to the issue of punitive damages).  Thus, because the danger of any unfair prejudice is not outweighed by the probative value of this evidence Defendant's motion on this issue should be denied.

**10.     This motion, or any ruling thereon**

No Objection.

Respectfully Submitted,

*/s/ Ryan C. Fox*
Ryan C. Fox
Ryan P. Sink
Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, Indiana 46220
rfox@foxsinklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 17th day of February, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

>                    */s/ Ryan C. Fox*
>                    Ryan C. Fox