UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | CAUSE NO: 2:20-CV-78-APR |
| ) | |
| FRANCISCAN ALLIANCE INC., a/k/a ) | |
| FRANCISCAN HEALTH CROWN ) | |
| POINT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S COMBINED RESPONSE
## TO PLAINTIFF'S MOTION *IN LIMINE*

Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel, submits this Combined Response to the Motion *in Limine* [ECF 56] filed by Plaintiff Taryn N. Duis ("Duis").

### INTRODUCTION AND SUMMARY

Duis worked as a registered nurse in the Progressive Care Unit ("PCU") at Franciscan's Crown Point, Indiana facility. Franciscan suspended Duis and ultimately terminated her for not meeting the legitimate expectations of the job; including her unacceptable response to a patient's request for pain medication, "I don't give a fuck if that patient wants pain meds. He can wait. He should have taken it before[,]" and her continued inappropriate behavior when meeting with Dawn Scott, Franciscan's Chief Nursing Officer. Duis incorrectly claims Franciscan discriminated and retaliated against her based on her pregnancy and her plans to take maternity leave.

Duis's *Motion in Limine* seeks to exclude six categories of evidence at trial, (a) through (e). Franciscan objects to only three of Duis's requested exclusions, as follows:

- Category (c) – Documents provided to the Department of Workforce Development regarding Duis's claim for unemployment;

- Category (d) – Co-Worker Statement of Fact Forms; and

- Category (f) – Evidence relating to the disposition on summary judgment of Duis's Indiana common law claim for retaliatory discharge.

As to Category (c), Franciscan objects because Duis is not entitled to a sweeping exclusion of any evidence pertaining to her claim for unemployment benefits. Duis's argument relies on a an overly expansive reading of Indiana Code § 22-4-17-12(h). In actuality, Indiana Code § 22-4-17-12(h) only excludes evidence of a "finding of fact, judgment, conclusion, or final order" of the Review Board of the Indiana Department of Workforce Development ("Review Board"). The statute does not exclude "all documents provided by the parties regarding workforce development's determination regarding Duis's termination[,]" as Duis claims. [ECF 57, p. 6].

As to Category (d), Franciscan objects because the statements at issue are not inadmissible hearsay, as Duis claims. Franciscan is not proffering the statements Duis's coworkers made to her supervisor, Linda Steinhilber, for the truth of the matter asserted. Instead, Franciscan will offer these coworkers' statements as proof of the information considered and relied upon by Franciscan's management team as it investigated Duis's conduct and performance and then recommended corrective action. The statements are not hearsay and are fully admissible.

Finally, with regard to Category (f), while Franciscan does not object to an exclusion of evidence showing entry of summary judgment in Franciscan's favor on Duis's common law retaliatory discharge claim, Franciscan objects to exclusion of the underlying *facts* relating to that claim. These background facts are relevant for the jury to understand the full scope of Duis's employment relationship with Franciscan, and they significantly overlap with the facts relevant to Duis's remaining causes of actions and Franciscan's defenses to them. Franciscan should be permitted to introduce evidence of these facts at trial.

**LEGAL STANDARD**

Federal Rule of Evidence 104 provides in part: "Preliminary questions concerning … admissibility of evidence shall be determined by the Court." *Ocasio v. Turner*, 2015 WL 13817409, at *1 (N.D. Ind. Sept. 15, 2015). "Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review." *Id*. "Courts may bar evidence in limine '"only when evidence is clearly inadmissible on all potential grounds."' *Id*. (quoting *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Dartey*, 104 F. Supp. 2d at 1020 (quoting *Hawthorne Partners v. AT & T Technologies,* 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993)).

**ARGUMENT**

**I.    Category (a): Post-Employment and Mitigation Income.**

Franciscan has no objection to exclusion of evidence at trial showing Duis's front pay and back pay.

**II.    Category (b): EEOC Notice of Dismissal and Right to Sue.**

Franciscan has no objection to exclusion of evidence at trial showing that the EEOC issued a no-cause finding and Notice of Dismissal and Right to Sue.

**III.    Category (c): Documents Regarding Claim for Unemployment.**

Duis argues Franciscan should be precluded from offering "***any*** documents related to Duis's unemployment proceedings", whether "provided to or from either party." [ECF 57, p. 5] (emphasis added). Duis is overreaching. In seeking to exclude any document related to her attempts to obtain unemployment benefits, Duis stretches the language of Indiana Code § 22-4-17-12(h) too far. Contrary to Duis's expansive reading, the statute only precludes a "finding of

fact, judgment, conclusion, or final order" of the Review Board from being "used as evidence in a separate or subsequent action or proceeding" between the individual and her prior employer. Ind. Code § 22-4-17-12(h). Thus, the only evidence the statute would validly exclude in this case is an order or determination issued by the Review Board itself.

