UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TARYN N. DUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-78 |
| | ) | |
| FRANCISCAN ALLIANCE INC., a/k/a | ) | |
| FRANCISCAN HEALTH CROWN | ) | |
| POINT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At the close of the evidence and before the argument of counsel, the Court indicates that

it will give to the jury, after argument of counsel, Court's Instructions numbered 1 through 22,

inclusive.

ENTERED this 9th day of March, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge

COURT'S INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

7TH1.01

COURT'S INSTRUCTION NO. 2

In this case, the defendant is a corporation, Franciscan Alliance Inc., a/k/a Franciscan Health Crown Point. All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

7TH1.03

COURT'S INSTRUCTION NO. 3

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

7TH1.04

COURT'S INSTRUCTION NO. 4

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

7TH1.06

COURT'S INSTRUCTION NO. 5

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

7TH1.08

COURT'S INSTRUCTION NO. 6

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law, we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

7TH1.11

COURT'S INSTRUCTION NO. 7

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

7TH1.12

COURT'S INSTRUCTION NO. 8

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

7TH1.13

COURT'S INSTRUCTION NO. 9

You may consider prior inconsistent statements given by a witness under oath before trial as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give that testimony.

7TH1.14

COURT'S INSTRUCTION NO. 10

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

7TH1.17

COURT'S INSTRUCTION NO. 11

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

7TH1.27

COURT'S INSTRUCTION NO. 12

Plaintiff claims that she was terminated by Defendant because of her pregnancy. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was terminated by Defendant because of her pregnancy. To determine that Plaintiff was terminated because of her pregnancy, you must decide that Defendant would not have terminated Plaintiff had she not been pregnant but everything else had been the same.

Often, events have multiple but-for causes. When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. So long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

7TH3.01
*Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020)

COURT'S INSTRUCTION NO. 13

In order for Plaintiff to prove her claim under the Family Medical Leave Act ("FMLA") that Defendant interfered with her right to take FMLA leave in violation of the FMLA, she must prove by a preponderance of the evidence that:

1. She was entitled to FMLA leave;

2. The termination of Plaintiff's employment by the Defendant interfered with her right to take FMLA leave; and

3. The Defendant's action was related to Plaintiff's exercise or attempted exercise of her FMLA rights.

If you find that Plaintiff has failed to prove one or more of these propositions by a preponderance of the evidence, then you must find against her on her interference claim and in favor of Defendant.

If, on the other hand, you find that Plaintiff has proved all these elements by a preponderance of the evidence, then you must find in favor of the Plaintiff.

7TH10.2

COURT'S INSTRUCTION NO. 14

Plaintiff claims that her employment was terminated by Defendant because Plaintiff may have requested to take FMLA leave in the future. To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that her protected activity under the FMLA was a motivating factor in Defendant's decision to terminate her. The term "motivating factor" means a reason why Defendant took the action that it did. It does not have to be the only reason.

If you find that Plaintiff's protected activity motivated Defendant to terminate her, you must find for Plaintiff – unless you decide that Defendant has proved by a preponderance of the evidence that it would have terminated her even if Plaintiff had not engaged in protected activity.

If you find that Defendant has proved that, then you must find for Defendant. If you find that Defendant has not proved that, then you must find for Plaintiff.

7TH10.4

COURT'S INSTRUCTION NO. 15

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant terminated her because of her pregnancy, and/or in retaliation for her complaints of pregnancy discrimination or because she may have requested to take FMLA leave in the future.

7TH3.07

COURT'S INSTRUCTION NO. 16

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

7TH1.31

COURT'S INSTRUCTION NO. 17

If you find that Plaintiff has proved her claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

7TH3.09

COURT'S INSTRUCTION NO. 18

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2. The reasonable value of medical care that Plaintiff reasonably needed and actually received.

7TH 3.10

COURT'S INSTRUCTION NO. 19

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that the conduct of Defendant's managerial employee(s) was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition; and

- The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

7TH3.13

COURT'S INSTRUCTION NO. 20

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill, date, and sign the appropriate form.

7TH1.32

COURT'S INSTRUCTION NO. 21

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the court personnel, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

7TH1.33

COURT'S INSTRUCTION NO. 22

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

7TH1.34