UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF BILL OF COSTS**

Plaintiff, Taryn N. Duis (hereinafter "Plaintiff" and/or "Duis"), by counsel, respectfully submits her Brief in Support of Bill of Costs and respectfully requests that costs in the amount of $ 2,053.11 be taxed against Defendant Franciscan Alliance, Inc (Defendant) and be included in the Court's Judgment of March 10, 2023.  Concurrent with this Brief Plaintiff will file her Motion for Attorney Fees and Expenses and along with her Memorandum in Support.

As the prevailing party, Plaintiff is entitled to an award of costs. 28 U.S.C. § 1920; Fed. R. Civ. Pro. 54(d); U.S. Neurosurgical, Inc. v. City of Chicago, 572 F.3d 325, 333 (7th Cir. 2009). Recoverable costs include: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923...; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services...." 28

U.S.C. § 1920.  Here, Plaintiff has incurred costs regarding copying, depositions, transcripts, witness fees, and filing fees.

**A. Filing Costs:**

Plaintiff incurred a court filing fee of $400.00 which is recoverable pursuant to 28 U.S.C. § 1920(1).

**B.     Deposition Costs:**

Plaintiff also incurred costs with regards to the depositions of Taryn Duis, Linda Steinhilber, and Dawn Scott.  It is well settled in the Seventh Circuit that "deposition costs (including transcripts) as well as pretrial and trial transcripts" constitute recoverable costs pursuant to 28 U.S.C. § 1920(2). *Weeks v. Samsung Heavy Indus. Co*., 126 F.3d 926, 945 (7th Cir. 1996).  "[I]ntroduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition." *Voight v. Subaru-Isuzu Automotive, Inc*., 141 F.R.D. 99, 103 (N.D. Ind. 1992).  Plaintiff deposed both Ms. Scott and Ms. Steinhilber.  It was reasonably necessary for Plaintiff to depose these two individuals as well as to obtain a copy of their transcript.  Similarly, Defendant took Plaintiff's deposition.  A court may award costs for both video-recording and stenographic transcripts of depositions. *Little v. Mitsubishi Motors N. Am., Inc*., 514 F.3d 699, 700-701 (7th Cir. 2008). Copies for all these deposition transcripts were necessary in responding to Defendant's Motion for Summary Judgment and for the trial of this matter.

**C.     Witness Fees**

Plaintiff also incurred witness fees of $ 102.69.  Thes checks were cashed by Kim Buchanan and Dawn Scott.  Plaintiff is entitled to recover fees for all witnesses. 28 U.S.C. §

1920(3).

**D.      Fees For Copying:**

Plaintiff incurred copying expenses of $86.20. Plaintiff's copying expenses fall within the following categories: (a) fees paid for copies of medical records obtained from Plaintiff's medical providers; (b) copies of documents produced in discovery by Plaintiff; and (c) copies of documents, exhibits, and demonstrative exhibits for use at trial. All of the above were necessarily obtained for use in the case, and are therefore recoverable. 28 U.S.C. § 1920(4). It was necessary to make copies of documents for production in discovery and use in trial of this case.

**E.      Conclusion:**

For the foregoing reasons, Plaintiff Taryn Duis respectfully requests that this Court Order that costs be taxed in favor of Plaintiff, and against Defendant in the amount of $ 2,053.11.

Respectfully Submitted,

*/s/ Ryan C. Fox*
Ryan C. Fox
Ryan P. Sink
Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, Indiana 46220
rfox@foxsinklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 24th day of March, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

/s/ Ryan C. Fox
Ryan C. Fox