UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN POINT, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO AWARD BACK PAY, PREJUDGMENT INTEREST, AND TAX OFFSET AWARD

Plaintiff, Taryn N. Duis ("Duis"), by counsel, hereby respectfully requests the Court Order Defendant to pay Duis her back pay/lost wages, plus interest, as the prevailing party in this matter, and in support thereof states as follows:

1. Duis filed her Complaint and Demand for Jury Trial against Franciscan Alliance, Inc. ("Defendant") on February 25, 2022, alleging violations of the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, and the Family Medical Leave Act.

2. On March 9, 2023, a jury ruled in Duis' favor and awarded Duis $500,000.00 in compensatory damages, plus $5,000,000.00 in punitive damages.  Duis is a prevailing party under Title VII, the PDA, and FMLA.  Pursuant to the Order on Duis' *Motion in Limine*, the jury did not consider the remedy of back pay.  Back pay is an equitable remedy for the Court to decide.  42 U.S.C. § 2000e-5(g)(1).

3. "Once there has been a finding of employment discrimination, there is a presumption that the employee is entitled to an award of back pay." *Smith v. Casilo*

*Consulting, Inc.*, Cause No. 1:21-cv-0253-HAB (N.D. Ind. Sept. 29, 2022), *citing EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 817-18 (7th Cir. 1990).  Duis must provide proof of the amount of back pay, but she is presumptively entitled to full relief.  *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994); *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 415-25 (1975); *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).  The burden will then shift to Defendant to show that Duis' calculations are in error and/or she failed to mitigate her damages.  *Taylor v. Phillips Indus., Inc.*, 593 F.2d 783, 787 (7th Cir. 1979).

      4.      Here, Duis has sustained the following lost wages as a result of the unlawful termination of her employment from Defendant:

Rate based on 2019 W2:  $25,693.85 / 19 weeks = $1,352.3078 per week

| | |
|---|---|
| DOT: | May 14, 2019 |
| Lost Wage Time Period End: | December 31, 2021 |
| Time Period of Lost wages: | 137 weeks |

Lost Wages:   137 weeks X $1,352.3078 =   $185,266.16

Interim Income:   2019: $11,994.06
                      2020: $61,126.00
                      <u>2021: $46,885.00</u>
                      $120,005.06

**Lost Wages – Interim Income =     $65,261.10**

[Exhibit A, Declaration of Taryn N. Duis with accompanying tax documents].

      5.      Accordingly, Duis is entitled to an award of $65,261.10 in back pay.

      6.      Duis is not seeking lost wages after 2021.  Under the periodic mitigation method of calculating damages, "if a plaintiff's interim earnings in any year exceed the wages she lost due to the discrimination, that excess must not be deducted from any back pay for other years to which plaintiff is entitled to relief."  *Barnett v. PA Consulting*

*Group, Inc.*, 35 F.Supp. 3d 11, 23 (D.D.C. 2014). "Victims of employment discrimination are entitled to the most complete 'makewhole' relief possible." *Id*. Under the periodic mitigation method, Duis only seeks lost wages for 2019, 2020, and 2021.

      7.     Additionally, Duis is entitled to prejudgment interest at the relevant prime interest rate, compounded monthly. *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1046 (7th Cir. 1994); *Baier v. Rohr-Mont Motors, Inc.*, 175 F.Supp.3d 1000, 1011 (N.D. Ill. 2016); *see also Frey v. Coleman*, 903 F.3d 671, 682 (7th Cir. 2019)("Courts award prejudgment interest because 'compensation deferred is compensation reduced by the time value of money,' and only prejudgment interest can make the plaintiff whole."). The average prime interest rate in 2019 was 5%, and the average prime interest rate in 2020 and 2021 was 3.75%. This totals an average prime interest rate of 4.167%. Compounded monthly, this equates to prejudgment interest in the amount of **$8,674.14**.

      8.     Finally, the Seventh Circuit has held that plaintiffs like Duis may be entitled to a tax component award to offset tax liability for a lump-sum of back pay. *EEOC v. Northern Star Hospitality, Inc.*, 777 F.3d 898 (7th Cir. 2015). Upon receipt of the back pay and prejudgment interest amount totaling **$73,935.24**, Duis will be bumped into a higher tax bracket from 12% to 22%. Thus, because these wages should have been taxed at a lower rate of 12%, Duis requests a tax award of $7,393.52, calculated as follows:

    22% X $73,935.24 = $16,265.75

    12% X $73,935.24 = $8,872.23

    Difference: **$7,393.52**

8. In conclusion, Duis respectfully requests an award of $65,261.10 for her back pay, an award of $8,674.14 prejudgment interest, and an award of $7,393.52 to offset her tax liability, totaling **$81,328.76**.

Respectfully Submitted,

*/s/ Ryan P. Sink*
Ryan C. Fox
Ryan P. Sink

Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, IN 46220

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 24th day of March, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

*/s/ Ryan P. Sink*
Ryan P. Sink