**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **TARYN N. DUIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO: 2:20-cv-0078-APR** |
| | ) |
| **FRANCISCAN ALLIANCE INC., a/k/a** | ) |
| **FRANCISCAN HEALTH CROWN** | ) |
| **POINT,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S MOTION TO AWARD LIQUIDATED DAMAGES**

Plaintiff, Taryn N. Duis ("Duis"), by counsel, hereby respectfully requests the

Court Order Defendant to pay Duis her liquidated damages under the Family Medical

Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and in support thereof states as follows:

1.      On March 9, 2023, a jury ruled in Duis' favor and awarded Duis

$500,000.00 in compensatory damages, plus $5,000,000.00 in punitive damages.  Duis is

a prevailing party under Title VII, the PDA, and FMLA.  Per Plaintiff's Motion to Award

Back Pay, Duis' lost wages plus pre-judgment interest equals $73,935.24.   As is her

statutory right, Duis seeks liquidated damages under the FMLA in the amount of

$73,935.24.

2.      Pursuant to 29 U.S.C. § 2617, "[a]ny employer who violates [the FMLA]

shall be liable to any eligible employee . . . an additional amount as liquidated damages

equal to the sum of the amount described in clause (i) and the interest described in clause

(ii), except that if an employer who has violated [the FMLA] proves to the satisfaction of

the court that the act or omission which violated [the FMLA] was in good faith and that

the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA], such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively . . . ."

3.      The Seventh Circuit has declared liquidated damages to be the norm in FMLA cases. *Holder v. Ill. Dept. Corr.*, 751 F.3d 486, 498 (7th Cir. 2012).  To escape liquidated damages, Defendant has the burden of proof to show that its actions were in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of the FMLA.  The jury has already answered this question in this negative.

4.      Final Jury Instruction No. 19 tasked the jury to award punitive damages only if it found that Defendant terminated Plaintiff "in reckless disregard of Plaintiff's rights . . . [i.e] if taken with knowledge that it may violate the law."  The jury found as such and awarded Duis a staggering amount of $5,000,000.00 in punitive damages. Ample evidence at trial established that Linda Steinhilber was aware of the FMLA rights of employees like Ms. Duis, and the jury determined that Ms. Steinhilber terminated Duis because of her pregnancy and corresponding future need for FMLA, in reckless disregard of Duis' rights.  The termination paperwork even explicitly mentioned Ms. Duis' maternity leave.  Further, the jury considered the fact that Human Resources and the Director of Nursing failed to investigate and remedy Duis' claims of discrimination. Consistent with that factual findings and verdict by the jury, Defendant cannot establish its good faith affirmative defense and Duis is entitled to $73,935.24 in liquidated damages.

5.      In conclusion, Duis respectfully requests an award of **$73,935.24** for her liquidated damages under the FMLA.

Respectfully Submitted,

*/s/ Ryan P. Sink*
Ryan C. Fox
Ryan P. Sink

Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, IN 46220

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 24th day of March, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

*/s/ Ryan P. Sink*
Ryan P. Sink