

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **Taryn N. Duis**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:20-cv-0078-PPS |
| ) | |
| FRANCISCAN ALLIANCE INC., a/k/a ) | |
| FRANCISCAN HEALTH CROWN POINT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF BENJAMIN C. ELLIS

I, Benjamin C. Ellis swear under penalty of perjury that the statements contained in this declaration are made freely and voluntarily, that the content of this declaration is based on my personal knowledge, that I am over the age of 18, that I am competent to testify as to the matters contained in this declaration, and that if called upon to testify, my testimony would be as follows:

1. I have been licensed to practice law in the STATE OF INDIANA since 2009. I am a member of the Indiana bar in good standing. I have continuously practiced employment law for more than 13 years.

2. I am admitted to practice law in INDIANA, the SOUTHERN DISTRICT OF INDIANA, the NORTHERN DISTRICT OF INDIANA, and the SEVENTH CIRCUIT COURT OF APPEALS.

3. I am the Managing Partner of the Indianapolis office of HKM EMPLOYMENT ATTORNEYS LLP, a law firm focused on representing employees in employment disputes. HKM was founded in Seattle, Washington in 2007; I was hired to open its Indianapolis office in 2020. HKM currently operates more than 25 offices with more than 60 attorneys nationwide.

4. Previously, I practiced employment litigation at BETZ + BLEVINS and in the Government Litigation Section of the OFFICE OF THE INDIANA ATTORNEY GENERAL.

5. I have extensive experience litigating employment cases on various employment-related matters, including claims under TITLE VII, the PDA, and the FMLA. I offer many types of fee arrangements with clients, including contingency fee engagements to help offset the upfront financial burden for clients.

6. I am aware of the jury's substantial verdict in this matter of $500,000.00 for compensatory damages and $5,000,000.00 for punitive damages. In my opinion, based on my experience in this jurisdiction as well as reports from my colleagues in other jurisdictions around the country as to what it takes to achieve a large recovery in a complex matter against a well-funded and determined opponent, the recovery for Plaintiff in these circumstances is an unqualified success. It could only have been achieved through a combination of courage, tenacity, and the wisdom and overall competence gained through years of hard work.

2

7.    I have been advised that FOX & SINK, LLC is seeking a lodestar hourly rate in this matter of $300.00 per hour.

8.    In my opinion, and based on my experience, $300.00 would be a very reasonable rate to charge clients on an hourly basis in employment-related legal matters in the STATE OF INDIANA that do not involve litigation in federal court. It is further my opinion, based on my experience, that $300.00 per hour is substantially below the current market rate for lawyers of reasonably comparable skill, experience, and reputation in the community who have prevailed in similar fee-shifting civil rights lawsuits.

8.    The fee-shifting provisions of federal civil rights statutes exist to ensure that there is not only a remedy for misconduct such as discrimination, harassment, and retaliation; but that qualified counsel will be available to vindicate such claims. This statutory fee-shifting is critical because federal employment litigation – which often relates to a plaintiff's indefinite loss of income – is prohibitively expensive for most working people.

9.    In cases such as this, the Court should award attorney fees to the prevailing plaintiff at a rate no less than the reasonable hourly rates actually collected by counsel in other matters. To do otherwise would chill qualified counsel from pursuing similar contingent fee cases – particularly where obtaining a fair result for a client involves the years of litigation necessary to bring the matter to trial.

9.    I have no pecuniary or other interest in the outcome of this matter, nor does my firm.

3

This Declaration has been executed by me within the United States of America. I further declare under penalty of perjury that the foregoing is true and correct.

Date: March 23, 2023

Benjamin C. Ellis (Atty No. 28544-49)
Managing Partner
HKM EMPLOYMENT ATTORNEYS LLP