UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
|     Defendant. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Plaintiff, Taryn N. Duis ("Plaintiff" and/or "Duis"), by counsel, respectfully submits her Memorandum of Law in Support of Motion for Attorneys' Fees and Expenses. Concurrent with this Motion Duis also files her Bill of Costs and Brief in Support of her Bill of Costs.

### INTRODUCTION

In May of 2019 Duis was terminated by Defendant. Subsequently, on February 25, 2020, Duis filed her Complaint and Demand for Jury Trial against Defendant. On September 13, 2021, Defendant filed for Motion for Summary Judgment. On July 29, 2022, Defendant's Motion for Summary Judgment was denied with respect to Plaintiff's claims under Title VII / Pregnancy and the FMLA. On March 9, 2023, a jury found in favor of Duis on her claims for sex / pregnancy discrimination under Title VII and for violations of the Family Medical Leave Act against Defendant, awarding total damages to Duis in the amount of $5,000.000.00 in punitive damages and $500,000.00 in compensatory damages. On March 10, 2023, the Clerk entered judgment in these amounts. Here, Duis is indisputably the prevailing party in this case. Duis now seeks

1

recovery of her attorneys' fees, expenses, and witness fees as provided by statute, 42 U.S.C. § 1988(b) – (c), 2000e-5(K) and 29 U.S.C. § 2617(a)(3).

## PROCEDURAL HISTORY

Duis filed suit against Defendant on February 25, 2020. [Dkt. ¶ 1]. From February 25, 2020, through September 3, 2021, Duis engaged in extensive discovery, depositions, correspondence, conference with opposing counsel, motions, conferences with client, conferences with witnesses, case strategy, and research. [Exhibit 1, Declaration of Ryan C. Fox ¶ 7; Exhibit 2 Declaration of Ryan P. Sink ¶ 7]. On September 13, 2021, Defendant filed a Motion for Summary Judgment on all of Plaintiff's Claims. [Dkt. ¶ 29]. Subsequently, Duis filed a Response to Defendant's Motion for Summary Judgment as well as a Response to Defendant's Motion to Strike. [Dkt ¶¶ 32, 35]. On July 29, 2022, the Court denied Defendant's Motion for Summary with respect to Duis' claims under Title VII / PDA and FMLA. [Dkt. ¶42]. Thereafter, Duis engaged in extensive trial preparation including, but not limited to, conferences with client, opposing counsel, and witnesses as well as trial filings through the court. [Exhibit 1 . Fox ¶ 7; Exhibit 2, Sink ¶ 7; Dkt. ¶¶ 44, 54-56, 62]. Trial commenced on March 6, 2023, and the Jury returned a verdict on March 9, 2023. [Dkt. ¶¶ 66, 74].

## ARGUMENT

**1.  As the Prevailing Party, Duis is Entitled to Her Reasonable Fees and Costs:**

Duis is the prevailing party and is entitled to reasonable attorney fees and costs. 42 U.S.C. § 1988(b) – (c), 2000e-5(K) and 29 U.S.C § 2617(a)(3). Pursuant to these statutes, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *See* 42 U.S.C. § 2000e-5(k). "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert, witness

2

fees, and other costs of the action to be paid by the defendant." *See* 29 U.S.C § 2617(a)(3) Despite the seemingly precatory language, the United States Supreme Court has established that a prevailing plaintiff is entitled to fees unless the defendants establish "special circumstances" that would make an award of fees unjust. See, e.g., *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

