UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff. | ) |
| v. | ) CAUSE NO: 2:20-CV-00078-TLS-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT | ) |
| Defendant. | ) |
| | ) |
| | ) |

### PLAINTIFF'S SUPPLEMENTAL VERIFIED ANSWERS TO DEFENDANT'S INTERROGATORRY NOS. 6, 8, AND 15

Plaintiff, Taryn N. Duis ("Duis" and/or "Plaintiff"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, provides the following answers and objections to Defendant's Interrogatories as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. Only relevant and discoverable information shall be provided. Requested information will not be identified or produced if it exceeds the scope of discovery as set forth in Rule 26 of the Federal Rules of Civil Procedure.

2. No attorney/client privilege or work product information shall be produced. To the extent that any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information.

3. Plaintiff reserves the right to object to the use of any answer produced pursuant to these interrogatories in any subsequent proceeding or in the trial of this or any other action on any grounds.

4. Plaintiff reserves the right to object on any ground at any time to a demand for

further responses to these interrogatories.

5.   Plaintiff reserves the right at any time to revise, correct, add to, or clarify any of the responses herein.

6.   Plaintiff objects to the Interrogatories to the extent they impose obligations different or more burdensome than those imposed by the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 6:**   Describe in detail all efforts you have taken to procure other employment since your separation from Defendant, including identifying all prospective employers you have contacted. For each such prospective employer, also state the following:

a. the name, address, telephone number, and contact at each employer;

b. the position sought;

c. whether you interviewed, and if so, the name and title of the interviewer and the date of the interview;

d. whether you completed an application, and if so, the date submitted; and

e. whether you have received any job offers, and if so, the terms of the offer and description of job duties and the status of each. If you rejected the offer, state the reason for the rejecting the offer.

**RESPONSE:** Objection. Defendant's request is overly broad, seeks information irrelevant and not proportional to the needs to the case, to the parties current litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, said request is more appropriate for a deposition in that it requires a narrative response. Subject to and without waving the foregoing objections, and expressly subject to any testimony to be proffered by Plaintiff in a deposition, declaration, or affidavit, Plaintiff states the following:

Pursuant to Fed. R. Civ. P. 33(d) Plaintiff provides Exhibit D which contains information responsive to this Interrogatory.

Plaintiff applied for numerous positions in hospitals near her home as well as local health aid facilities. Plaintiff also utilized Jobs Indeed to search for employment. Records regarding Plaintiff's search for employment would also be available through Indiana Workforce Development. Plaintiff was not offered any positions for these jobs. Plaintiff was able to secure employment as an Acute Dialysis Nurse for Fresenius Care and provides the following:

1.

    A- Fresenius Kidney Care. / 8688 Broadway Avenue, Merrillville, IN 46410

    B- Acute Dialysis Nurse

    C- Interviewed with Regina Boer (Manager) in mid-June 2019.

    D- Submitted an application June 11, 2019.

    E- Received an offer as an Acute Dialysis Nurse where Plaintiff travels to different hospitals to do hemodialysis treatments on patients. Rate of pay is $34.00 an hour with a shift differential of $37.00 an hour. Plaintiff works approximately 40 hours per week.

2.

    A – Bayada Home Health Care Inc., 330 West US Highway 30, Valparaiso, Indiana, 46385

    B – Registered Nurse

    C – Interviewed with Trish DeBat

    D – Completed Application in October 2020

    E- Received an accepted Job Offer dated October 22, 2020. [See Exhibit D – Offer Letter].

3.

    A – Community Home Care - Other aliases.

      Clinical Management Services Inc., 610 N. Halleck Street, DeMotte, IN 46310
      Homecare Services of NW IN, 7895 Broadway #T, Merrillville, IN 46410

B – Home Care Nurse

C - Interviewed with Candace

D – Hired on October 13, 2020

E – Received Offer in September 2020


**INTERROGATORY NO. 8:** State any money or benefits that you have earned or received, or which you were entitled to earn or receive, including, but not limited to, any unemployment compensation benefits and/or disability benefits, after your separation from Defendant, and for all such money or benefits, please state:

    a.    the source of the money or benefits;

    b.    the amount earned or received, or to which you were entitled;

    c.    the dates and period of time over which you received, or were entitled to receive the money or benefits;

    d.    whether you must repay all or some of the money or benefit; and

    e.    whether there is a written document evidencing receipt or entitlement to the money or benefits.

