UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, ) | |
| ) | |
|    Plaintiff. ) | |
| ) | |
|    v. ) | CAUSE NO: 2:20-CV-78-APR |
| ) | |
| FRANCISCAN ALLIANCE INC., a/k/a ) | |
| FRANCISCAN HEALTH CROWN ) | |
| POINT, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

## DEFENDANT'S POST-TRIAL MOTION FOR NEW TRIAL OR, ALTERNATIVELY, FOR REMITTITUR

Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel and pursuant to Rule 59(a)(1) and (e) of the *Federal Rules of Civil Procedure*, respectfully moves the Court for a new trial of this matter or, alternatively, for remittitur of the jury's verdict awarding Plaintiff Taryn Duis ("Duis") $5 million in damages. In support, Franciscan states as follows:

    1.    This pregnancy and FMLA discrimination case was tried before a jury on March 6 – 9, 2023, resulting in a verdict in favor of Duis amounting to $500,000 in compensatory damages plus $5 million in punitive damages.

    2.    Fed. R. Civ. P. 59(a)(1) provides that the Court "may, on motion, grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"

    3.    Moreover, Fed. R. Civ. P. 59(e), permits a party to file a "motion to alter or amend a judgment" no later than 28 days after entry of the judgment.[1]

---

[1] Given that judgment was entered in this matter on March 10, 2023 [Dkt. 73], Franciscan's Post-Trial Motion is timely filed within the 28-day deadline pursuant to Fed. R. Civ. P. 59(b) and (e).

4.  Franciscan is entitled to a new trial in this case for three reasons. First, the "mixed motive" instruction to the jury on causation was in error. While the Court instructed the jury that it could find in favor of Duis if it determined that her pregnancy was a "motivating factor" in her termination, the instruction omitted language specifically recommended by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit indicating that Franciscan could negate Duis's ability to establish damages if Franciscan would still have terminated in the absence of her pregnacny. *See* 7th Cir. Pattern Civ. Jury Inst., § 3.01, cmt. c (2017 rev.); 42 U.S.C. § 2000e5(g)(2)(B).

5.  Second, a new trial is warranted based on the denial of Franciscan's Motion for Judgment as a Matter of Law on punitive damages. Simply put, there was a complete lack of testimony at trial showing Franciscan acted with the requisite malice or reckless indifference to Duis's federally protected rights. Although Duis presented no evidence whatsoever to garner punitive damages, the Court nevertheless gave the jury a punitive damages instruction.

6.  Third, Franciscan is entitled to a new trial because the jury's compensatory and punitive damages awards are "monstrously excessive", such that the only possible conclusion is that the jury "was infected with such an irrational 'inflamed passion' that its liability determination must be questioned." *Fall v. Indiana Univ. Bd. of Trustees*, 33 F. Supp. 2d 729, 739, 1998 WL 941098 (N.D. Ind. 1998). Given the jury's patently excessive damages award – which was wholly untethered to any evidence or testimony adduced at trial – this case presents the "unusual" situation in which a new trial on liability is warranted.

7.  Alternatively, should the Court determine that Franciscan is not entitled to a new trial, a substantial remittitur of the jury's damages award is warranted. For starters, the $5.5 million

award far exceeds the $300,000 statutory maximum Duis may recover under 42 U.S.C. § 1981a(b)(3)(D).

8. Given the evidence in this case (or lack thereof, as it pertains to Duis's burden), the Court should further reduce the jury's compensatory and punitive damages awards to an amount well below the cap. Nothing in Duis's scant testimony about her purported emotional distress bears any rational connection to the amount of compensatory damages the jury awarded her. To the contrary, the jury's $500,000 compensatory damages award is untethered to any evidence at all.

9. Similarly, the Court should also further reduce the jury's $5 million punitive damages award to an amount below the cap. The testimony at trial showed a complete lack of reprehensible conduct on Franciscan's part. The 10 to 1 ratio between the compensatory and punitive components awards strongly indicates the punitive award was excessive. And a $5 million punitive damage award dwarfs amounts given in comparable discrimination cases.

10. For the foregoing reasons, and as discussed in more detail in Franciscan's Memorandum of Law filed contemporaneously herewith, a new trial is warranted. Alternatively, Franciscan seeks remittitur of the jury's damages award.

WHEREOFRE, Franciscan respectfully moves the Court for a new trial of this matter pursuant to Fed. R. Civ. P. 59(a) or, alternatively, for remittitur of the jury's $5.5 million damages award pursuant to Fed. R .Civ. P. 59(e), and for all other proper relief.

Respectfully Submitted,

By:   Amy J. Adolay, Atty. No. 23147-49
      Elizabeth M. Roberson, Atty. No. 34097-64
      KRIEG DEVAULT LLP
      12800 N. Meridian Street, Suite 300
      Carmel, IN 46032
      Telephone: (317) 238-6342
                 (317) 238-6330
      Facsimile:  (317) 636-1507

        Email: aadolay@kdlegal.com
             eroberson@kdlegal.com

Robert A. Anderson, Atty. No. 15359-71
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN  46410
Telephone: (219) 227-6100
Facsimile:  (219) 227-6101
Email: randerson@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14576160_1.docx