UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
|     Plaintiff. | ) |
| | ) |
|     v. | )   CAUSE NO: 2:20-CV-78-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AWARD LIQUIDATED DAMAGES**

Defendant Franciscan Alliance, Inc, a/k/a Franciscan Health Crown Point, more properly known as Defendant Franciscan Alliance, Inc., d/b/a Franciscan Health Crown Point ("Franciscan"), by counsel, submits this Response in Opposition to the Motion to Award Liquidated Damages [ECF 85] filed by Plaintiff Taryn N. Duis ("Duis").

**I.    INTRODUCTION**

On March 9, 2023, the jury in this case entered a verdict in favor of Duis. Because of that verdict, Duis has requested liquidated damages under the Family and Medical Leave Act ("FMLA"). Duis, however, is not entitled such damages because Franciscan's actions were taken in good faith and it had reasonable grounds for believing that its actions did not violate the FMLA. Specifically, Franciscan terminated Duis's employment because of her unacceptable attitude as shown by her response to a patient's request for pain medication, stating "I don't give a fuck if that patient wants pain meds. He can wait. He should have taken it before[,]" and her continued inappropriate attitude when meeting with Dawn Scott, Franciscan's Chief Nursing Officer. Her

termination had nothing to do with any future need for FMLA leave, and her leave was not considered in the decision to terminate her employment.

Duis's stated support for her FMLA claim was an alleged statement by Jessica Smosna, a Human Resources Manager, that Duis was being terminated because she was going to take FMLA leave five months later and was excited about that leave. Not only did Smosna deny making such statement, but Smosna did not make the decision to terminate Duis's employment. Duis's additional stated support for her FMLA claim was that her maternity leave was mentioned in her corrective action paperwork. However, the mere existence of this statement in the context of the investigation, does not negate Franciscan's good faith defense. In fact, testimony from the decisionmakers in Duis's termination shows that Franciscan acted in good faith and had reasonable grounds for believing its actions did not violate the FMLA. Further, the evidence at trial also showed that Franciscan had an FMLA policy in place that provided for job-protected maternity leave, Duis had taken FMLA leave in the past at Franciscan with no complaints or problems, and Duis had not filled out any paperwork or requested FMLA for her future need for maternity leave five months following her termination. Finally, although the jury returned a verdict for Duis, there is no way to determine if their verdict resulted from Duis's pregnancy discrimination claims, her FMLA claims, or both. For the reasons presented herein, Duis is not entitled to liquidated damages for her FMLA claims.

## II.     ARGUMENT

The FMLA authorizes district courts to award double damages against employers who violate the statute. 29 U.S.C. § 2617(a)(1)(A)(iii). Liquidated damages are "mandatory ***unless*** the district court finds that the defendant-employer was acting in good faith and reasonably believed that its conduct was consistent with the law." *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d

729, 733 (7th Cir. 1998) (emphasis added). A plaintiff is not entitled to liquidated damages where the employer can demonstrate that its actions were taken in good faith and it had reasonable grounds for believing that its actions or omissions were not a violation of the law. *Holder v. Ill. Dep't of Corrections*, 751 F.3d 486, 498 (7th Cir. 2015); *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995)).

An employer claiming a good faith defense to liquidated damages must present evidence of both its subjective intent to comply with the FMLA and the objective reasonableness in its application of the FMLA. *Castro v. Chicago Housing Auth.*, 360 F.3d 721, 730 (7th Cir. 2004). When evaluating whether the good faith defense has been established in a particular case, courts have looked to the Fair Labor Standards Act for guidance, as it has a similar requirement for liquidated damages. *Edge v. Bd. of Sch. Trustees of Salem Comm. Sch. Corp.*, Case No. 4:18-cv-00167-TWP-DML, 2021 WL 3206475 at * 4 (S.D. Ind. July 29, 2021) (citing *Martin v. U.S.*, 130 Fed. Cl. 578, 585 (2017)). Under the FLSA, there are two components of establishing a good faith defense: (1) "an honest intention to ascertain what the [FMLA] requires and to act in accordance with it," and (2) objectively demonstrating reasonable grounds in believing that the acts or omissions alleged track the Act's requirements. *Id.* (internal citations and quotations omitted). These components provide a framework for the Court's analysis in this case. *Id.*

Duis's FMLA claims rest on two pieces of information: (1) Duis's claim that Jessica Smosna, a Human Resources Manager, told Duis she was being terminated "because [she] planned on taking [her] Family and Medical Leave Act." (Trial Tr., Duis Testimony, p. 42, ll. 5 – 13); and (2) Duis's maternity leave was mentioned in her corrective action paperwork. (Plaintiff's Motion to Award Liquidated Damages at ¶ 4). As to Smosna's alleged statement during the telephone call to Duis to terminate her employment, both Smosna, who was trained in administering FMLA,

