UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN POINT, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF LIQUIDATED DAMAGES**

Plaintiff, Taryn N. Duis ("Plaintiff" and/or "Duis"), by counsel hereby respectfully submits her Reply in Support of Liquidated Damages.

**I.    The Jury Rejected Defendant's Good Faith Defense**

This is not a case involving some nuanced complicated FMLA legal issue where a good faith mistake was made.  Rather, Defendant simply proffers a factual defense as to why Duis was allegedly terminated that the jury has already rejected.  Although the Court determines liquidated damages, the Court is bound by the jury's factual findings and any ruling on liquidated damages must be congruous with the jury's verdict.  *See Snider v. Consolidation Coal Co.*, 973 F.2d 555, 559 (7th Cir. 1992)("when common issues are simultaneously tried to both a judge and a jury, the jury's findings with respect to those common issues are binding upon the judge."); *see also McKnight v. General Motors Corp.*, 908 F.2d 104, 113 (7th Cir. 1990)("in a dual bench-jury trial the jury's verdict binds the judge with respect to any factual issues common to the jury- and judge- tried claims.").

The jury considered, and rejected, the testimony cited by Defendant in its Response in Opposition to Plaintiff's Motion for Liquidated Damages. Final Jury Instruction No. 19 tasked the jury to award punitive damages only if it found that Defendant terminated Plaintiff "in reckless disregard of Plaintiff's rights . . . [i.e] if taken with knowledge that it may violate the law." The jury found as such and awarded Duis $5,000,000.00 in punitive damages. Plaintiff's claim of pregnancy discrimination is logically and inexorably tied to her FMLA claims, as Plaintiff would have used FMLA for her maternity leave. The jury's verdict would be entirely inconsinstent with any ruling by this Court that Defendant acted in good faith and reasonable grounds for believing its action was not a violation of the FMLA. Thus, given that Defendant only offers a *factual* good faith defense to liquidated damages, the factual findings of the jury and its verdict mandate an award of liquidated damages to Duis under the FMLA.

## II.     Evidentiary Basis for Liquidated Damages

The second fatal problem with Defendant's good faith defense to liquidated damages is that the actual evidentiary record undermines Defendant's attempt to prove that it acted in good faith and that Defendant had reasonable grounds for believing its action was not a violation of the FMLA. By way of example and not limitation:

- Linda Steinhilber, who was aware and trained on Duis' FMLA rights, mocked Duis because of her pregnancy;

- The termination paperwork explicitly mentions Duis' upcoming maternity leave, which Defendant admitted was improper at trial;

- Management and HR failed to investigate Duis' claims of pregnancy discrimination and take any prompt remedial action. Instead, the Director of Nursing, Dawn Scott, tipped off Steinhilber and told her that Duis was just in her office, made a complaint, and was on her way to file a grievance with Human Resources. Scott's notes from that day, Scott's original deposition testimony, and Scott's signed declarations, all failed to disclose this very important fact, yet Scott admitted that she tipped of Steinhilber at trial. As stated during closing,

- Defendant's management and HR certainly "collaborated," that is they collaborated on how best to protect Franciscan.

- Thereafter, Steinhilber did not recuse herself from the investigation, even though she clearly had a conflict of interest.

- Steinhilber interviewed Kim Buchanon, mocked Duis' pregnancy again, received information directly undermining this allegation that Duis made an inappropriate comment, and when Buchanon did not provide the information that she wanted, Steinhilber became extremely aggressive towards Buchanon.

- Steinhilber[1] did not share Buchanon's testimony and version of events with HR and other management, nor obtain a statement from her. Management and HR failed to conduct their own investigations and properly vet the veracity of Steinhilber's alleged findings.

- Defendant played a game of hide-the-decision-maker. Until Nita Wirkus testified (and presented conflicting testimony with her prior interrogatories and trial testimony), all of the other witnesses could not recall who was the ultimate decision-maker, a common tactic used to diffuse responsibility in employment discrimination cases. As the jury found, this is evasive and not reflective of a good faith affirmative defense.

- Smosna herself during the termination call to Duis, stated that Franciscan was "frustrated" that Duis was going to take FMLA for maternity leave, that Duis cared more about her daughter than her job, and that those values don't coincide with Franciscan's values. (Trial Tr.,p. 41, l. 10 -p, 42, l. 13) (Dkt. No. 91, p. 8). Moreover, the termination form which Steinhilber testified authoring and writing down what was important noted "Taryn stated she said she couldn't wait until October to be on maternity leave" both referencing Duis's pregnancy and upcoming FMLA leave. [Dkt. No. 71, Trial Exhibit 1].

- Duis had never been disciplined or issued a negative evaluation prior to Steinhilber becoming her manager.

- Whereas other similarly situated non-pregnant non-FMLA employees were given progressive discipline, most notably Dawn Scott, Melissa Roberts, and Celese

---

[1] The record reflects wrongdoing well beyond Steinhilber, but even if Steinhilber was some rogue manager, a cat's paw theory of liability still results in liquidated damages. *See Marez v. Saint Gobain Containers, Inc.*, 688 F.3d 958 (6th Cir. 2012)("We conclude that liquidated damages may be awarded in eligible FMLA cases premised on cat's-paw liability . . . [w]ere we to accept the proposition that the cat's paw theory applies to determining liability and lost wages, but not to liquidated damages, that would have the result of treating less favorably for purposes of damages calculations plaintiffs who utilize the cat's paw theory than those who do not.").

Reed, Steinhilber skipped progressive discipline and jumped directly to suspension and termination for Duis.

- Defendant's alleged good faith reasons for termination were found to be pretextual. For example, Duis did not make the comment at issue, multiple witnesses verified that cursing was commonplace in the workplace and not grounds for immediate termination, and other nurses were only given progressive discipline for any alleged comparable behavior.

- Multiple witnesses, such as Buchanan, Anna Basham, and Lynette Dunham, undermined Defendant's good faith affirmative defense and its attempt to portray Duis as a nurse who did not meet Franciscan mission values.

Finally, the jury also saw through Defendant's attempt to invoke irrelevant statistics. When Steinhilber was over the PCU, only one (1) employee was pregnant and needed FMLA, and that employee was Taryn Duis, who was terminated because of her pregnancy and FMLA. This is an individual disparate treatment case, not systemic disparate treatment case. Defendant's alleged good faith defense to liquidated damages is essentially a recitation of its factual defense at trial, which the jury wholeheartedly rejected. As stated previously, the Court is bound by the jury's verdict.

### III. Conclusion

For the foregoing reasons, Duis respectfully contends that Defendant has failed to prove its affirmative defense under 29 U.S.C. § 2617. Therefore, Duis respectfully requests the Court award her liquidated damages under the FMLA.

Respectfully Submitted,

*/s/ Ryan P. Sink*
Ryan C. Fox
Ryan P. Sink
Attorneys for Plaintiff

        Fox & Sink, LLC
        6177 North College Avenue
        Indianapolis, Indiana 46220
        rsink@foxsinklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 21st day of April, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

        */s/ Ryan P. Sink*
        Ryan P. Sink