UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS,  )<br>  )<br>   Plaintiff.  )<br>  )<br>   v.  )<br>  )<br> FRANCISCAN ALLIANCE INC., a/k/a  )<br> FRANCISCAN HEALTH CROWN  )<br> POINT,  )<br>  )<br>   Defendant.  )<br>  ) | CAUSE NO: 2:20-CV-78-APR |

### FRANCISCAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY ORDERS DATED JUNE 22, 2023 AND MAY 3, 2023 FOR INTERLOCUTORY APPEAL

Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel, submits this Response in Opposition to Plaintiff Taryn N. Duis's ("Duis") Motion to Certify Orders dated May 3, 2023 [ECF No. 105] and June 22, 2023 [ECF No. 115] (collectively, "Orders") for Interlocutory Appeal. For the following reasons, Duis's Motion to Certify fails to establish the required elements for interlocutory certification and should be denied.

### INTRODUCTION AND SUMMARY

Duis seeks certification of two Orders collectively holding that the jury's monstrously excessive $5.5 million verdict against Franciscan was the product of passion and prejudice, warranting a new trial on liability. The first ruling is the Court's Opinion and Order entered on May 3, 2023 [ECF No. 105], which granted Franciscan's Motion for New Trial [ECF No. 90]. The second ruling is the Court's Opinion and Order entered on June 22, 2023 [ECF No. 115], denying Duis's Motion to Reconsider [ECF No. 111]. Consistent with its Orders, the Court has set this matter for a new trial on liability and damages for November 13-16, 2023 [ECF No. 110].

Despite a trial setting less than 3 ½ months away, Duis wants to stop the expedient progress of these proceedings and divert time and resources so she can pursue an immediate appeal of both Orders before the entry of final judgment. Authorization of such piecemeal litigation is not appropriate, and Duis has not met the heavy burden for allowing certification pursuant to 28 U.S.C. § 1292. Accordingly, interlocutory certification should be denied.

At the outset, Duis's proposed appeal of the Orders will not involve a "question of law" – an abstract question the Seventh Circuit can decide quickly and cleanly without having to study the record. To the contrary, all Duis has articulated are questions highly specific to the facts and circumstances of this particular case, this particular jury, and this particular verdict. The Seventh Circuit would have to scour the record to rule on the issues Duis seeks to raise, which is precisely the opposite of a certifiable question of law. For this reason alone, the Orders are inappropriate for immediate appellate review and should not be certified.

Even assuming Duis had articulated a question of law arising from either of the Orders (which she has not), the Court should still deny her Motion to Certify because an immediate appeal will not speed up this litigation. To the contrary, what Duis proposes would bring this case to a grinding halt while she appeals the Orders. The mere possibility that the Seventh Circuit *could* overturn the Orders – an outcome that is highly improbable given the deferential standards of review applicable to this Court's rulings – comes at the cost of substantially delaying the November 2023 trial date the Court has already set. It would be unlikely, if not impossible, to certify the Orders for appeal, brief and argue acceptance of the interlocutory appeal before the Seventh Circuit (based on the very same issues that are not questions of law), and carry the appeal through to a decision in less than 3 ½ months. The more expedient course is to retry the case and then proceed with a single appeal of all issues upon the entry of final judgment.

## ARGUMENT

### I.  The Standards for Pursuing an Interlocutory Appeal Are Exceptionally High.

Other than reciting the elements, Duis gives short shrift to the burden she bears in seeking certification. The party moving for interlocutory appeal bears the heavy burden of persuading the court "that *exceptional circumstances* justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Bridgestone/ Firestone, Inc. Tires Prod. Liab. Litig.*, 212 F. Supp. 2d 903, 909 (S.D. Ind. 2002) (emphasis in original). "Interlocutory appeals are generally 'frowned on' in the federal judicial system because of their potential to interrupt and delay litigation." *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 2016 WL 1593232, at *2 (N.D. Ind. Apr. 21, 2016). Interlocutory certification is the exception, not the rule, and thus should only be granted "sparingly, and with discrimination." *Whitmore v. Symons Int'l Grp., Inc.*, No. 1:09-CV-391-RLY-TAB, 2012 WL 3308990, at *1 (S.D. Ind. Aug. 13, 2012). It should not be invoked "merely to provide a review of difficult rulings in hard cases." *Bridgestone/Firestone, Inc.*, 212 F. Supp. 2d at 909.

