UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY ORDERS DATED JUNE 22, 2023, AND MAY 3, 2023, FOR INTERLOCUTORY APPEAL**

Plaintiff, Taryn N. Duis ("Plaintiff" and/or "Duis") hereby files her Reply in Support of her Motion to Certify the Orders dated June 22, 2023, and May 3, 2023, for interlocutory appeal:

1. The Seventh Circuit will inevitably review the Orders at issue, it is just a matter of *when*. Appellate review will occur. The only variable is timing. It is far more logical for this appellate review to take place now, as opposed to after a potential second jury trial. Even if Duis prevails at a second trial, the Seventh Circuit must still consider the issue of punitive damages. Defendant's focus on the precise timeline for briefing and oral arguments overlooks a crucial point – avoiding a potentially unnecessary second jury trial. The true benefit of seeking an interlocutory appeal lays in the efficient use of judicial resources, saving considerable time and effort expended by the Court, jury members, legal counsel, witnesses, and all parties involved in conducting a second jury trial, the outcome of which may be entirely moot depending on the Seventh Circuit's review of the case. By far and away the most efficient way of proceeding forward is to see if the Seventh Circuit will accept interlocutory jurisdiction over the matter

before going through with a second jury trial.  This approach minimizes unnecessary duplication of efforts and resources, thereby aligning with the main goal of judicial economy.

2.      Contrary to Defendant's Response, Duis has identified numerous pure questions of law.  By way of example and not limitation, the following are pure questions of law that do not require a close examination of the record:

- Upon a finding of a verdict being monstrously excessive, is the Court required to offer a remittitur?

- Can the Court infer bias, passion, and prejudice solely from the size of the verdict?

- Is a separate evidentiary foundation needed before a Court can Order a new trial based on bias, passion, and prejudice and bypass a remittitur?

- If a Court can infer bias, passion, and prejudice solely from the size of the verdict, what is the objective measurable standard[1] to meet this test and bypass the duty to offer a remittitur?

- How should a Court handle statutory caps in this framework?

- What are the limiting principles of a Court's post-trial review of a verdict in terms of deference to the jury, discounting evidence, reweighing evidence, and finding a verdict against the manifest weight of the evidence?

- What is the appropriate standard of review of a Court post-trial under Fed. R. Civ. P. 50 when reviewing punitive damages, and can a Court construe facts against a jury's verdict to dismiss punitive damages?

These are all pure questions of law that the Seventh Circuit can answer without reviewing the record and only considering the Orders at issue.

3.      Defendant claims that *Dresser Industries, Inc. v. Waukesha Engine Division*, 965 F.2d 1442 (7th Cir. 1992) does not "hold" that passion and prejudice may not be inferred from the

---

[1] Subjectively declaring that a number "shocks the conscience" is hardly an objective standard that provides litigants with any reasonable certainty that their rights to a trial by jury under the Seventh Amendment are not infringed.  See *Pitts v. Exxon Corp.*, 596 S.W.2d 830 (Tenn. 1980).

size of a jury verdict alone.  But as repeatedly echoed post-trial, the Seventh Circuit in *Dresser* did warn and strongly indicate that a high damages award, alone, would likely not be grounds to order a new trial on liability without offering a remittitur.  *Id*. at 1448-1449 ("Gradall's theory, however, is that passion and prejudice may be inferred from the size of the award, an unclear proposition . . . Older cases from this circuit, however, seem to reject that idea . . . We need not decide which rule to follow today, though.").  Further, the *Dresser* opinion cited *Butcher v. Krause*, 200 F.2d 576 (7th Cir. 1952), which held that when addressing whether "passion and prejudice on the part of the jury could, in the case of an excessive verdict, be inferred from the enormity of the sum awarded[,]" the Seventh Circuit held "[t]his Court has rejected such a rationale."  *Id*. at 586 (emphasis added).

    4.    Defendant also claims that "*Haluschak* is distinguishable because it does not involve a finding that the jury's monstrously excessive verdict was the product of passion and prejudice . . . ."  First, this alleged distinguishing characteristic, alone, constitutes legal error because there is no independent evidentiary foundation to find that the verdict here was the result of bias, passion, and prejudice.  The very premise of trying to distinguish this case from *Haluschak* rests on faulty legal grounds.  Second, the Seventh Circuit was very clear in *Haluschak* that whenever a court finds a jury verdict to be monstrously excessive, the Seventh Circuit *demands* that a remittitur be offered.  *See Haluschak v. Dodge City of Wauwatosa, Inc*., 909 F.2d 254, 256-57 (7th Cir. 1990)("Even where a jury verdict meets this severe standard, we demand that the trial court present the plaintiff with the option of a reduction of damages or a new trial.").  Defendant cloaks the Court's refusal to offer a remittitur as discretionary, but the Court had no discretion in the matter.  To the extent the Court wants to find that the verdict on

liability must be thrown out as a result of bias, passion, and prejudice, then this leads to the next case at issue - *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128 (7th Cir. 1985).

5.  Defendant claims that Duis ignores *Douglass* because it hurts her case, but *Douglass* actually supports Duis' contention that before a Court can find that a verdict was the result of passion, bias, and prejudice, an independent evidentiary basis (outside of the verdict alone) must be established. As previously explained, *Douglass* involved actual evidence that the jury considered inadmissible and prejudicial information thereby leading to an excessive verdict. The *Douglass* case is from 1985, it involved Illinois common law claims of invasion of privacy, and most notably the jury in that case rendered a verdict and damages based upon evidence (a 1 hour slide show of 128 pictures showing the most vile photographs of Hustler magazine) that the Seventh Circuit concluded should have been excluded under Fed. R. Evid. 403. This is the type of evidence needed to support the Court's Orders, and this is exactly the type of evidence *missing* to support the May 3rd and June 22nd Orders. Had the Court properly followed *Douglass*, it should have deferred to *Haluschak* and offered Duis a remittitur. It is not too late for the Court to unilaterally amend its post-trial Orders to comply with relevant case law, but otherwise Duis respectfully requests that the Orders dated June 22, 2023, and May 3, 2023, be certified for interlocutory appeal to the Seventh Circuit Court of Appeals.

Respectfully Submitted,

*/s/ Ryan C. Fox (w/perm)*
Ryan C. Fox

*/s/ Ryan P. Sink*
Ryan P. Sink

4

Attorneys for Plaintiff

Fox & Sink, LLC
6177 North College Avenue
Indianapolis, Indiana 46220
rsink@foxsinklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 11th day of August, 2023, by the Court's electronic filing system to the following counsel of record:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

*/s/ Ryan C. Fox (w/perm)*
Ryan C. Fox

*/s/ Ryan P. Sink*
Ryan P. Sink