UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:20-cv-78 |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN | ) |
| POINT, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Certificate of Appealability to Certify Orders dates June 22, 2023, and May 3, 2023, for Interlocutory Appeal [DE 116] filed by the plaintiff, Taryn N. Duis, on July 21, 2023.

The elation of the plaintiff and her attorneys over a $5.5 million verdict is understandable and so is their disappointment with the decision to set aside the award and order a new trial. Filing duplicative motions with different titles is not an appropriate response. The pending motion raises the same arguments that have been carefully considered by the court and addressed in two lengthy opinions. They will not be discussed in a third one.

The court applied the correct legal standard in the May 3 Order granting a new trial and in the June 22 Order reaffirming that decision. On appeal, both orders will be reviewed under the abuse of discretion standard and not *de novo* as a question of law. ***Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.***, 106 F.3d 1388, 1391 (7th Cir. 1997); ***Juneau Square Corp. v. First Wisconsin Nat. Bank of Milwaukee***, 624 F.2d 798, 806 (7th Cir. 1988).

The plaintiff has failed to meet the stringent requirements of 28 U.S.C. § 1292 (b). *See generally:* **Sterk v. Redbox Automated Retail, LLC**, 672 F.3d 535, 536 (7th Cir. 2012) ("Interlocutory appeals are frowned on in the federal judicial system."); **Boim v. Quranic Literacy Inst. And Holy Land Foundation For Relief And Development**, 291 F.3d 1000, 1007 (7th Cir. 2002) ("We have interpreted 'question of law' to refer to a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine."); **Ahrenholz v. Board of Trustees of University of Illinois**, 219 F.3d 674, 677 (7th Cir. 2000) ("district judges should…remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted.").

All of the legal and evidentiary issues raised by the plaintiff for appeal have been discussed in detail in the challenged orders. The plaintiff may not find them "persuasive" (DE 116 at 6), but the court is confident they are correct. An appeal would delay the resolution of this case.

Based on the foregoing reasons, the plaintiff's Motion for Certificate of Appealability [DE 116] is **DENIED**.

ENTERED this 16th day of August 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge