UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TARYN N. DUIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO: 2:20-cv-0078-APR |
| | ) |
| FRANCISCAN ALLIANCE INC., a/k/a | ) |
| FRANCISCAN HEALTH CROWN POINT, | ) |
| | ) |
|     Defendant. | ) |

## MOTION FOR LEAVE TO WITHDRAW APPEARANCE

Undersigned counsel Ryan C. Fox and Ryan P. Sink, of Fox & Sink, LLC, ("Fox & Sink, LLC" or "undersigned counsel") hereby motion for leave of Court to withdraw their appearance on behalf of the Plaintiff, Taryn N. Duis, and in support thereof state as follows:

1. "It is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Further, undersigned counsel acknowledge that "[w]hen an attorney seeks to withdraw from a case and no substitute counsel have appeared, the court must consider the interests not only of the counsel but also the client, the other parties, and the court." *Burns v. Gen. Motors Corp.*, 2007 WL 4438622, * 1 (S.D. Ind. Nov. 30, 2007).

2. Here, undersigned counsel are compelled to withdraw for good cause under Ind. Prof. R. 1.16(b)(7)("other good cause") and Ind. Prof. R. 1.16(a)(1)("representation will result in violation of the rules").

3. First, with respect to the general good cause standard, Plaintiff has not retained undersigned counsel for re-trial of her matter. Fox & Sink, LLC, have fully exhausted their

scope of representation as articulated in its Attorney Services Contract with Plaintiff. Per Ind. Prof. R. 1.2(c), "[a] lawyer may limit the scope and objectives of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." Pursuant to Clause II of Plaintiff's Attorney Services Contract with Fox & Sink, LLC, which was reviewed and signed by Plaintiff, "[t]he scope of representation does not include any re-trial or appeal of this matter." Thus, as is commonly done in employment cases, the scope of representation by Fox & Sink, LLC, on behalf of Plaintiff does not automatically include re-trial or appeal. Undersigned counsel fulfilled its end of the bargain and fully exhausted its scope of representation. Fox & Sink, LLC gave Plaintiff the option and terms of retaining Fox & Sink, LLC, for re-trial of her case, but Plaintiff has not retained Fox & Sink, LLC for re-trial.

4. Fox & Sink, LLC, consists of two (2) attorneys and no support staff. For undersigned counsel to try a case, it takes a tremendous amount of resources, in essence focusing a significant amount attention of and energy on a single case for an approximate period of at least 2-3 weeks. In sum, although undersigned counsel respects and acknowledges the Court's discretion to grant or deny withdrawal, such a denial could impact the economic viability of Fox & Sink, LLC.

5. Second, and perhaps more importantly, forced representation at a second trial poses another serious problem for undersigned counsel. Plaintiff has not provided the necessary funds to purchase a copy of the transcript from the first trial, which is absolutely critical to offering competent representation at a second trial. Per Ind. Prof. R. 1.1, "[a] laywer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Under comment 1 to Ind. Prof. R. 1.16, "[a] laywer should not accept representation in a matter

unless it can be performed competently . . . ." To properly prepare for re-trial and competently represent Plaintiff at re-trial, undersigned counsel needs the original trial transcript, as any inconsistent testimony by the witnesses at the second trial would be impeachable under Fed. R. Evid. 801(d)(1). Forced representation without remuneration is one thing, but forced representation without being provided the necessary funds and tools to actually win is quite another issue that exposes undersigned counsel to potential ethical liabilities.

6. Per N.D. Ind. Local Rule 83-8, Fox & Sink, LLC provided Plaintiff with at least seven (7) days written notice prior to the filing of this Motion. In particular, undersigned counsel advised her of this issue in writing on May 4, 2023, verbally on July 20, 2023, in writing on August 17, 2023, and again in writing on September 5, 2023. [Exhibit A, redacted].

7. Plaintiff's last known contact information is as follows:

Tayrn N. Duis
1102 Country Club Drive
Crown Point, Indiana 46307

Tduis6102@gmail.com
219-743-0990

8. Therefore, undersigned counsel respectfully requests that the Court grant their Motion to Withdraw Appearance in this matter.

                              Respectfully Submitted,

                              */s/ Ryan P. Sink*
                              Ryan C. Fox
                              Ryan P. Sink
                              Attorneys for Plaintiff

                              Fox & Sink, LLC

6177 North College Avenue
Indianapolis, Indiana 46220
rsink@foxsinklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 13th day of September, 2023, by the Court's electronic filing system to the following counsel of record and to Plaintiff:

Amy J. Adolay: aadolay@kdlegal.com
Elizabeth M. Roberson: eroberson@kdlegal.com
Robert A. Anderson: randerson@kdlegal.com

Taryn N. Duis: Tduis6102@gmail.com

*/s/ Ryan P. Sink*
Ryan P. Sink