Despite the plain language of Ind. Code § 22-4-17-12(h), Duis seeks exclusion of anything she or Franciscan sent to the Department of Workforce Development, including "claims, statements, vouchers . . . testimony, and evidence presented at the employment hearing." [ECF 57, p. 6]. By Duis's logic, any piece of evidence – no matter how relevant or dispositive to this case – has been rendered inadmissible simply because she (or Franciscan) shared it with DWD. Obviously, that is not the intent behind Ind. Code § 22-4-17-12(h), nor should it be. Duis is not entitled to any such exclusion of evidence at trial.

Furthermore, Ind. Code § 22-4-17-12(h) is not binding on this Court's admissibility determination. "[S]tate statute does not bind a federal court as to the admissibility of evidence[.]" *Fulmore v. Home Depot, U.S.A., Inc.*, No. 1:03 CV 0797 DFH VSS, 2006 WL 839460, at *8 n.4 (S.D. Ind. Mar. 30, 2006). Federal law determines the admissibility of evidence in federal court. *U.S. v. Wilderness*, 160 F.3d 1173, 1175 (7th Cir. 1998). Notably, in *Fulmore*, the court disregarded the evidence of the Indiana Department of Workforce Development's **findings**, but on the basis that such **findings** *were hearsay* if offered to prove that the determination was true. 2006 WL 839460, at *8 n.4. The court in *Fulmore*, while taking into account the state statute, based its decision on federal law. *Id.* Additionally, it did not exclude the evidence of documents that were submitted to Indiana Department of Workforce Development or other evidence related to that proceeding. *Id.* Based on applicable law, Duis is not entitled to a blanket exclusion of all

4

documents regarding her claim for unemployment. Duis's Motion *in Limine* as to Category (c) should be denied.

## IV. Category (d): Co-Worker Statements of Fact.

Duis seeks to exclude a series of witness accounts her coworkers made to Duis's supervisor, Linda Steinhilber, asserting they are inadmissible hearsay. [ECF 57, pp. 6, 7]. Duis's coworkers provided these accounts to Steinhilber during the course of Steinhilber's investigation into the patient call-light incident that prompted Franciscan to suspend and ultimately terminate Duis. The employees provided their statements to Steinhilber verbally while she took notes, and Steinhilber then had the statements transcribed onto separate Coworker Statement of Facts Forms ("Forms") signed by each of the witnesses. Franciscan produced these Forms in discovery.[1] The specific witness accounts at issue are as follows:

| Jen Justice | PCA K.B. informed [Duis] her patient was requesting pain medication. [Duis] replied, I don't give a fuck if that patient wants s [sic] pain meds. He can wait. He should have taken it before. |
|---|---|
| Christine Rogalski | Recalls hearing [Duis] stating the patient would have to wait for pain medication but cannot recall the exact words.<br><br>[Duis] has stated in the nurse's station she hates being a nurse and doesn't know if she is coming back after October. |
| Heather Wyatt | Heather Wyatt reports the float staff do not want to float to the PCU related to the negativity and the behavior of nurses including Taryn Duis. |
| Connie Snow | [Duis] was excited, stating she hates being a nurse and doesn't want to come back after October. Connie described [Duis's] appearance as elevated and anxious. |

---

[1] Bates numbers Franciscan000031 – Franciscan000036. [*See also* ECF 29-3, pp. 7 – 12].

5

| Carrie Renchen | [Duis] was present at the uniform fitting and was upset about the fit of the uniforms. [Duis] was loud and argumentative with the staff assisting with the fitting. |
| --- | --- |
| | [Duis] refused to accept the answers she was given during the fitting. She was confrontational with the volunteers/Franciscan staff working the event. |

According to Duis, if Franciscan "does not call these witnesses/declarants to trial, then said statements would be considered hearsay and should not be admitted." [ECF 57, pp. 6 – 7]. Duis's position ignores the purpose for which Franciscan will offer this evidence at trial. The jury will not be asked to determine whether it agreed with Franciscan's termination or even whether all of the information upon which Franciscan based its determination turned out to be true. The question will be whether Franciscan terminated Duis because she was pregnant. Thus, the witness statements will not be offered to prove the truth of the facts asserted in them, but to show Steinhilber's and the other involved decision makers' state of mind and information considered when evaluating Duis's performance and taking corrective action. The witness accounts are not hearsay because Franciscan is not offering them for the truth of the matter asserted.