Thus, as the Seventh Circuit has reiterated, "[a]lthough the language of the fee-shifting statutes vests a district court with 'discretion' to award attorneys' fees to a prevailing party, this court generally has held that 'prevailing civil rights plaintiffs are entitled to their attorneys' fees 'as a matter of course.'" *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 415 (7th Cir. 2005) (internal citation omitted). Here, Duis obtained a jury verdict in her favor on her claims for gender / pregnancy discrimination as well as under the FMLA. The Clerk entered Judgment in her favor on March 10, 2023. [Dkt. ¶ 73]. ("[E]nforceable judgments on the merits . . . create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorneys' fees.") (internal citations omitted); *Hanrahan v. Hampton, 446 U.S. 754, 758* (1980) (per curiam) ("Congress intended to permit the . . . award of counsel fees .. . when a party has prevailed on the merits of at least some of his claims."). Accordingly, Duis is entitled to an award of her reasonable attorneys' fees, and costs. 42 U.S.C. § 1988(b) – (c), 2000e-5(K) and 42 U.S.C. § 2000e-5(k). Duis contemporaneous with this Memorandum also files her Bill of Costs and Brief in Support of Bill of Costs.

**II.    Plaintiff's Attorneys' Rates and Hours are Reasonable:**

The fee award is determined by the "lodestar" calculation:

> The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustment to that fee then may be made as necessary in the particular case.

3

*Blum v. Stenson*, 465 U.S. 886, 888 (1984). The methodology is simple – "[a] court starts by determining the 'lodestar,' which is the attorney's reasonable hourly rate multiplied by the hours the attorney reasonably expended on the litigation . . ." and adjusts, if necessary, from there. *Nichols v. Longo & Associates, Limited*, 4 F.4th 437, 441 (7th Cir. 2021). Throughout the litigation, Duis has been represented by Ryan Fox and Ryan Sink ("Fox & Sink"), an Indianapolis law firm. [Ex. 1 Fox, ¶¶ 4, 6; Ex. 2 Sink ¶ 6]. Both the hourly rates and time dedicated to representing Duis are reasonable.

**A.     Fox and Sink's Attorney Rates are Reasonable Compared with other Market Rates:**

Counsel for Duis have billed this matter at a rate of $300.00 an hour. [Ex. 1 Fox ¶ 8; Ex. 2. Sink ¶ 8]. Counsel for Duis have charged and collected hourly fees at the rate of $300.00 per hour, and above, in employment discrimination and employment related matters. [Id.]. To determine whether these rates are reasonable, this Court must look to the "prevailing market rate":

> To inform and assist the court in the exercise of its discretion [in determining the proper hourly rate], the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable and is referred to—for convenience—as the prevailing market rate.

*Blum*, 465 U.S. at 895 n.11. Duis has attached to her Motion for Award of Attorneys; Fees and Expenses the Declarations of attorneys Gary Johnson of Beckman Lawson, LLP (Exhibit 3), Jason Cleveland of Cleveland Lehner Cassidy LLC (Exhibit 4), Benjamin C. Ellis of HKM Employment Attorneys LLP (Exhibit 5), and Kimberly D. Jeselskis of Jeselskis Brinkerhoff and

4

Joseph LLC (Exhibit 8). All of these attorneys practice law in the state of Indiana and all can attest that the rates assessed by Duis' attorneys are reasonable.

For example, Gary Johnson has continuously practiced employment law in the State of Indiana since 1991 and is a member of the bar in good standing. [Ex. 3 Declaration of Gary Johnson, ¶ 1]. Mr. Johnson is currently a partner with the law firm of Beckman Lawson, LLP and serves as the chair of the firm's Labor and Employment Practice Group, and will serve as the firm's managing partner commencing in April 2023. [Ex. 3 Johnson ¶ 3]. Jason Cleveland has continuously practiced employment law for 13 years and is a member of the Indiana bar in good standing. [Ex. 4, Declaration of Jason Cleveland ¶ 1]. Mr. Cleveland is a co-founding partner of Cleveland Lehner Cassidy LLC, a law firm focused on plaintiff's employment law founded in 2016. [Ex. 4 Cleveland ¶ 3]. Benjamin Ellis has practiced law in the State of Indiana since 2009 and is a member of the Indiana bar in good standing. [Ex. 5 Declaration of Benjamin Ellis ¶ 1]. Mr. Ellis currently serves as the Managing Partner of the Indianapolis office of HKM Employment Attorneys LLP, a law firm focusing on representing employees in employment disputes which operates 25 offices with more than 60 attorneys nationwide. [Ex. 5 Ellis ¶ 3]. Finally, Kimberly Jeselskis has practiced law since 2001 and in the State of Indiana since September of 2002 and is a member of the Indiana and Arizona bar in good standing practicing employment law for over twenty-two (22) years. [Ex. 8 Jeselskis ¶ 1].