**RESPONSE:** Objection. Defendant's request is overly broad, seeks information irrelevant to the parties current litigation and is not proportional to the needs of the case, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, said request is more appropriate for a deposition in that it requires a narrative response. Subject to and without waving the foregoing objections, and expressly subject to any testimony to be proffered by Plaintiff in a deposition, declaration, or affidavit, Plaintiff states the

following: Pursuant to Fed. R. Civ. P. 33(d) information regarding wages received since termination are included within Exhibit D provided in response to Defendant's First Request for Production of Documents. Answering further Plaintiff provides the following:

Plaintiff received unemployment from approximately May 11, 2019 through July 11, 2019. Plaintiff received approximately $3,120.00 from unemployment. Since her termination Plaintiff has also earned approximately $ 80,000.00.

**INTERROGATORY NO. 15:** Please identify each employer for whom you have worked since you were separated from Defendant, and for each state:

a. the name and address of each employer;

b. date of hire;

c. date of separation;

d. beginning and ending wage rate or salary;

e. the reason for your separation;

f. your supervisor's name; and

g. any and all benefits to which you are/were entitled as an employee.

**RESPONSE:** Objection. Defendant's request is overly broad, seeks information irrelevant to the parties current litigation, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. More specifically, the attached releases of employment records are irrelevant, invasion of Plaintiff's privacy rights, overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, said request is more appropriate for a deposition in that it requires a narrative response. Subject to and without waving the foregoing objections, and expressly subject to any testimony to be proffered

by Plaintiff in a deposition, declaration, or affidavit, Plaintiff states the following: Pursuant to Fed. R. Civ. P. 33(d) information regarding wages received since termination are included within Exhibit D provided in response to Defendant's First Request for Production of Documents. Answering further Plaintiff provides the following:

1.
   a. Fresenius Kidney Care
   b. 7/15/19
   c. Resigned in late August of 2020
   d. $34.00 an hour with shift differential of $37.00 an hour
   e. Seek new employment
   f. Regina Beer
   g. See documents attached within Exhibit D produced in response to Defendant's First Request for Production of Documents along with response to Interrogatory Nos. 6 and 8.

2.
   a. Bayada Home Health Care Inc. [See Exhibit D]
   b. October 22, 2020
   c. Still employed
   d. Hourly pay is $24.50.
   e. Not applicable
   f. Supervisor Jeannie Karbowski
   g. See documents attached within Exhibit D produced in response to Defendant's

First Request for Production of Documents along with response to Interrogatory Nos. 6 and 8.

3.
   a. Community Home Care
   b. October 13, 2020
   c. Still employed
   d. Pay ranges per visit from $35.00 to $89.00 [ See Documents provided within Exhibit D].
   e. Not applicable
   f. Current Manager is Mary Ann Burk
   g. See documents attached within Exhibit D produced in response to Defendant's First Request for Production of Documents along with response to Interrogatory Nos. 6 and 8.

## VERIFICATION

I affirm, under the penalties of perjury, that the foregoing answers to Interrogatories are true and correct.

_____
Taryn N. Duis

As to objections and answers requiring statements or conclusions of law, application of the law to the facts, and assertions of claims or defenses.

_____
Ryan C. Fox
Ryan P. Sink

FOX & SINK, LLC
6177 North College Avenue
Indianapolis, Indiana 46220
Phone: 317-254-8500

Email:	rfox@foxsinklaw.com
	rsink@foxsinklaw.com

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served this 22nd day of January 2021, by email and by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to the following counsel of record:

Amy J. Adolay
Elizabeth M. Roberson
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032

Ryan C. Fox (21631-49)