3

handles Franciscan's FMLA administration, and even explained the FMLA's requirements to the jury, and Linda Steinhilber, Duis's manager, testified under oath that no such statement was ever uttered. Further, Smosna testified that she would never make such a statement and would discipline anyone who made such a statement. Duis is the only one who recalls Smosna allegedly making such a statement. Further, Smosna was not one of the decisionmakers in this case. As Smosna testified at trial, while she supported terminating Duis's employment due to her behavior, she was not one of the people who had the authority to terminate. Instead, every decisionmaker testified that Duis's future need for FMLA was not a reason for or considered when supporting termination of Duis's employment. Thus, Franciscan's actions to terminate Duis's employment were taken in good faith, and it had reasonable grounds to believe that its actions did not violate the FMLA.

With respect to Duis's maternity leave being mentioned in her termination paperwork, the testimony at trial was that this was only mentioned in the paperwork because during Duis's suspension call Steinhilber went through each written statement that had been received from coworkers as part of the investigation into Duis's behavior in order to allow Duis the opportunity to respond to those statements. One of those statements mentioned Duis's comment that she couldn't wait to be on maternity leave and hated being a nurse. Despite the inclusion of the statement in the termination paperwork, all of the decisionmakers testified that they did not consider the fact that Duis might take FMLA or maternity leave in deciding to terminate Duis's employment.

Nita Wirkus, Franciscan's Human Resources Director, also echoed this testimony and pointed out that the majority of Franciscan's nurses are female and of child-bearing age. Duis even acknowledged that "almost every single employee that [she] knew at Franciscan took maternity leave[.]" (Trial Tr., Duis Testimony, p. 77, ll. 22 – 25). In fact, Wirkus testified that 80 other

employees took maternity leave during 2019. It is inconceivable that Franciscan would intentionally not follow the FMLA given the makeup of its workforce.

Further, at the time of Duis's termination, she had not yet requested FMLA leave for the future birth of her child. She had not filled out any paperwork or informed anyone in Human Resources of her expected dates of absence or desire to take leave. Duis claims she was preemptively terminated five months before her need for FMLA because she planned to take FMLA leave she had not yet requested. As many of Franciscan's witnesses testified, it has always been difficult to find and keep good nurses. Witnesses also testified that if Franciscan terminated nurses for taking FMLA leave, it would be impossible to staff the hospital. Duis testified that she had also previously taken maternity leave while working at Franciscan:

```
Q.   And you took maternity leave; right?
A.   Yes, I did.
Q.   And I bet you were excited to take it that time, too?
A.   Well, of course I was.
Q.   And you came back after maternity leave and continued
right where you left off; right?
A.   Yes.
```

(Trial Tr., Duis Testimony, p. 77, ll. 3 – 9). Franciscan complied with its obligations under the FMLA during Duis's past leave and it had no reason not to do so again, just like it did for the 80 other employees who took maternity leave in 2019.

Finally, the verdict form did not allow the jury to parse out its findings. Duis suggests that the jury answered the question of whether Franciscan's actions were reasonable or whether it had reasonable grounds for believing its act or omission did not violate the FMLA in the negative. However, the jury did not make this determination. The jury's only decisions were to select whether it found for Duis or Franciscan and what amount of damages they awarded Duis if they

found in her favor. Neither the decision about liability nor the decision as to damages was specific to any claim, specifically Title VII or FMLA. Thus, there is no way to determine whether the jury found for Duis on her pregnancy discrimination claim, whether it believed that Franciscan violated the FMLA, or both.

Franciscan provided ample evidence to show its good faith efforts of compliance and reasonable grounds to believe it was not violating the FMLA by terminating Duis's employment. In summary, Franciscan had both a good faith basis and reasonable grounds to believe it was complying with the FMLA when it terminated Duis's employment for her unacceptable response to a patient's request for pain medication and continued toxic attitude in her meeting with Dawn Scott.

### III.   CONCLUSION

Based on the forgoing, pursuant to 29 U.S.C. § 2617, Duis's request for liquidated damages should be denied because Franciscan acted in good faith and had reasonable grounds for believing that its actions did not violate the FMLA.

Respectfully Submitted,

By:   Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
                  (317) 238-6330
         Facsimile:  (317) 636-1507
Email: aadolay@kdlegal.com
           eroberson@kdlegal.com

Robert A. Anderson, Atty. No. 15359-71
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN  46410
Telephone: (219) 227-6100

Facsimile:  (219) 227-6101
Email: randerson@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14587986_5.docx