There are four statutory criteria for the grant of a petition for interlocutory appeal under 28 U.S.C. § 1292(b): "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphases in original). "The criteria are conjunctive, not disjunctive." *Id.* at 676. Therefore, "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Id.* at 675 (emphasis in original). "The importance of the careful application of the statutory test of [section] 1292(b) cannot be understated." *One Resource Grp. Corp. v. Crawford*, No. 1:19-CV-445 DRL-SLC, 2020 WL 6779169, at *1 (N.D. Ind. Nov. 18, 2020). Moreover, even if a moving party

satisfies the statutory criteria, a district court is still not required to certify an order. *See id*. ("This is not to say that if all the criteria are satisfied the district court must certify its order."). Congress has given district courts "first line discretion" to determine whether to certify interlocutory appeals. *Id*.

Here, Duis fails to establish at least two of the four required elements. She has failed to articulate a question of law that meets the Seventh Circuit's narrow criteria for immediately reviewable issues. And she has failed to explain how certification of the Court's Orders will speed up this litigation. Either one of these failures is fatal to her Motion to Certify.

I.  **Duis Has Failed to Articulate a Question of Law.**

At the outset, Duis is not entitled to certification because there is no question of law. The Seventh Circuit interprets "question of law" as used in section 1292(b) far more narrowly than Duis does in her Motion to Certify. According to the Seventh Circuit, "question of law" for the purpose of interlocutory certification "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." *Ahrenholz*, 219 F.3d at 676. As the Seventh Circuit has explained, "question of law" refers to "a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record. . . ." *Id.* at 677. The Seventh Circuit has admonished "district judges [to] use section 1292(b) when it should be used, avoid it when it should be avoided, and remember that "question of law" means an abstract legal issue. . . ." *Id.*

Duis offers three issues arising from the Court's Orders that she believes are questions of law. First, she claims the Court erred by determining that the jury's $5.5 million verdict was the product of passion and prejudice – purportedly without an evidentiary "foundation of bias, passion, and prejudice" – and not first offering her a remittitur. [ECF No. 116, p. 2]. Second, she argues the

4

Court erred "when determining that the verdict was against the manifest weight of the evidence, discounting evidence without indisputable proof of falsity, and substituting its own judgment in place of the jury instead of simply asking whether the jury had a rational basis for its determinations." [ECF No. 116, p. 2]. Finally, she claims the Court "violated the standard of review when granting judgment as a matter of law on punitive damages by relying upon disputed facts that contradicted the jury's verdict." [ECF No. 116, p. 2].

Contrary to Duis's position, the three issues she contends are questions of law are nowhere near the sort of abstract legal questions contemplated by section 1292(b) and narrowly circumscribed by the Seventh Circuit in *Ahrenholz*. They are the ***antithesis*** of abstract. Indeed, it takes Duis more than 300 words to even articulate the issues – much less argue them – and the questions she poses are laced with matters involving jury bias, passion, and prejudice; the size of the jury's verdict relative to the evidence; and evidence relating to punitive damages – subjects that are specific to the facts and circumstances of this particular case, this particular jury, and this particular verdict.

The Seventh Circuit cannot possibly analyze whether this Court purportedly "discount[ed] evidence without indisputable proof of falsity" such that it "substitute[ed] its own judgment in place of the jury" without digging deeply into the record at trial. *See Equal Emp. Opp. Comm'n v. Amsted Rail Co.*, 2018 WL 488715, at *2 (S.D. Ill. Jan. 19, 2018) ("The Court of Appeals could not decide those questions without 'hunting through the [here, voluminous] record … to see whether there may be a genuine issue of material fact lurking there.'"). Likewise, the Seventh Circuit cannot determine whether the Court had a sufficient evidentiary "foundation of bias, passion, and prejudice" to call into question the jury's $5.5 million verdict without delving "beyond the surface of the record in order to determine the facts." *Sandifer v. U.S. Steel Corp.*,

2010 WL 61971, at *3 (N.D. Ind. Jan. 5, 2010) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). And the Seventh Circuit cannot evaluate the Court's determination on punitive damages without closely reviewing the record for the "disputed facts" that Duis contends contradicted the jury's verdict. [ECF No. 116, p. 2]. Indeed, one is "hard-pressed to see how [Duis's] supposed 'questions of law' could resemble any more closely the type of questions the [Seventh Circuit] Court of Appeals has instructed district courts *not* to certify." *See Equal Emp. Opp. Comm'n*, 2018 WL 488715, at *2 (emphasis in original).