Hearsay is an out of court statement offered in evidence to prove the truth of the matter asserted Fed. R. Evid. 801; *U.S. v. Briseno*, 2014 WL 12682283, at *1 (N.D. Ind. Dec. 30, 2014). "Federal Rule of Evidence 802 generally prohibits the admission of hearsay." *Meyer v. The Sch. Town of Highland, Ind*, 2007 WL 2962648, at *4 (N.D. Ind. Oct. 9, 2007). However, by definition, a statement is not hearsay if it is not being offered to prove the truth of the matter asserted. *Id*. at *5.

As with many discrimination and retaliation cases, a key question is "whether [Duis] performed poorly and whether that poor performance caused her termination . . . [because] these questions go to her prima facie case, the nondiscriminatory reasons for her termination, and

6

whether those reasons were pretextual." *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 574 (7th Cir. 2021). In considering whether Duis met Franciscan's legitimate job expectations, "[t]he proper inquiry mandates looking at [Duis's] job performance through the eyes of her supervisors at the time." *Id*. at 575. "The question is not whether [the employer's performance] ratings were *right* but whether the employer's description of its reasons is *honest*." *Id*. (italics in original). Accordingly, in wrongful discharge and discrimination cases, evidence "demonstrating the employer's state of mind is of crucial importance." *Garner v. Missouri Dep't of Mental Health*, 439 F.3d 958, 960 (8th Cir. 2006).

A statement offered to show the state of mind of a supervisor or other decision maker at the time they evaluated an employee's performance is not hearsay because it is not offered for the truth of the matter asserted. *See Luckie v. Ameritech*, 389 F.3d 708, 716 (7th Cir. 2004). Such statements "are not hearsay because they are not offered to show that [the plaintiff] in fact engaged in the conduct complained of, but to show [the supervisor's] state of mind when he made his recommendation." *Khungar*, 985 F.3d at 575-76 (holding out-of-court statements by patients' parents and other staff complaining about plaintiff were admissible non-hearsay); *see also Goswami v. DePaul Univ.*, 2015 WL 251304, at *7 (N.D. Ill. Jan. 20, 2015) ("If the conversations with Rottenberg and the unnamed faculty members are offered merely to show that they formed the basis for Professor Birmingham feeling as she did about the plaintiff, the evidence is not hearsay.").

The Seventh Circuit's holding in *Luckie v. Ameritech Corp.*, 389 F.3d 708 (7th Cir. 2004), is squarely on point and highly instructive. In defending against the plaintiff's racial harassment and retaliation claims under Title VII, the employer in *Luckie* proffered evidence of a coworkers'

7

out-of-court statement about the plaintiff's negative attitude to the plaintiff's supervisor. In holding the statement was not hearsay, the Seventh Circuit observed:

> [Plaintiff] claims that the district court erred by refusing to strike as hearsay: (1) a portion of [the supervisor's] affidavit pertaining to a conversation with Doug Heath, in which Heath stated that [Plaintiff] had a "toxic effect" on the department; and (2) a portion of Marvin's affidavit relating to her conversations with [the supervisor] regarding [Plaintiff].
>
> \*   \*   \*
>
> Neither of the two statements at issue is hearsay because they were not offered to prove the truth of the matter asserted. FED. R. CIV. P. 801(c). Rather, **each statement was offered to show [the supervisor's] state of mind at the time she was evaluating [Plaintiff's] performance.** The evidence was therefore properly considered by the district court.

*Id*. at 715-16 (emphases added, internal citations omitted).

Like the employer in *Luckie*, Franciscan will not be offering the Forms and the witness accounts they contain to show that Duis in fact engaged in the underlying conduct that prompted Franciscan's investigation. While witnesses may testify to making these statements to Steinhilber, these statements are admissible, even without specific witness testimony that such statements were made. Franciscan will offer the Forms to establish that Steinhilber conducted an investigation involving interviews with Duis's coworkers, that Duis's coworkers reported on what they had witnessed, and that Franciscan's decision makers considered these reports in forming their state of mind as they were evaluating Duis's performance and determining appropriate corrective action.[2]

Given that the coworkers' statements are probative of Franciscan's honestly held belief that Duis was not providing compassionate care to patients, Franciscan is not offering the

---

[2] Steinhilber will also testify at trial based on her personal knowledge of the investigation she conducted, who she interviewed, what actions she took during the investigation, her own state of mind at the time, and her findings and recommendations.