All four (4) of these attorneys have attested to the reasonableness of the hourly rates charged by Ryan Fox and Ryan Sink. As they have stated, based on their opinions and experience, an hourly rate of $300.00 is a very reasonable market rate. [Ex. 3 Johnson ¶ 7; Ex. 4 Cleveland ¶ 7, Ex. 5 Ellis ¶ 8, Ex. 8 Jeselskis ¶ 7].

**B.      Fox and Sink's Rate and Hours Expended Are Reasonable:**

Here, the attorney rate of $300.00 charged by Duis' attorneys are more than reasonable, and counsels' hours of 577.3 are reasonable. Indeed, according to Attorney Johnson an hourly rate of $300.00 is well within the range of hourly rates charged by lawyers with similar litigation expertise and experience in the State of Indiana, and even well below the current market rates in the larger legal markets in the state for similar services by lawyers of comparable skill, experience, and reputation. [Ex. 3 Johnson ¶ 7]. Attorneys Cleveland and Jeselskis concur attesting that $300.00 is a very reasonable market rate and in their opinion a $300.00 per hour is in line, if not even well below the current market rate, with those prevailing in the community for services by lawyers of reasonably comparable skill, experience, and reputation. [Ex. 4 Cleveland ¶ 7, Ex. 8 Jeselskis ¶ 7, 8].]. Finally, Attorney Ellis, based on his opinion and experience, attests that $300.00 per hour is substantially below the current market rate for lawyers of reasonably comparable skill, experience, and reputation in the community who have prevailed in similar fee-shifting civil rights lawsuits. [Ex. 5 Ellis ¶ 8].

Both Attorneys Johnson and Cleveland are aware of the jury's substantial verdict in the matter of $500,000.00 for compensatory damages and $5,000.000.00 for punitive damages. [Ex. 3 Johnson ¶ 6, Ex. 4 Cleveland ¶ 6]. According to Attorney Cleveland based on his experience as to what it takes to achieve a large recovery in a complex matter against a well-funded and determined opponent, the recovery for Plaintiff in these circumstances is an unqualified success that could have only been achieved through hard work, years of experience, cleverness, and overall competency. [Ex. 4 Cleveland ¶ 6]. Similarly, Attorney Johnson believes in his opinion and based on his experience litigating matters with reasonably analogous facts, Plaintiff's recovery is an unqualified success that could only have been achieved through hard work, years

6

of experience, exceptional trial skills, and overall competency. [Ex. 3 Johnson ¶ 6]. Attorney Ellis attested that based on his experience in this jurisdiction as well as reports from his colleagues in other jurisdictions around the country as to what it takes to achieve a large recovery in a complex matter against a well-funded opponent and determined opponent, the recovery for Plaintiff in these circumstances is an unqualified success. [Ex, 5 Ellis ¶ 6]. Finally, Attorney Jeselskis attests that recovery for Plaintiff in these circumstances is an unqualified success that could only have been achieved through hard work, experience, and competency. [Ex. 8 Jeselskis ¶¶ 6, 7]. The amount of work required in this matter should not be diminished.