In an attempt to frame a question of law for certification, Duis insinuates throughout her Motion to Certify that the Court has committed clear error by not relying on cases such as *Dresser Indus., Inc., Waukesha Engine Div. v. Gradall Co.*, 965 F.2d 1442, 1449 (7th Cir. 1992), and *Haluschak v. Dodge City of Wauwatosa*, 909 F.2d 254, 256-57 (7th Cir. 1990). But as the Court has clearly articulated (more than once), Duis misinterprets the applicability of these holdings. At no point in *Dresser* does the Seventh Circuit **hold** that passion and prejudice may not be inferred from the size of a jury verdict alone. To the contrary, the Seventh Circuit declined to rule on the issue at all in *Dresser*. *See Dresser*, 965 F.2d at 1449 ("We need not decide which rule to follow today, though."). *Dresser* is dicta. Similarly, *Haluschak* is distinguishable because it does not involve a finding that the jury's monstrously excessive verdict was the product of passion and prejudice, as the Court correctly found here.

Because the Court determined the jury's verdict was infected by passion and prejudice, the controlling Seventh Circuit precedent (which Duis entirely ignores) is *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1143 (7th Cir. 1985) (new trial on liability warranted where compensatory and punitive damages awards were "so excessive that the jury must have been carried away by 'passion and prejudice[.]'"). *Hustler* is established law and expressly permits a

6

district court to order a new trial under the precise circumstances present here. Critically though, the ***application*** of *Hustler* to the voluminous evidence and testimony presented at trial does not present an abstract question of law that the Seventh Circuit can decide "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676. "Instead, [it] involve[s] the application of established legal principles to a large body of evidence." *Id.*; *see also One Resource Group*, 2020 WL 6779169, at *2. Accordingly, whether this Court committed any errors as a matter of law, as Duis maintains and Franciscan denies, is not an abstract, pure legal question.

The absence of an abstract legal question for the Seventh Circuit to consider is further underscored by the standards of review applicable to the Court's Orders. Duis fails to appreciate the discretionary nature of the Court's determination that the jury's monstrously excessive $5.5 million award was the product of passion and prejudice.[1] "Because the decision whether to grant a new trial is committed to the discretion of the district court, the grant or denial of a motion for new trial is not subject to review by [the court of appeals], except upon exceptional circumstances showing a clear abuse of discretion." *Nephew v. City of Rock Island*, 46 F.3d 1133 (7th Cir. 1994) (citations and quotations omitted). When a discretionary determination is involved, "a district court should [ordinarily] refuse to certify [the] matter, not only because of the low probability of reversal, but also because the appellate courts should not generally interfere." Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: § 3930, at 161 (1977); *General Dynamics,* 658 F. Supp. at 418–419. A discretionary decision is properly certified only if "it truly implicates the policies favoring interlocutory appeal." *Thomassen & Drijver-Verblifa, N.V. v. Sardee Indus., Inc.*, 1988

---

[1] To be clear though, as a result of the Court's discretionary determination that the jury's verdict was the product of passion and prejudice, the Court had ***no*** discretion to first offer Duis remittitur, as she incorrectly claims. *See Arroyo v. Volvo Group North America LLC*, 2022 WL 17960686, at *4 (N.D. Ill. Dec. 27, 2022) (where the court found the "jury's $2.6 million compensatory verdict was a product of passion and prejudice, it had no discretion to offer Plaintiff remittitur.").

WL 124329, at *2 (N.D. Ill. Nov. 15, 1988) (quoting *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 756 (3d Cir.), *cert. denied,* 419 U.S. 885 (1974)).

Here, the Court's Orders are entitled to deference because the Court is closer to the facts and procedural history of the case than the Seventh Circuit could ever be. On appeal, the Seventh Circuit would have to scour the record to determine whether there was a clear abuse of discretion in finding that the jury acted out of passion and prejudice. That is the very opposite of an abstract legal question that can be decided without heavy reliance on an evaluation of the record. *See Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2016 WL 1237879, at *4 (N.D. Ind. Mar. 30, 2016) ("Interlocutory review is appropriate only for a pure question of law, meaning something that the court of appeals could decide quickly and cleanly without having to study the record.") (internal quotations and citation omitted).