8

statements for the truth of the matter asserted. The statements therefore are not hearsay. They are admissible. As to Category (d), Duis's Motion *in Limine* should be denied.

## V.     Category (e): Entire Deposition Transcripts.

Franciscan has no objection to limiting the use of entire deposition transcripts at trial as contemplated by Rule 32 and the Federal Rules of Evidence.

## VI.    Category (f): Evidence Showing Disposition of Duis's Retaliatory Discharge Claim.

Finally, Duis seeks to exclude evidence showing the Court's entry of summary judgment in Franciscan's favor on her Indiana common law claim for retaliatory discharge. [ECF 57, pp. 7, 8]. In its Opinion and Order entered on July 29, 2022, the Court granted summary judgment in Franciscan's favor on this claim because "Duis [did] not put forth any evidence" that her termination was caused by a refusal to obey an order given by her supervisor, Steinhilber. [ECF 42, p. 22]. Duis claims evidence of the Court's ruling would unduly prejudice her and should be barred under Fed. R. Evid. 403. [ECF 57, p. 8].

Franciscan has no objection to the requested exclusion as it pertains to the existence of Duis's retaliatory discharge claim and the Court's Opinion and Order entering summary judgment thereon. Franciscan does not intend to and will not seek to introduce evidence on these topics.

That said, Franciscan objects to this requested exclusion to the extent it would preclude introduction of the substantive ***facts*** upon which Duis based her common law retaliatory discharge action. Franciscan should be permitted to introduce evidence of the relevant events underlying this claim – for example, that Duis had a conflict with another nurse, Dawn Smith, during a night shift on April 11, 2019, which caused Duis (pregnant at the time) to have symptoms of anxiety; that Steinhilber called Duis to check on her; that Duis claims Steinhilber "ordered" Duis in that call to

9

lie to Human Resources about Smith's conduct; and that Steinhilber, for her part, maintains she simply told Duis she should report her concerns about Smith to Human Resources. [ECF 42, p. 4].

These are important background facts that are relevant for the jury to understand the full scope of Duis's employment relationship with Franciscan and her interactions with her supervisor. Not surprisingly, these facts overlap and bleed into Franciscan's defenses to Duis's other substantive causes of actions – pregnancy discrimination and retaliation and FMLA interference and retaliation. They are part of the totality of the circumstances of this case and should not be excluded merely because Duis could not make the required evidentiary showing to stave off summary judgment. *See Iron Dynamics v. Alstom Power, Inc.*, 2008 WL 2078621, at *9 (N.D. Ind. May 15, 2008) (denying in part motion *in limine* as overbroad where underlying facts pertaining to dismissed claim may also be relevant to claim remaining for trial); *Jackson v. Allen*, 2011 WL 1565859, at *3 (N.D. Ind. Apr. 25, 2011) (permitting evidence of the underlying circumstances leading to defendant's use of force but precluding reference to dismissed claims); *Hurt v. Vantlin*, 2019 WL 6828153, at *15 (S.D. Ind. Dec. 13, 2019) (granting plaintiffs' motion *in limine* as to evidence of dismissed claims themselves but denying as to admissions in pleadings).

While Franciscan will not offer evidence of the Court's summary judgment on Duis's common law retaliatory discharge claim, Franciscan should be permitted to introduce evidence of the underlying facts. At the very least, such evidence should not be excluded by an order in *limine* before the Court has an opportunity to see the context in which Franciscan offers the evidence. As such, category (f), Duis's Motion *in Limine* should be denied except as it pertains to "reference to the dismissed claims themselves, the fact of dismissal, and the allegations of the parties asserting the dismissed claims as asserted by those parties." *Madani v. Equilon Enterprises, LLC*, 2009 WL 3789133, at *2 (C.D. Cal. July 2, 2009).

## **CONCLUSION**

For the foregoing reasons, Duis's Motion *in Limine* should be denied as to Categories (c), (d) and (f), except as qualified herein. Franciscan has no objection to the exclusions Duis requests for Categories (a), (b) and (e).

Respectfully Submitted,

By:    Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
               (317) 238-6330
Facsimile: (317) 636-1507
Email: aadolay@kdlegal.com
        eroberson@kdlegal.com

Robert A. Anderson, Atty. No. 15359-71
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Telephone: (219) 227-6100
Facsimile: (219) 227-6101
Email: randerson@kdlegal.com
*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14469327_6.docx