As shown in the FirmCentral time records, Attorneys Fox and Sink devoted a substantial amount of attorney time to litigate this case on behalf of Ms. Duis. In particular, the total amount of hours worked is 577.30. [Exhibit 7, Itemized Billing]. This includes, but is not limited to, pleadings, discovery, depositions, discovery dispute conferences and correspondence, court appearances, motions, conferences with opposing counsel, conferences with client, conferences with witnesses, declarations of witnesses, case strategy, trial strategy, research, defending summary judgment, and ultimately trial wherein Ms. Duis achieved a jury verdict of $5,500,000.00. [Ex. 1 Fox ¶ 7, Ex, 2 Sink ¶ 7, Ex. 7 Itemized Billing]. Of note, Duis total hours also includes unbillable hours in this matter. Duis is not seeking compensation for those unbillable hours bringing her total attorney fees to $170,980.00. Duis' itemized billing statement as of March 23, 2023, is being filed with the Court as an exhibit to her Motion for Fees and Expenses. [Ex, 1 Fox ¶¶ 10, 11, Ex. 2 Sink ¶¶ 10, 11, Ex. 7 Itemized Billing].

As the billing reflects substantial legal work was needed on this matter through discovery requests and responses, depositions, and the full briefing of Summary Judgment. Moreover, both the pretrial work and jury trial which lasted four (4) days required considerable attorney time.

[Dkt. ¶¶ 54-63, 66-68, and 72]. Duis is also entitled to compensation for her attorneys' fees incurred in the process of seeking attorney fees. *In re Burlington Northern Inc.,* 832 F.2d 430, 434 (7th Cir. 1987). Thus, Duis respectfully requests that Court grant her Motion for Award of Attorney Fees of 577.30 hours worked X the lodestar rate of $300.00 per hour, which equals $173,190.00 minus non-billed hours in the amount of $2,210.00, which equals a total amount of $170,980.00.

**C.     Upward Adjustment Request:**

With the lodestar and hours established, Duis also requests an upward adjustment to the attorney fee award in this case. Per *Perdue v. Kenny A.*, 130 S.Ct. 1662 (2010), "the lodestar calculation 'does not end the [fee] inquiry' because there 'remain other considerations that may lead the district court to adjust the fee upward . . . [in particular when] 'superior attorney performance . . . leads to 'exceptional success . . . .'" *Id*. At 1678. Extraordinary good results can justify an upward adjustment. *Sommerfield v. City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017).

"Once the lodestar amount is calculated, the district court may adjust the amount up or down to take into account various factors regarding the litigation." *Mathur v. Bd. Trustees Southern Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). An adjustment may be based on twelve factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. 424, 430 n.3 (1982). "The degree of success achieved is the most critical

factor." *Branham v. Snow*, 2006 U.S. Dist. LEXIS 42405, *3, No. 1:01-cv-152-JDT-WTL (S.D. Ind. June 19, 2006).  Here, Duis has met many of these factors and most notably, the degree of success.  The jury awarded her $5.5 million dollars, a staggering verdict for an individual disparate treatment case. [Dkt. 73].  In the opinion of attorney Cleveland, "the recovery for Plaintiff in these circumstances is an unqualified success that could only have been achieved through hard work, years of experience, cleverness, and overall competency."  [Ex, 4 Cleveland ¶ 6].  Attorney Johnson also noted that in his opinion and based on his experience litigating matters with analogous facts, Plaintiff's recovery is an unqualified success. [Ex, 3 Johnson ¶ 6].

     Attorney Ellis attested that the fee-shifting provisions of federal civil rights statutes exist to ensure that there is only one remedy for misconduct such as discrimination, harassment, and retaliation; but that qualified counsel will be available to vindicate such claims.  [Ex, 5 Ellis ¶ 8] This statutory fee-shifting is critical because federal employment litigation – which often relates to a Plaintiff's indefinite loss of income – is prohibitively expensive for most working people. [Id at 8].  In cases such as this, the Court should award attorney fees to the prevailing plaintiff at a rate no less than the reasonable hourly rates actually collected by counsel in other matters.  To do otherwise would chill qualified counsel from pursing similar contingent fee cases – particularly where obtaining a fair result for a client involves years of litigation necessary to bring the matter to trial. [Id at 9].  Attorney Ellis adds that in his opinion the $300.00 per hour is substantially below the market rate for lawyers of reasonably comparable skill, experience, and reputation in the community who have prevailed in similar fee-shifting civil rights lawsuits.  [Id at 8].  Finally, Attorney Jeselskis also notes, in her opinion, that in order to incentivize a capable plaintiff's attorney to take a case on a contingency fee basis, it is important that attorneys be awarded at least the reasonable hourly rates that they also collect from clients who pay them on