Given that Duis has not articulated a single question of law (the very first element of the analysis), she certainly has not established "exceptional circumstances" warranting certification of this Court's discretionary decision to order a new trial. Absent any questions of law within the meaning of section 1292(b), Duis's Motion to Certify should be denied.

## II. Certification Will Not Speed Up This Litigation.

Even if Duis could articulate a pure question of law (which she cannot), Duis's Motion to Certify should be denied because an immediate interlocutory appeal will not "speed up the litigation." *See Ahrenholz*, 219 F.3d at 675 (emphasis removed). "Interlocutory appeals are generally 'frowned on' in the federal judicial system because of their potential to interrupt and delay litigation." *Valbruna*, 2016 WL 1593232, at *2. That is precisely what will happen here if certification is granted.

Duis claims an immediate appeal "will substantially speed up the conclusion of [this] litigation by reinstating the jury's verdict instead of waiting months to retry the case." [ECF No. 116, p. 5]. But the mere possibility that the Seventh Circuit could reverse the Court's Orders "comes at the high cost of a lengthy postponement of trial", which the Court has already scheduled for November 13-16, 2023, less than 3 ½ months away. *See Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 2016 WL 1593232, at *6 (N.D. Ind. Apr. 21, 2016).

Indeed, Duis seems to be under the misconception that the parties could complete the necessary procedural steps such that the Seventh Circuit could issue an opinion on appeal before the case is scheduled to be retried on November 13-16, 2023. But that is not reality. An expedited disposition of an interlocutory appeal within a less than a 3 ½ month window is unlikely, if not impossible. This Court still needs time to rule on Duis's Motion to Certify.[2] If the Court certifies an interlocutory appeal, the parties will then need to engage in motion practice regarding the Seventh Circuit's acceptance of jurisdiction over such an interlocutory appeal. The deadlines established by Federal Rule of Appellate Procedure 31 and Circuit Rule 31 alone contemplate 91 days of briefing from the time an appeal is docketed. And the Seventh Circuit "schedules oral argument in all cases that are counselled on both sides." *See* Seventh Circuit Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit, p. 186, available at https://www.ca7.uscourts.gov/rules/handbook.pdf.

---

[2] The extremely tight (read: impossible) timeframe to complete an interlocutory appeal without impacting the new trial setting is a problem of Duis's own creation. The Court issued its Opinion and Order granting Franciscan's Motion for New Trial on May 3, 2023 [ECF No. 105], nearly three months ago. Duis could have sought certification at that time. She did not do so. Instead, Duis elected to seek reconsideration first, which the Court denied, and only **then** asked this Court to certify both Orders for interlocutory appeal. This resulted in a two-month delay, during which time Duis forced the parties to brief and the Court to rule upon the exact same issues again. This delay arguably runs afoul of the additional, non-statutory requirement for certification – namely, that "the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675-76.

Moreover, as detailed above, accepting interlocutory appeal of the Court's Orders would require the Seventh Circuit to conduct a detailed examination of the trial record, witness testimony, and exhibits. "This runs counter to the purpose of [section] 1292(b) and would delay, rather than hasten, the final resolution of this case." *Am. Chem. Serv., Inc. v. U.S. Fid. & Guar. Co.*, 2015 WL 3508125, at *3 (N.D. Ind. June 4, 2015).

Thus, contrary to Duis's claims, the proceedings in this case would "grind[] to a halt" if the Court grants Duis's Motion to Certify and postpones the upcoming retrial in order to allow her to pursue an immediate interlocutory appeal. *See Ahrenholz*, 219 F.3d at 676. It follows that certification should be denied.

## CONCLUSION

Based on the foregoing, Duis's Motion to Certify should be denied.

Respectfully Submitted,

By: Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
(317) 238-6330
Facsimile: (317) 636-1507
Email: aadolay@kdlegal.com
eroberson@kdlegal.com

Robert A. Anderson, Atty. No. 15359-71
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Telephone: (219) 227-6100
Facsimile: (219) 227-6101
Email: randerson@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14757506_3.docx