an hourly basis.  If not, this could have a chilling effect on other qualified counsel's willingness to undertake contingent fee cases like this one.  [Ex, 8 Jeselskis ¶ 8].

The proposed lodestar rate is already below market value, and the degree of success is substantial, thereby warranting an upward adjustment in the Court's discretion.  The case here required substantial time and labor, as the complaint was filed in February of 2020 and the trial did not conclude until March 9, 2023.  [Dkt ¶ ¶ 1, 72].  Attorneys Fox and Sink also had to preclude other representation opportunities in order to prepare for trial in light of the fact that Fox and Sink LLC is a small law firm without any support staff, paralegals, or employees.  [Ex, 1 Fox Declaration ¶ ¶ 12, 13; Ex, 2 Sink Declaration ¶ ¶ 12, 13].

While the Seventh Circuit's decision in *Eirhart v. Libbey-Owens-Ford Co.* rejected the application of a multiplier to a fee award in a Title VII case. *Eihart v. Libbey-Owens Ford Co.*, 996 F. 2d 846, 852 (7th Cir. 1993). This Court has continued to award multipliers in cases involving fee-shifting statutes. *See Estate of Moreland v. Speybroeck*, 2005 U.S. Dist. LEXIS 43575, *32, No. 3:99-cv-607-PS (N.D. Ind. Sept. 27, 2005) (awarding multiplier to fee award in § 1983 case based on the fact that the fee was contingent, the long number of years the attorneys spent on the case, and the societal value of the litigation).  In addition, the Seventh Circuit has continued to recognize the applicability of the twelve factors for upward or downward adjustment to the lodestar amount in Title VII cases following its decision in *Eirhart*. *See, e.g., Mathur*, 317 F.3d at 742.  Thus, Duis requests that the Court award an upward adjustment in this matter, at this Court's discretion.

**III.     Additional Expenses:**

As the prevailing party, Duis is entitled to an award of costs 28 U.S.C. § 1920; Fed.R.Civ.Pro. 54(d); *U.S. Neurological Inc. v. City of Chicago*, 572 F.3d. 325, 333 (7th Cir.

2009). Attorney fee awards include out-of-pocket expenses incurred "in preparation for trial." *Henry v. Webermeier*, 738 F.2d. 188, 192 (7th Cir. 1984). These include travel expenses. *Downes v. Volkswagen of Am.,* 41 F.3d 1132, 1144 (7th Cir. 1994). All of Duis' costs were necessarily incurred in connection with litigation and/or preparation for trial, including travel, hotel stays, meals, and other miscellaneous expenses. Duis respectfully requests that the Court award her total costs of $2,183.47 as outlined in her Bill of Costs and Plaintiff's Brief in Support of Bill of Costs filed on March 24, 2023, along with trial expenses in the amount of $1,538.02 [Exhibit 6 Costs / Trial Expenses].

## CONCLUSION

Duis respectfully requests that the Court grant her Motion for an Award of Attorney Fees and Expenses and award her the following amounts.

Attorney Fees: $170,980.00 (plus an upward adjustment to be determined by the court)

Costs: $2,183.47 (See Plaintiff's Bill of Costs / Brief in Support)

Trial Expenses: $1,538.02 (Mileage, Lodging, Meals)


Respectfully Submitted,


*/s/ Ryan C. Fox*
Ryan C. Fox
Ryan P. Sink
Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, Indiana 46220
rfox@foxsinklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 24th day of March, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

*/s/ Ryan C. Fox*
Ryan C. Fox